**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| | ) | |
| Plaintiff, | ) | `10 C 1846` |
| | ) | |
| v. | ) | `Judge Bucklo` |
| | ) | |
| NORTH STAR CAPITAL ACQUISITION, LLC; | ) | `Magistrate Judge Cox` |
| ZENITH ACQUISITION CORPORATION; | ) | |
| DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; | ) | |
| BLITT AND GAINES, P.C.; and | ) | |
| NELSON WATSON & ASSOCIATES LLC, | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.     Plaintiff, Joanne F. Balbarin ("Plaintiff"), brings this action against Defendants

North Star Capital Acquisition, LLC ("North Star"), Zenith Acquisition ("Zenith"), Data

Search N.Y. Inc., d/b/a TrakAmerica ("TrackAmerica") and Blitt and Gaines, P.C. ("Blitt")

under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*., ("FDCPA") for their

conduct of attempting to collect a debt that she did not owe and was not responsible for.

2.     Plaintiff brings this as a class action against TrakAmerica only for directly or

alternatively indirectly attempting to collect debts by managing the state court litigation

using the name of debt buyers and original creditors in state court debt collection lawsuits

filed by Blitt without disclosing its true identity in violation of 15 U.S.C. § 1692e(14).  Not

disclosing its identity at all, let alone as a debt collector, frustrated Plaintiff's attempts to

demonstrate to the other debt collectors involved in this matter that she was not the

person who was responsible for the credit card account they were trying to collect.

3.      Plaintiff also brings this cause of action against Nelson Watson & Associates ("Nelson") under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*., ("FCRA") for impermissibly obtaining her credit report or the information contained therein in violation of 15 U.S.C. § 1681(b).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k (FDCPA), 15 U.S.C. § 1681p (FCRA).  This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complaint of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

5.      Venue and personal jurisdiction over Defendants in this District is proper because:

> a.      Plaintiff resides in the District;
>
> b.      Defendants transacts business in the District;
>
> c.      Plaintiff's wages were attempted to be garnished in the District; and
>
> d.      All of Defendants' collection activities where ultimately directed to Plaintiff who was residing within the District.

## PARTIES

6.      Plaintiff is an individual who resides in the Northern District of Illinois.

7.      Although Plaintiff is not the person responsible for the subject debt Defendants were attempting to collect, she falls within the zone of interests that are protected by the FDCPA. *Dutton v. Wolhar*, 809 F. Supp. 1130, 1134 (D. Del. 1992) (*quoting* 15 U.S.C. § 1692k(a)) (the FDCPA "imposes liability where a debt collector has failed to comply with the Act with respect to 'any person.'"); *See Schroyer v. Frankel*, 197 F.3d 1170, 1178 (6th Cir. 1999) ("The FDCPA holds 'debt collectors liable for various abusive, deceptive, and unfair debt collection practices regardless of whether the debt is valid.' ") (quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992)); see also *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *See also* S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. (the validation provision of 15 U.S.C. § 1692g(a) is aimed at preventing collection efforts based on mistaken information).

8.      Defendant North Star Capital Acquisition LLC is a limited liability company chartered under Minnesota law with offices at 170 Northpointe Parkway, Suite 300, Amherst, NY 14228.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9.      North Star, in part, engages in the practice of attempting to collect debts that are in default through litigation in state court.

10.      North Star is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

11.      Defendant Zenith Acquisition Corporation has an office located at 170 North Pointe Pkwy, Ste. 300, Amherst, NY 14228.  It is licensed as a Debt Collection Agency in the State of Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

12. Zenith Acquisition is a debt collector in regard to the conduct complained of here as in part, it, "provides a broad base of professional services with a commitment to provide individualized, cost effective solutions to our client's debt recovery needs" and provides, "Third Party Collections [and] Debt Purchasing." http://www.zenithacq.com/clients.htm.

13. Zenith is a debt collector in regard to its conduct complained of herein. 15 U.S.C. § 1692a(6); *Purnell v. Arrow Fin. Servs., LLC*, 2008 FED App. 0761N (6th Cir. 2008).

14. Zenith and North Star are believed to be under common control operating out of the same address at 70 North Pointe Pkwy, Ste. 300, Amherst, NY 14228.

15. Defendant Data Search N.Y. Inc., d/b/a TrakAmerica is a legal management company that places accounts with law firms, such as Blitt, to file suit against debtors. In January 2010, one of H.I.G. Capital, LLC affiliates completed a recapitalization of TrakAmerica. TrakAmerica is organized under the laws of New York and its registered agent and its address is CT Corporation System, 111 Eighth Ave., New York, New York. Service of Process on TrakAmerica can also be made on Vincent Iacono, 999 Vanderbilt Beach Road, Suite 607, Naples, Florida 34108.

16. Data Search N.Y. Inc., d/b/a TrakAmerica is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

17. Defendant Nelson & Watson Associates LLC is a for profit business organized under the law of Massachusetts with its principal office located at 80 Merrimack St., Lower Level, Haverhill, MA 01830. Its registered agent and its address is National Registered Agents Inc., 200 West Adams Street, Chicago, IL 60606.

18. Nelson & Watson Associates LLC's website in part states:

> Our collection staff is equipped with the latest electronic tracking tools to help them identify and find 'lost' accounts. We believe that providing our

4

collectors with the right skip tracing tools increases their productivity. This in turn leads to higher liquidation rates for your portfolios. Locating accounts that have been deemed 'unreachable' by other agencies has been one of the hallmarks of our success.

https://www.nelsonwatson.com/about.php

19.     Blitt and Gaines, P.C. files numerous lawsuits each year on behalf of its purported creditor clients where the litigation is managed by TrakAmerica, in an attempt to collect a debt.  Service of process can be served on either Fred Blitt or Jan Gaines at its principal place of business located at 661 Glenn Ave., Wheeling, IL 60090.

20.     Blitt & Gaines P.C. is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.  *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

## FACTS

21.     On or about April 5, 2008, Nelson obtained Plaintiff's consumer report or the information therein from at least Experian, a credit reporting agency, by on information and belief submitting a written or electronic request to at least Experian.

22.     At the time Nelson obtained Plaintiff's consumer report or the information contained therein, all of her accounts being reported were in good standing and no accounts were in collection.

23.     Nelson then sent an initial dunning letter dated April 10, 2008 to Plaintiff's correct home address.  A redacted copy is attached hereto as Exhibit 1.

24.     Nelson was attempting to collect a debt from a "Joann F Balba" on behalf of North Star on a debt originating with Capital One Bank (USA) NA with the last four digits being 0165.

25.     Plaintiff does have an account originating with Capital One Bank (USA) NA, but the last four digits of that account number are 4574 and as December 14, 2009, had a

zero balance and was in good standing. Exhibit 2, Plaintiff's Affidavit ¶ 10, Exhibit A –
Letter from Capital One Bank (USA) NA.

26.     After Plaintiff's receipt of the letter from Nelson, she called Nelson and orally
disputed the validity of the debt.  Exhibit 2, Plaintiff's Affidavit ¶ 12.

27.     Plaintiff also contacted Capital One Bank (USA) NA, who informed her that it
did not have on file an accounting ending in 0165 that corresponded to her social security
number.

28.     On November 17, 2008, according to the Circuit Court of Cook County,
Illinois, Blitt on behalf of North Star filed suit on the Capital One Account ending with the
numbers 0165, in the matter captioned North Star Capital Acquisition LLC v. Joann F Balba,
08 M1 190321 (the "state court matter").  A copy of the state court matter and its exhibits,
is attached as Exhibit 3.

29.     The Capital One Bank (USA) NA statement attached shows that the bill was
going to a Joann F Balba at 1677 W. Winnemac, Chicago, Illinois.

30.     Plaintiff has driven past the address 1677 W. Winnemac, Chicago, Illinois
which is a **hospital**, a picture of which is attached as Exhibit B to her affidavit. Exhibit 2,
Plaintiff's Affidavit ¶ 11, Exhibit B.

31.     The exhibit to the state court complaint titled "Account Statement" shows a
charge off date of 03/13/2003.  Exhibit 3.

32.     The same exhibit states that the "LAST DATE OF PAYMENT" as being
"03/09/2004" in the amount of "443.60".

33.     On information and belief there was no actual payment made by any person
of "443.60" or any payment at all on the credit card account ending 0165, but on

6

information and belief was a date fabricated by North Star to file suit within the Illinois five year statute of limitations.

34.     After the state court matter was filed, Blitt hired a process server to serve Joann F Balba at Plaintiff's home address.

35.     When the process server who Blitt hired went to serve Joann F Balba at Plaintiff's home address the process server was informed that Plaintiff was not Joann F Balba and that there must be a fraud regarding the credit card that was the subject to the lawsuit.

36.     On information and belief, Blitt was informed of Plaintiff's husband's statement above to the process server.

37.     Blitt then had the state court matter served on Plaintiff's elderly father at his residence which is a residence that Plaintiff does not reside at. Exhibit 2, Plaintiff's Affidavit ¶¶ 4-6.

38.     In or around April 2009, Plaintiff first learned of the state court matter from her father.  Id. ¶ 6.

39.     Plaintiff ignored, to her detriment, that the state court matter could not be directed to her as it was not her name that was on the state court matter's complaint nor was it her Capital One Bank (USA) NA account number. Id. ¶ 7.

40.     On April 29, 2009, judgment was entered in the state court matter for $783.59 plus costs.

41.     On July 16, 2009, Blitt issued an Affidavit for Wage Deduction Order to listing Plaintiff's father's address as "the last known address of the judgment debtor".

42.     The statement in the Affidavit for Wage Deduction Order that Plaintiff's father's address as "the last known address of the judgment debtor" was false.

43.     On information and belief, Plaintiff's employer could not comply with the Order as even though Plaintiff was an employee of the employer listed on the Deduction Order, the address for her and her name were incorrect.  On information and belief, Blitt was informed by Plaintiff's employer of this fact.

44.     On October 7, 2009, Blitt issued an Alias Affidavit for Wage Deduction Order listing Plaintiff's correct home address as "the last known address of the judgment debtor".

45.     Plaintiff's employer returned this Affidavit for Wage Deduction Order and informed Blitt that Joann F Balba was not their employee's name.  Exhibit 4.  Apparently because the address was correct on this occasion, Plaintiff's employer decided to comply with the Deduction Order and informed Plaintiff that her wages were to be garnished to satisfy the judgment in the state court matter.

46.     On October 23, 2009, Plaintiff was informed by her employer that her wages would be garnished. Id. ¶ 8.

47.     October 23, 2009, was the first time that Plaintiff realized that the state court matter was being directed towards her.  Id. ¶ 9.

48.     On December 7, 2009, Plaintiff called North Star and the representative at North Star informed her that the subject state court account was now with Zenith.

49.     Plaintiff then called Zenith and during the conversation was informed that TrakAmerica was at that time servicing the subject state court matter account.

50.     Notice to North Start and/or Zenith is notice to TrakAmerica and/or Blitt that the debt was being disputed.

51.     TrakAmerica manages debt collection litigation by, in part, providing signed affidavits to debt collection law firms for original creditors and debt buyers. *See e.g.*, *Pescatrice v. Elite Recovery Serv.*, Case No. 06-61130-CIV-COHN, Dkt. 17, Ex. A, Amended Complaint (S.D. Fla. Nov. 3, 2006) (affidavit filed as agent on behalf of Capital One); *Timms v. Data Search N.Y., Inc. et al.*, 08 C 1321, Dkt. 1, Ex. E, Class Action Complaint (N.D. Ill. Mar. 5, 2008) (affidavit filed as agent on behalf of North Star Capital Acquisition LLC).

52.     On information and belief, TrakAmerica was managing the state court matter against Plaintiff under a contract with either North Star and/or Zenith that provided compensation to TrakAmerica based on the outcome of the state court matter.

53.     On December 9, 2009, Plaintiff spoke with an employee of Blitt who identified herself as Carolyn Vivirito, and informed Ms. Vivirito of Plaintiff's conversations with Capital One regarding that the state court matter account was not hers and that Plaintiff believed that the account was fraudulent.

54.     On December 9, 2009, Plaintiff spoke with a representative of Blitt who identified himself as Chris Nelson about the state court lawsuit and was informed that there was nothing she could do about the judgment that had been entered against her nor that she could present any dispute to the state court at the December 30, 2009, scheduled garnishment hearing. Exhibit 2, Plaintiff's Affidavit ¶ 13. Chris Nelson's statement above to Plaintiff was false.

55.     Plaintiff also informed Blitt's Mr. Nelson that she suspected the subject state court matter account was fraudulent and that she did not live at the address that where he said they had had good service on the state court complaint.

56. Plaintiff paid an appearance fee for her appearance and through her retained legal counsel moved to quash service, vacate the judgment, quash the citation to her employer and to have her dismissed from the state court matter at her expense.

57. On December 22, 2009, Plaintiff's counsel in the state court matter filed motions that placed Blitt and North Star on notice that Plaintiff was not the debtor.

58. On December 30, 2009, Plaintiff's counsel and Blitt appeared in state court on Plaintiff's motions that she was not the debtor.

59. On January 11, 2010, Plaintiff's counsel and Blitt appeared in state court on Plaintiff's motions that she was not the debtor. Blitt however demanded and was given a date for an evidentiary hearing on Plaintiff's motions in the state court matter.

60. In mooting Plaintiff's state court motions, North Star by Blitt filed a motion withdrawing its objection to the motion to quash service and vacate the judgment, and on hearing on its motion on February 18, 2010, Blitt had the state court matter dismissed without prejudice.

61. The $168 appearance fee Plaintiff had to pay the state court clerk of the court was not returned.

62. The judgment entered in the state court matter appeared on Plaintiff's consumer report.

63. A person's FICO, "score can be affected by the mere presence of an adverse public record, whether paid or not." http://www.myfico.com/CreditEducation/Questions/Public-Records.aspx.

64.     Due to the state court matter, including the garnishment proceedings ten

persons including those in the payroll and legal department at Plaintiff's employer became

aware of the state court matter.

65.     Plaintiff's reputation at her place of employment was damaged by the state

court matter.

## COUNT I
## FDCPA § 1692f VIOLATION – FAILURE TO INVESTIGATE DISPUTE OF DEBT

66.     Plaintiff incorporates paragraphs 1-65 above.

67.     This count is made against all Defendants except Nelson.

68.     15 U.S.C. § 1692f provides:

> A debt collector may not engage in any conduct the natural consequence of which is
> to harass, oppress, or abuse any person in connection with the collection of a debt.
> Without limiting the general application of the foregoing, the following conduct is a
> violation of this section:

69.     "Although § 1692f does not specifically list 'failure to investigate' as an example of

unfair collection activity, this does not automatically preclude [the plaintiff] from recovering on

his § 1692f claim." *Gros v. Midland Credit Mgmt.*, 06 C 5510, 2008 U.S. Dist. LEXIS 83954 * 21 (N.D.

Ill. Oct. 20, 2008).

70.     The Fair Credit Reporting Act, § 1681i(a) requires a reasonable reinvestigation of

disputed credit information, which has been applied to a debt collector's responsibility to

investigate and correct errors under 15 U.S.C. § 1681s-2(b).  *Akalwadi v. Risk Mgmt. Alternatives,*

*Inc.*, 336 F. Supp. 2d 492, 510 – 511 (D. Md. 2004).

71.     It should have been obvious to Zenith and North Star that Plaintiff was not the

debtor as the debt did not appear on her credit report.

72.     Notice to Nelson of Plaintiff's dispute that she was not the debtor is notice to Zenith and North Star.

73.     Plaintiff's husband's dispute to the process server hired by Blitt is notice to Blitt that she was not the debtor.

74.     Notice attributed to Zenith, North Star and Blitt is notice to TrakAmerica.

75.     All Defendants to whom this count is against, failed to conduct a timely investigation into Plaintiff's dispute of the debt.

76.     Plaintiff has suffered actual damages as a result of all Defendants to whom this count is against failure to timely investigate.

77.     All Defendants to whom this count is against violated FDCPA § 1692f.

**COUNT II**
**FDCPA §§ 1692e and  § 1692f VIOLATIONS**

78.     Plaintiff incorporates paragraphs 1-65 above.

79.     This count is against North Star.

80.     15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt. . . .
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> * * *

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

81.     15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

82.     In Illinois the statute of limitations a credit card lawsuit such as the subject state court matter here is 5 years.  *Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill. App. 3d 642, 652, 909 N.E.2d 876, 884 (1st. Dist. 2009); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983); *Ramirez v. Palisades Collection LLC*, No. 07 C 3840, 2008 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008); *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill. Jan 8, 2008); *Rawson v. Credigy Receivables, Inc.*, 05 C 6032, 2006 LEXIS 6450 (N.D. Ill. Feb. 16, 2006); *See also Weniger v. Arrow Financial Services*, No. 03 C 6213,2004 U.S. Dist. LEXIS 23172 (N.D. Ill. Nov. 17, 2004).

83.     On information and belief the debt that North Star filed suit over was barred by the five-year statute of limitations so it made up a last payment date to bring the date of the last payment within the five-year statute of limitations.

84.     North Star's conduct violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10), 1692f and f(1).

85.     Plaintiff suffered actual damages as a result of North Star's conduct.

## COUNT III
### FDCPA §§ 1692e, e(2), e(8), e(10) and  FDCPA §§ 1692f, f(1) VIOLATIONS

86.     Plaintiff incorporates paragraphs 1-65 above.

87.     This count is against Zenith only.

88.     15 U.S.C. 1692e(8) provides, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

89.     Zenith did not report to the credit reporting agency that plaintiff had disputed the debt.

90.     Zenith should have known or knew that it was falsely reporting an account on Plaintiff's consumer report because there was no corresponding Capital One account that was on Plaintiff's consumer report.

91.     Zenith should have known or knew that it was falsely reporting an account on Plaintiff's consumer report because the other accounts on Plaintiff's consumer report were in good standing and no accounts were in collection.

92.     Zenith reporting to a credit reporting agency that it owned a debt related to Plaintiff was false, falsely represented that there was an amount of a debt owing to it from Plaintiff and was unfair and was an attempt to collect an amount not owed.

93.     Zenith violated FDCPA §§ 1692, e(2), e(8), e(10) and  FDCPA §§ 1692f, f(1)

94.     Plaintiff's FICO score was damages by Zenith's false reporting.

## COUNT IV
### FDCPA §§ 1692e, e(10) and 1692f VIOLATIONS

95.     Plaintiff incorporates paragraphs 1-65 above.

96.     This count is against Blitt only.

97.     Blitt's statement to Plaintiff that there was nothing she could do about the judgment that had been entered against her nor that she could present any dispute to the state court at the December 30, 2009, scheduled garnishment hearing violated FDCPA §§ 1692e, e(10) and 1692f.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants North Star, Zenith, TrakAmerica and Blitt on her FDCPA claims for:

(1)     Statutory and actual damages;

(2)     Attorney's fees and the cost of this litigation; and

(3)     Such other relief as the Court deems proper.

## COUNT V
## ABUSE OF PROCESS

98.     Plaintiff incorporates paragraphs 1-65 above.

99.     This count is against North Star, TrakAmerica and Blitt only.

100.     North Star's, TrakAmerica's and Blitt's collection activities constituted an abuse of process.

101.     Plaintiff has suffered actual damages.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants North Star, TrakAmerica and Blitt on her abuse of process claim for:

(1)     Compensatory and punitive damages; and

(2)     Such other relief as the Court deems proper.

## COUNT VI
## ILLINOIS COLLECTION AGENCY ACT

102.     Plaintiff incorporates paragraphs 1-65 above.

103.     This count is against North Star only.

104.     North Star has registered itself as a collection agency with the Illinois Department of Financial and Professional Regulation.

105.    North Star is a collection agency under Illinois Law as to its acts complained of herein.

106.    A private right of action exists for violation of the ICAA including punitive damages. *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D. Ill. 2009); *Thomas v. Arrow Fin. Servs., LLC*, No. 05 C 5699, 2006 U.S. Dist. LEXIS 63156, 2006 WL 2438346 (N.D. Ill. Aug. 17, 2006); *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

107.    North Star violated the following provisions of the ICAA, 225 ILCS 425/9:

> (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.
>
> * * *
>
> (26) Misrepresenting the amount of the claim or debt alleged to be owed.
>
> * * *
>
> (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

108.    Plaintiff has suffered actual damages as a result of North Star's conduct.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant North Star on her ICAA claims for:

> (1)    Compensatory and punitive damages;
>
> (2)    Attorney's fees, litigation expenses and costs of suit; and
>
> (3)    Such other relief as the Court deems proper.

**COUNT VII**
**FAIR CREDIT REPORTING ACT**

109.    Plaintiff incorporates paragraphs 1-65 above.

110.    This count is against Nelson only.

16

111.    15 U.S.C. § 1681(b)(a)(3)(A) provides:

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(3) To a person which it has reason to believe—
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[.]

112.    The requester must certify to the consumer reporting agency that a permissible purpose exists.

113.    At no point prior to the time Nelson obtained Plaintiff's consumer report or the information therein did Nelson or any other of the named defendants have a relationship with Plaintiff.

114.    Because Plaintiff was obviously was not the consumer liable on the debt Nelson's collection efforts were unrelated to a proper credit transaction involving Plaintiff and as such violated the FCRA.   *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007).

115.    15 U.S.C. §1681n, in pertinent part, provides:

(a)  In general
Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
(1)
(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
(2) such amount of punitive damages as the court may allow; and
(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

116.    15 U.S.C. §1681o, in pertinent part, provides:

(a) In general
Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
(1) any actual damages sustained by the consumer as a result of the failure; and
(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

117.    Nelson willfully or alternatively negligently violated the FCRA.

118.    Nelson has suffered actual damages as a result of Nelson's conduct.

**WHEREFORE** Plaintiff requests that Honorable Court enter judgment in Plaintiff's favor against Nelson for:

(1)    Statutory and actual damages and punitive damages as the court may allow; and

(2)    Attorney's fess, litigation expenses and costs of suit.

**COUNT VIII**
**FDCPA § 1692e(14) VIOLATION**
**CLASS ALLEGATION**

119.    Plaintiff incorporates paragraphs 1-65 above.

120.    This count is against TrakAmerica only.

121.    FDCPA § 1692e(14) prohibits, "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . ."

122.    TrakAmerica has been a party to multiple class action lawsuits filed in the Northern District of Illinois, *Sylverne v. Data Search N.Y., Inc.*, 08 C 31 (N.D. Ill.) as consolidated, for allegedly violating FDCPA § 1692e(14) by its employees signing affidavits

as "agent" for the debt buyer or original creditor thereby concealing its identity and involvement in managing state court lawsuits without being a named plaintiff to the case.

123.    In managing the state court matter against Plaintiff, TrakAmerica concealed its identity, and used North Star's name to directly or indirectly attempt to collect a debt in North Star's name on the state court matter's complaint, trial call order to which the *ex-parte* judgment in the state court matter was entered, affidavit and Order of Wage Garnishment.

124.    TrakAmerica's conduct violates FDCPA § 1692e(14).

125.    Plaintiff brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

126.    The class consists of (a) all individuals, (b) against whom Blitt and Gaines, P.C. filed suit on a debt (c) where TrakAmerica either provided an affidavit for the litigation filed by Blitt and Gaines, P.C. or was managing in any way the state court litigation filed by Blitt and Gaines, P.C., (d) where the lawsuit was filed, served or the last filing by Blitt and Gaines, P.C. in the state court matter was on or after one year before the filing of this action and 20 days after the filing of this action.  Excluded from the class are any persons whose claims were settled in *Sylverne v. Data Search N.Y., Inc.*, 08 C 31 (N.D. Ill.).

127.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

128.    The predominant question for the first class is whether TrakAmerica's management of a state court lawsuit without using its true name violates the FDCPA.

129.    Plaintiff's claims are typical of the claims of each of the class members in that they are all based on the same factual and legal theories.

130.    The class is so numerous that joinder of all the members is impractical.  Due to the high volume of Blitt's practices on information and belief there are more than 40 persons who meet the class definition above.

131.    Plaintiff will fairly and adequately represent the members of each class.

132.    Plaintiff has retained counsel who has been referred to by the Seventh Circuit as an, "FDCPA specialist." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 855, 856 (7th Cir. 2009).

133.    Plaintiff has retained adequate class counsel.  *See e.g. Cavin v. Home Loan Center, Inc.* 236 F.R.D 387, 395 (N.D. Ill. 2007) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'", and therefore met the adequacy of class counsel requirement under Rule 23(a)(4)).").

134.    A class action is superior for the fair and efficient adjudication of this matter in that:

   a.    TrakAmerica's course of conduct affects a large group of individuals;

   b.    Multiple individual actions are not judicially economical;

   c.    Congress contemplated class actions as a means of enforcing the FDCPA; and

   d.    The Class members are unaware that their rights have been violated.

**WHEREFORE** Plaintiff requests that Honorable Court enter judgment in Plaintiff's and the class' favor against TrakAmerica for:

   (1)    Statutory damages; and

(2)      Attorney's fess, litigation expenses and costs of suit.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to

counsel.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

# EXHIBIT 1

# *Nelson, Watson & Associates, LLC*

PO Box 1299
Haverhill MA 01831
RETURN SERVICE REQUESTED

80 Merrimack Street Lower Level
Haverhill, MA 01830
Phone: 800-213-5124 • Fax:(978) 469-9046

April 10, 2008

TNST215509 - A1110 - 002463
Joann F Balba

Current Creditor:
NORTH STAR CAPITAL ACQUISITION LLC
Acct #: ████ 0165
Balance Due: $783.59

Nelson, Watson & Associates, LLC
PO Box 1299
Haverhill MA 01831-1799

---

*** Detach Upper Portion and Return with Payment ***

NWAA2111TY89EE9B18

| | |
|---|---|
| Principal: | $783.59 |
| Total Balance: | $783.59 |

Acct No.: ████ 0165
Current Creditor: NORTH STAR CAPITAL ACQUISITION LLC
Original Creditor: CAPITAL ONE BANK (USA) NA

The above referenced account has been placed with this office for collection. Remittance of the payment in full is hereby requested.

For your security, please make all payments payable to Nelson, Watson & Associates LLC.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call Monday through Thursday 8am to 9pm EST, Friday 8am to 5pm EST, or Saturday 9am to 1pm EST.

**This communication is from a debt collector. This is an attempt to collect a debt. All information obtained will be used for that purpose.**

Sincerely,
Consumer Services Department

IF YOU WISH TO PAY BY VISA OR MASTERCARD, (CIRCLE ONE) FILL IN THE INFORMATION
BELOW AND RETURN THE ENTIRE LETTER TO US IN THE ENCLOSED ENVELOPE.

VISA    MasterCard

$ _____    ____ / ____

| Account Number | Payment Amount | Expire Date |
|---|---|---|

| Card Holder Name | Signature of Card Holder |
|---|---|

# EXHIBIT 2

### IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
### FIRST MUNICIPAL DISTRICT

NORTH STAR CAPITAL ACQUISITION LLC,

        Plaintiff,

        v.

JOANN F BALBA,

        Defendant.

Case No. 08 M1 190321

COUNTY OF COOK         )
                      )   SS
STATE OF ILLINOIS       )

### AFFIDAVIT OF JOANNE F. BALBARIN

I, Joanne F. Balbarin, being duly sworn, deposes and states as follows:

1.    I am over the age of 18, and a resident of the United States of America, State of Illinois, County of Cook.

2.    I have personal knowledge of all of the facts set forth in this Affidavit and am competent to testify to the matters set forth in this Affidavit.

3.    Since approximately January 2002, I have resided at, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮

4.    I was not personally served with any summons or complaint in this lawsuit filed against me.

5.    No one at my residence at ▮▮▮▮▮▮▮▮▮▮ was personally served with any summons or complaint in this matter.

6.    In or around April 2009, I first learned of this lawsuit when I was informed by my father that he received a summons and complaint.

7.     The name on the summons and complaint was not mine, nor was it my Capital One account that was at issue in the lawsuit suit so I ignored the summons and complaint as I assumed that I was not the person who was being sued.

8.     On October 23, 2009, I was informed by my employer that my wages were to be garnished for this lawsuit.

9.     This was the first time that I realized that I was the person who the lawsuit was being directed to.

10.    On or about March 2001, I opened up a Capital One credit card with the last four digits being 4574.  The account is in good standing and has a zero balance as of December 14, 2009.  Attached to this affidavit as Exhibit A is a letter I received from Capital One regarding my one and only account with Capital One.

11.    I have driven past 1677 W. Winnemac, Chicago, Illinois which is a hospital. Attached as Exhibit B is a picture of the address.

12.    I previously orally disputed this debt on or about April 2008 with a representative from Nelson, Watson & Associates, LLC working on behalf of North Star Capital Acquisition LLC after receiving a collection letter.


**[INTENTIONALLY LEFT BLANK]**

13.     On December 9, 2009, I spoke with a representative of Blitt & Gaines about this

lawsuit and was told that there was nothing I could do about the judgment against me nor that I

could present any dispute to the Court at the December 30, 2009, garnishment hearing.


FURTHER AFFIANT SAYETH NOT.

**JØANNE F. BALBARIN**

Subscribed and sworn before me this

_22_ day of DECEMBER, 2009.

Notary Public

"*OFFICIAL SEAL*"
MISHELE DONSCH
NOTARY PUBLIC, ... ILLINOIS
My Commission Expires 08-14-2011

# EXHIBIT A



P.O. Box 30285
Salt Lake City, UT 84130-0285

December 14, 2009

Joanne F Balbarin

██████████████████████

Re: Your account number ending in 4574

Dear Joanne F Balbarin:

Thanks for contacting us about the balance on your Capital One account. As of December 14, 2009 the balance on your account was zero.

If you have questions, please give us a call at 1-800-955-7070. Our Customer Service Representatives are available 24 hours a day, 7 days a week.

Sincerely,

Capital One Services, LLC.
mre371/br

© 2009 Capital One. Capital One is a federally registered service mark. All rights reserved.

# EXHIBIT B



# EXHIBIT 3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NORTH STAR CAPITAL ACQUISITION LLC
             Plaintiff

No. 08M1 190321

vs.

Return Date: DEC 2 2 2008

JOANN F BALBA

             Defendant

Amount claimed: $783.59
Plus court costs

### COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1.    The Defendant(s) opened an account with Capital One Bank (USA), N.A., account number ██████████0165 whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2.    The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $783.59.

3.    Plaintiff is the assignee of said account having purchased said account in the regular course of business in good faith and for valuable consideration.

4.    Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

    WHEREFORE,  Plaintiff prays for judgment against the Defendant(s) in the amount of $783.59 plus interest and court costs.

Blitt and Gaines, P.C.
Attorney for Plaintiff
661 Glenn Avenue
Wheeling, IL  60090
(847) 403-4900
32887

This is an attempt to collect a debt and any information will be used for that purpose.

08-32397-0
3850-05

NORTH STAR CAPITAL ACQUISITION LLC

       Plaintiff

vs.

JOANN F BALBA

       Defendant

█████████0165

### AFFIDAVIT

I, _____Robynann Zimmerman_____, being first duly sworn upon oath depose and state as follows:

    1. That I am the agent in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant;

    2. That Plaintiff is the purchaser or assignee of the Defendant's account from the original creditor, Capital One Bank (USA), N.A.;

    3. That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge;

    4. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $783.59.

    5. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

**County of Erie and State of New York**

Subscribed and sworn to before me
this ___ day of AUG 2 8 2008 ,2008

_____
NOTARY PUBLIC

                   _____
                   Robynann Zimmerman

BARBARA J. BULL
Notary Public, State Of New York
No 01BU6068481
Commission Expires _1/7_ 20 _10_

08-32397-0
3850-05
B330461

08-32397

# NORTH STAR CAPITAL ACQUISITION LLC

### Account Statement

| ACCOUNT NUMBER | CHARGE OFF DATE | PAST DUE AMOUNT | MINIMUM PAYMENT | AMOUNT OF PAYMENT ENCLOSED |
|---|---|---|---|---|
| ██████0165 | 03/13/2003 | 783.59 | | $ |

JOANN F BALBA
CHICAGO, IL 606402760

170 North Pointe PKWY
Suite 300
AMHERST, NY 14228

| ACCOUNT NUMBER | CREDIT LINE | CREDIT AVAILABLE | DAYS IN BILLING CYCLE | LAST PAYMENT DATE | LAST PAYMENT AMOUNT |
|---|---|---|---|---|---|
| ██████0165 | | | | 03/09/2004 | -443.60 |

| DATE OF TRANS | POST | REFERENCE NUMBER | DESCRIPTION OF TRANSACTION | AMOUNT |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PREVIOUS BALANCE | PAYMENTS | CREDITS | DEBT ADJUSTMENTS | FINANCE CHARGES | NEW BALANCE |
|---|---|---|---|---|---|
| 783.59 | | 0.00 | 0.00 | 0.00 | 783.59 |

AN AMOUNT FOLLOWED BY A MINUS SIGN (-) IS A CREDIT BALANCE UNLESS OTHERWISE INDICATED.

002
08·3239 7



## Why does good
## *Credit Count?*

- Employers check credit references before hiring new people.
- Banks and leasing companies often base the interest rate they offer you on your credit rating.
- Achieving life goals such as buying a new car or owning your own home are facilitated by good credit.
- Credit Bureaus keep information on your record for up to ten years so a credit problem history can follow you around for a long time.

002-1001

---

**Capital One**

VISA GOLD ACCOUNT
-0165

FEB 13 - MAR 12, 2003
Page 1 of 1

### Account Summary

| | |
|---|---|
| Previous Balance | $717.02 |
| Payments, Credits and Adjustments | $.00 |
| Payments, Credits and Adjustments | $58.00 |
| Transactions | $8.57 |
| Finance Charges | |
| New Balance | $783.59 |
| Minimum Amount Due | $783.59 |
| Payment Due Date | April 12, 2003 |
| Total Credit Line | $300 |
| Total Available Credit | $.00 |
| Credit Line for Cash | $300 |
| Available Credit for Cash | $.00 |

### At your service

To call Customer Relations or to report a lost or stolen card:
**1-800-903-3637**

Send payments to:
Attn: Remittance Processing
Capital One Services
P.O. Box 60000
Seattle, WA 98190-6000

Send inquiries to:
Capital One Services
P.O. Box 85015
Richmond, VA 23285-5015

### Payments, Credits and Adjustments

Transactions

| | | | |
|---|---|---|---|
| 1 | 13 FEB | OVERLIMIT FEE | $29.00 |
| 2 | 12 MAR | PAST DUE FEE | 29.00 |

Auto Rental Insurance - Coverage for collision damage or theft with card purchase of auto rental. Certain restrictions and conditions apply. Warranty Manager - Doubles manufacturer's written U.S. repair warranty up to one year on warranties of three years or less. Certain restrictions and conditions apply. Register your purchases by phone or online. Go to www.visa.com/benefits or call 1-800-955-7070 now for complete benefit information.

### Finance Charges

*Please see reverse side for important information*

| | Balance rate applied to | Periodic rate | Corresponding APR | FINANCE CHARGE |
|---|---|---|---|---|
| PURCHASES | $750.14 | .04082% | 14.90% | $8.57 |
| CASH | $.00 | .05425% | 19.80% | $.00 |

**ANNUAL PERCENTAGE RATE** applied this period **14.90%**

812029

---

▼ **PLEASE RETURN PORTION BELOW WITH PAYMENT.** ▼

**Capital One**

0000000 0 4388642233030165 12 0783590000000783596

| | |
|---|---|
| New Balance | $783.59 |
| Minimum Amount Due | $783.59 |
| Payment Due Date | April 12, 2003 |
| Total enclosed | $ |
| Account Number: | 4388-6422-3303-0165 |

Please print mailing address and/or e-mail changes below using blue or black ink.

Street _____ Apt # _____
City _____ State ____ ZIP _____
Home Phone _____ Alternate Phone _____
Email Address _____ @ _____



Capital One Services
P.O. Box 60000
Seattle, WA 98190-6000

061292

#9007254464617510# MAIL ID NUMBER
JOANN F BALBA
1677 W WINNEMACK
CHICAGO IL 60640

*Please write your account number on your check or money order made payable to Capital One Services and mail in the enclosed envelope.*



1. **How To Avoid A Finance Charge.**

†a. **Grace Period.** You will have a minimum grace period of 25 days without finance charge on new purchases, new transactions, new special purchases and new other charges if you pay your total "New Balance", in accordance with the Important Notice for payments below, and in time for it to be credited by your next statement closing date. There is no grace period on cash advances and special transfers. In addition, there is no grace period on any transaction if you do not pay the total "New Balance."

b. **Accruing Finance Charge.** Transactions which are not subject to a grace period are assessed finance charge 1) from the date of the transaction or 2) from the date the transaction is processed to your Account or 3) from the first calendar day of the current billing period. Additionally, if you did not pay the "New Balance" from the previous billing period in full, finance charges continue to accrue to your unpaid balance until the unpaid balance is paid in full. This means that you may still owe finance charges, even if you pay the entire New Balance indicated on the front of your statement by the next statement closing date, but did not do so for the previous month. Unpaid finance charges are added to the applicable segment of your Account.

†c. **Minimum Finance Charge.** For each billing period that your account is subject to a finance charge, a minimum total FINANCE CHARGE of $0.50 will be imposed. If the total finance charge resulting from the application of your periodic rate(s) is less than $0.50, we will subtract that amount from the $0.50 minimum and the difference will be billed to the applicable segment of your account.

†d. **Temporary Reduction in Finance Charge.** We reserve the right to not assess any or all finance charges for any given billing period.

2. **Average Daily Balance (Including New Purchases).**

a. Finance charge is calculated by multiplying the daily balance of each segment of your account (e.g., cash advance, purchase, special transfer, and special purchase) by the corresponding daily periodic rate(s) that has been previously disclosed to you. At the end of each day during the billing period, we apply the daily periodic rate for each segment of your account to the daily balance of each segment. Then at the end of the billing period, we add up the results of these daily calculations to arrive at your periodic finance charge for each segment. We add up the results from each segment to arrive at the total periodic finance charge for your account. To get the daily balance for each segment of your account, we take the beginning balance for each segment and add any new transactions and any periodic finance charge calculated on the previous day's balance for that segment. We then subtract any payments or credits posted as of that day that are allocated to that segment. This gives us the separate daily balance for each segment of your account. However, if you paid the New Balance shown on your previous statement in full (or if your new balance was zero or a credit amount), new transactions which post to your purchase or special purchase segments are not added to the daily balance. We calculate the average daily balance by adding all the daily balances together and dividing the sum by the number of the days in the current billing cycle. To calculate your total finance charge, multiply your average daily balance by the daily periodic rate and the number of days in the billing period. Due to rounding on a daily basis, there may be a slight variance between the calculation and the amount of finance charge actually assessed.

b. If the code Z or R appears on the front of this statement next to "Balance Rate Applied To," we multiply the average daily balance of each segment by your monthly periodic rate. To obtain the average daily balance for the billing period covered by this statement, we take the beginning balance of each segment each day, add any new transactions to each segment, and subtract any payments or credits. At the code R appears on the front of this statement next to "Balance Rate Applied To," we also subtract any unpaid finance charge included in the balance of each segment.) This gives us the daily balance for each segment for the billing period for each segment and divide by the total number of days in the billing period. This gives us the average daily balance of each segment.

3. **Annual Percentage Rates (APR).**

a. The term "Annual Percentage Rate" may appear as "APR" on the front of this statement.

b. If the code P (Prime), L (3-mo. LIBUR), C (Certificate of Deposit), or S (Bankcard Prime) appears on the front of this statement next to the periodic rate(s), the periodic rates and corresponding ANNUAL PERCENTAGE RATES may vary quarterly and may increase or decrease based on the stated indices, as found in The Wall Street Journal, plus the margin previously disclosed to you. These changes will be effective on the first day of your billing period each month.

c. If the code D (Prime), F (1-mo. LIBUR) or G (3-mo. LIBUR Reprised Monthly) appears on the front of your statement next to the periodic rate(s), the periodic rates and corresponding ANNUAL PERCENTAGE RATES may vary monthly and may increase or decrease based on the stated indices, as found in The Wall Street Journal, plus the margin previously disclosed to you. These changes will be effective on the first day of your billing period each month.

4. **Assessment of Late, Overlimit and Returned Payment Fees.** Your account will be assessed no more than two of the fees listed here that occur during any billing period. Unless the terms of your customer agreement, we reserve the right to waive or not to assess any fees without prior notification so you without waiving our right to assess the same or similar fees at a later time.

5. **Renewing Your Account.** If a membership fee appears on the front of this statement, you have 30 days from the date this statement was mailed to you to avoid paying the fee or to have such fee credited to you if you cancel your account. During this period, you may continue to use your account without having to pay the membership fee. To cancel your account, you must notify us by calling our Customer Relations Department and pay your "New Balance" in full (excluding the membership fee) prior to the end of the thirty-day period.

6. **If You Close Your Account.** If you request to close your account by calling our Customer Relations Department: You must destroy your credit cards and account access checks, cancel all preauthorized billing, and cease using your account. If you do not cancel preauthorized billing arrangements, we will consider receipt of a charge from your authorization to reopen your account. Additionally, your account will not be closed until you pay it account you owe us including: any transactions you have authorized, finance charges, past due fees, overlimit fees, returned payment fees, cash advance fees and any other fees assessed to your account. You are responsible for these amounts whether they appear on your account at the time you request to close the account or they are incurred subsequent to your request to close the account. This may result in charges appearing on your account after you have requested the account to be closed or the reopening of

your account if it has already been closed. For example, if you authorized a purchase from a merchant and we receive the transaction from the merchant after your account has been closed, your account will be reopened, the amount of the charge will be added to your account, and you will be responsible for payment. If there is a membership fee for your account, the fee will continue to be charged, to the extent permitted by law, until the account balance has been paid in full at defined above.

7. **Using Your Account.** Your card or account cannot be used in connection with any Internet gambling transactions.

8. **Notice About Electronic Check Conversion.** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your bank account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your bank account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**BILLING RIGHTS SUMMARY**

**In Case Of Errors Or Questions About Your Bill**
If you think your bill is wrong, or if you need more information on a transaction or bill, write to us on a separate sheet as soon as possible at the address for inquiries shown on the front of the statement. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can call our Customer Relations number, but doing so will not preserve your rights. In your letter, give us the following information: your name and account number, the dollar amount of the suspected error, a description of the error and an explanation, if possible, of why you believe there is an error, or if you need more information, a description of the item you are unsure about. You do not have to pay any amounts in question while we are investigating it, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

‡ † **Special Rule For Credit Card Purchases**

If you have a problem with the quality of property or services that you purchased with a credit card and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services. You have this protection only when the purchase price was more than $50.00 and the purchase was made in your home state or within 100 miles of your mailing address. (If we own or operate the merchant, or if we mailed you the advertisement for the property or services, all purchases are covered regardless of amount or location of purchase.) Please remember to sign all correspondence.

† Does not apply to consumer non-credit card accounts

‡ Does not apply to business non-credit card accounts

Capital One supports information privacy protection: see our website at www.capitalone.com.
Capital One is a federally registered service mark of Capital One Financial Corporation. All rights reserved © 2003 Capital One                    01LGLBAK

61292P

12807 0 0100
7-05———

---

**Important Notice:** Your payment will be credited to your account as of the date we receive it, provided you send the bottom portion of this statement and your check in the enclosed remittance envelope, and your payment is received in our processing center by 3 p.m. Payments addressed to our Virginia or Georgia processing center must be received on a business day by 3:00 p.m. ET. Payments addressed to our Washington processing center must be received on a business day by 3:00 p.m. PT. Please allow at least five (5) business days for postal delivery. Payments received by us at any other location or in another form may not be credited the same day we receive them. Our business days are Monday through Saturday, excluding holidays. Please do not use staples, paper clips, etc. when preparing your payment.

NSC 116

Exhibit 2 to
Receivable Sale Agreement dated March 6, 2008

**BILL OF SALE**

Closing Date: March 26, 2008

Capital One Bank (USA), National Association ("Seller"), in consideration of a Purchase Price of ▇▇▇▇▇▇▇▇ and other valuable consideration, the receipt of which is hereby acknowledged, hereby sells, assigns and transfers all right, title and interest in the Accounts identified in the Sale File specified in Exhibit 1 of the Agreement (as defined below), delivered in six separate electronic files entitled 20080314.P15WIB SLDFLE1 csv, 20080314.P15WIC SLDFLE1.csv, 20080314.P15WID SLDFLE1 csv, 20080314.P15WIE SLDFLE1.csv, 20080314 P15WIF.SLDFLE1 csv, and 20080314 P15WIG SLDFLE1 csv, to North Star Capital Acquisition LLC ("Buyer"), without recourse or representation except as expressly provided herein or on the terms, and subject to the conditions, set forth in the Agreement (as defined below).

This Bill of Sale is delivered pursuant to that certain Receivable Sale Agreement, dated as of March 6, 2008, by and between Seller and Buyer (the "Agreement") All capitalized terms used, but not defined, in this Bill of Sale shall have the meanings assigned to such terms in the Agreement

The Cutoff Date for the Sale File was March 22, 2008 The aggregate Unpaid Balance of the Accounts as of the Cutoff Date was ▇▇▇▇▇▇▇▇

CAPITAL ONE BANK (USA),
NATIONAL ASSOCIATION

By: _[signature]_

Name: Katherine Busser

Title: EVP

# EXHIBIT 4

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CIVIL DEPARTMENT/FIRST DISTRICT**

08-32397-0                                        No.     08 M1 190321

NORTH STAR CAPITAL ACQUISITION LLC

Plaintiff                                         Return Date: **October 29, 2009**

      v.                                        (21 to 40 days after date of
                                                  issuance of summons)

JOANN F BALBA          SS# 3553

Defendant

    and                                      **ALIAS**

Employer

### AFFIDAVIT FOR ALIAS WAGE DEDUCTION ORDER

The undersigned attorney on oath states:

1.     I believe employer ████████████████ is indebted to the judgment debtor Joann F Balba for wages due or to become due.  Employer's Address is: ████████████████████████████████

████████████

2.     The last known address of the judgment debtor is: ████████████████████████

████████

I request that a summon issue directed to employer and I certify that a copy of the wage deduction notice was mailed to judgment debtor at his/her last known address prior to filing of this wage deduction proceeding.

_____
Attorney for Judgment Creditor

| | |
|---|---|
| Name | Blitt and Gaines, P.C. |
| Attorney | for Plaintiff |
| Address | 661 Glenn Avenue |
| City | Wheeling, IL 60090 |
| Telephone | (847)403-4900 |
| Fax | (312) 920-0625 |
| Atty No. | 32887 |

Signed and sworn to before me_____

_____Notary Public

( Under penalties as provided by law pursuant
to 735 ILCS 5/1-109 the affiant certifies that
the statements set forth herein are true and correct ).

### CERTIFICATE OF ATTORNEY

Note:  Non-Attorneys must also submit a copy of the underlying judgment or certification by the clerk of the court that entered the judgment.

I, the undersigned certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 that the following information is true:

| | | |
|---|---|---:|
| 1. Judgment in the above captioned case was entered on | | April 16, 2009 |
| 2. The amount of Judgment | $ | 783.59 |
| 3. Allowable Costs previously expended: | | |
|     a. Initial filing fee | $ | 154.00 |
|     b. Original and alias summons | $ | 127.00 |
|     c. Filing and summons cost of prior supplementary proceedings | $ | 45.00 |
| 4. Filing and summons costs for this garnishment | $ | 36.00 |
| 5. Interest due on Judgment | $ | 29.56 |
| Total | $ | 1,175.15 |
| DEDUCT:  Total amount paid by or on behalf of judgment debtor prior to garnishment | $ | 0.00 |
| BALANCE DUE JUDGMENT CREDITOR | $ | 1,175.15 |

_____
Attorney for Judgment Creditor

This is an attempt to collect a debt and any information will be used for that purpose.

IN THE CIRCUIT COURT, COOK COUNTY ILLINOIS
MUNICIPAL DEPARTMENT ROOM 602
Richard J. Daley Center, Chicago, 60602

ALIAS WAGE DEDUCTION NOTICE

NORTH STAR CAPITAL ACQUISITION LLC
**Judgment Creditor**

No.  08 M1 190321

v.

**ALIAS**

JOANN F BALBA
**Judgment Debtor**

(Summons Return Date) **October 29, 2009**

**Judgment Debtor's**

**Judgment Creditor/Creditor's Attorney**

Name  Joann F Balba

Name  Blitt and Gaines, P.C.

Address ██████████████████

Address 661 Glenn Avenue

City ████████████

City  Wheeling, IL 60090

Phone █████████

Atty No.  32887

Judgment in the Amount of $ 783.59          Plus Costs.          Balance Due   1,175.15

Employer ████████████████

Notice:  The court shall be asked to issue a wage deduction summons against the employer named above for wages due or about to become due to you.  The wage deduction summons may be issued on the basis of a judgment against you in favor of the judgment creditor in the amount stated above.

The amount of wages that may be deducted is limited by Federal and Illinois law.

  (1)     Under Illinois Law, the amount of wages that may be deducted is limited to the lesser of (I) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the Federal minimum hourly wage.

  (2)     Under Federal law, the amount of wages that may be deducted is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the Federal minimum hourly wage.

  (3)     Pension and retirement benefits and refunds may be claimed as exempt from wage deductions under Illinois law.

You have the right to request a hearing before the court to dispute the wage deduction because the wages are exempt. To obtain a hearing you must appear in the office of the Clerk of the Circuit Court, Daley Center, Room 601, Chicago, Illinois 60602 before the summons return date, or on the return date as specified on the summons, before 11:00 a.m.  The Clerk of the Court will assign a hearing date, and provide forms which must be prepared, by you or your attorney,  a copy  of which must  be sent to the judgment creditor and the employer or their attorney.

            This is an attempt to collect a debt and any information will be used for that purpose.

Employer/Agency: ▓▓▓▓▓▓▓▓▓▓    Court Date:   October 29, 2009

Defendant's Name: JOANN F Balba ✕   S.S. No. XXX-XX-   Case No.: 08 M1 190321

Defendant's Address: ▓▓▓▓▓▓   08-32397-0

✱ OUR EMPLOYEE NAME ON FILE IS JOANNE BALBARIN ✱

### CERTIFICATION OF MAILING BY JUDGMENT CREDITOR OR ATTORNEY FOR JUDGMENT CREDITOR

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), I certify that I mailed by regular first-class mail a copy of the Wage Deduction Notice to Defendant at the address shown above on ____ September 21, 2009 ____

Signature: _DOlofsky_    Name:   David Olefsky

### INTERROGATORIES/ANSWER TO WAGE DEDUCTION PROCEEDINGS

*Do you pay any money to the Defendant listed above?* X Yes ___ No ___ If terminated, date _____

**IF YOUR ANSWER IS "NO," GO TO "RESPONDENT CERTIFICATION"**

Of the funds paid to the debtor, are any of those funds:

___ Subject to prior court ordered deduction (including child/spouse support) Case Number, State, County _____.

___ Disability? ___ Retirement ___ Otherwise exempt? (Describe _____).

### CALCULATION TO DETERMINE AMOUNT OF WITHHOLDING
(Note: If income varies, withholding must be recalculated for every pay period.)

Do you pay debtor: ___ Every Week X Every Two Weeks ___ Semi-Monthly ___ Monthly ___ Other _____

(A) Gross wages per paycheck minus mandatory contributions to pensions or retirement plan (A) ___

(B) 15% of (A) = (B) ___

(C) Enter total FICA, State Tax, Federal Tax and Medicare (C) ___

(D) Subtract (C) from (A) = (D) ___

(E) If debtor is paid every week, enter $360.00
If debtor is paid every two weeks, enter $720.00
If debtor is paid semi-monthly, enter $780.00
If debtor is paid monthly, enter $1,560.00
If other, multiply 45 times state minimum wage (currently $8.00) times number of weeks in pay period (E) ___

(F) Subtract (E) from (D) (Enclose a negative number in parentheses, e.g., ($50.00)) (F) ___

*IF LINE "F" IS ZERO OR A NEGATIVE NUMBER, DO NOT WITHHOLD ANY WAGES. GO TO "INSTRUCTIONS" BELOW*

(G) Enter the Lesser of Line (B) or (F) (G) ___

(H) Enter Child Support or other Court Ordered Deduction (H) ___

(I) Subtract (H) from (G) (Enclosed a negative number in parentheses, e.g., ($50.00)) (I) ___

*LINE "I" MUST BE WITHHELD AS OF THE DATE OF SERVICE AND HELD UNTIL FURTHER COURT ORDER.*

*IF LINE "I" IS ZERO OR A NEGATIVE NUMBER, DO NOT WITHHOLD ANY WAGES. GO TO "INSTRUCTIONS" BELOW*

(J) Subtract Employer's Statutory Fee (2% of line "I"). See 735 ILCS 5/12-814. (J) ___

(K) Amount to be applied to Judgment (K) ___

### INSTRUCTIONS

1. Complete the Interrogatories/Answer to Wage Deduction Proceedings.
2. Complete and sign the certification at the bottom of this page.
3. Fax or mail a copy of this Answer to the Court and Plaintiff's attorney and give a copy to the Defendant. If filing in the First Municipal District, either fax it to (312) 603-6522 or mail to the Clerk of the Court, Richard J. Daley Center, 50 West Washington Street, Room 602, Chicago, Illinois 60602. To assure timely processing, the Answer should be received at least three days before the Court Date.
4. You will receive a copy by fax or mail of a Court Order instructing you how to proceed and where to send any withheld funds.

### RESPONDENT CERTIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct and that I have either mailed or hand delivered a copy of this completed Interrogatories/Answer to the Clerk, Plaintiff's attorney and Defendant.

Date: 10-23-09    Address: ▓▓▓▓▓▓

Signature of Employer / Agent: Linda Zuro    Telephone: ▓▓▓▓

Print full name clearly: LINDA ZURO    FAX: ▓▓▓▓

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS