**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| | ) | 10 C 1846 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| NORTH STAR CAPITAL ACQUISITION, LLC; | ) | |
| ZENITH ACQUISITION CORPORATION; | ) | |
| DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; | ) | |
| BLITT AND GAINES, P.C.; and | ) | |
| NELSON, WATSON & ASSOCIATES, LLC, | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

**AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.     Plaintiff, Joanne F. Balbarin ("Plaintiff"), brings this action against Defendants

North Star Capital Acquisition, LLC ("North Star"), Zenith Acquisition ("Zenith"), Data

Search N.Y. Inc., d/b/a TrakAmerica ("TrackAmerica") and Blitt and Gaines, P.C. ("Blitt")

under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*., ("FDCPA") for their

conduct of attempting to collect a debt that she did not owe and was not responsible for.

2.     Plaintiff brings a class action against TrakAmerica only for directly or

alternatively indirectly attempting to collect debts by managing the state court litigation

using the name of debt buyers and original creditors in state court debt collection lawsuits

filed by Blitt without disclosing its true identity in violation of 15 U.S.C. § 1692e(14).  Not

disclosing its identity at all, let alone as a debt collector, frustrated Plaintiff's attempts to

demonstrate to the other debt collectors involved in this matter that she was not the

person who was responsible for the credit card account they were trying to collect.

Plaintiff also brings this matter as a class action under the Telephone Communication Protection Act, 47 U.S.C. § 227 ("TCPA") against both Nelson, Watson & Associates, LLC and Blitt and Gains, P.C. for calling her cell phone number using an automatic dialer with a prerecorded message without her permission.

3.      Plaintiff also brings this cause of action against Nelson Watson & Associates ("Nelson") under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, ("FCRA") for impermissibly obtaining her credit report or the information contained therein in violation of 15 U.S.C. § 1681(b).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k (FDCPA), 15 U.S.C. § 1681p (FCRA), and over the TCPA class claims pursuant to 47 U.S.C. § 227, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).  This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complaint of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

5.      Venue and personal jurisdiction over Defendants in this District is proper because:

    a.      Plaintiff resides in the District;

    b.      Defendants transacts business in the District;

     c.     Plaintiff's wages were attempted to be garnished in the District; and

     d.     All of Defendants' collection activities where ultimately directed to Plaintiff who was residing within the District.

## PARTIES

6.     Plaintiff is an individual who resides in the Northern District of Illinois.

7.     Although Plaintiff is not the person responsible for the subject debt Defendants were attempting to collect, she falls within the zone of interests that are protected by the FDCPA.  *Dutton v. Wolhar*, 809 F. Supp. 1130, 1134 (D. Del. 1992) (*quoting* 15 U.S.C. § 1692k(a)) (the FDCPA "imposes liability where a debt collector has failed to comply with the Act with respect to 'any person.'"); *See Schroyer v. Frankel*, 197 F.3d 1170, 1178 (6th Cir. 1999) ("The FDCPA holds 'debt collectors liable for various abusive, deceptive, and unfair debt collection practices regardless of whether the debt is valid.' ") (quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992)); see also *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *See also* S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699 (the validation provision of 15 U.S.C. § 1692g(a) is aimed at preventing collection efforts based on mistaken information).

8.     Defendant North Star Capital Acquisition LLC is a limited liability company chartered under Minnesota law with offices at 170 Northpointe Parkway, Suite 300, Amherst, NY 14228.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9.     North Star, in part, engages in the practice of attempting to collect debts that are in default through litigation in state court.

10.     North Star is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

11.     Defendant Zenith Acquisition Corporation has an office located at 170 North Pointe Pkwy, Ste. 300, Amherst, NY 14228.  It is licensed as a Debt Collection Agency in the State of Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

12.     Zenith Acquisition is a debt collector in regard to the conduct complained of here as in part, it, "provides a broad base of professional services with a commitment to provide individualized, cost effective solutions to our client's debt recovery needs" and provides, "Third Party Collections [and] Debt Purchasing." http://www.zenithacq.com/clients.htm.

13.     Zenith is a debt collector in regard to its conduct complained of herein. 15 U.S.C. § 1692a(6); *Purnell v. Arrow Fin. Servs., LLC*, 2008 FED App. 0761N (6th Cir. 2008).

14.     Zenith and North Star are believed to be under common control operating out of the same address at 70 North Pointe Pkwy, Ste. 300, Amherst, NY 14228.

15.     Defendant Data Search N.Y. Inc., d/b/a TrakAmerica is a legal management company that places accounts with law firms, such as Blitt, to file suit against debtors.  In January 2010, one of H.I.G. Capital, LLC affiliates completed a recapitalization of TrakAmerica. TrakAmerica is organized under the laws of New York and its registered agent and its address is CT Corporation System, 111 Eighth Ave., New York, New York.  Service of Process on TrakAmerica can also be made on Vincent Iacono, 999 Vanderbilt Beach Road, Suite 607, Naples, Florida 34108.

16.     Data Search N.Y. Inc., d/b/a TrakAmerica is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

17.      Defendant Nelson & Watson Associates LLC is a for profit business organized under the law of Massachusetts with its principal office located at 80 Merrimack St., Lower Level, Haverhill, MA 01830.  Its registered agent and its address is National Registered Agents Inc., 200 West Adams Street, Chicago, IL 60606.

18.      Nelson, Watson & Associates, LLC 's website in part states:

> Our collection staff is equipped with the latest electronic tracking tools to help them identify and find 'lost' accounts. We believe that providing our collectors with the right skip tracing tools increases their productivity. This in turn leads to higher liquidation rates for your portfolios. Locating accounts that have been deemed 'unreachable' by other agencies has been one of the hallmarks of our success.

> https://www.nelsonwatson.com/about.php

19.      Blitt and Gaines, P.C. files numerous lawsuits each year on behalf of its purported creditor clients where the litigation is managed by TrakAmerica, in an attempt to collect a debt.  Service of process can be served on either Fred Blitt or Jan Gaines at its principal place of business located at 661 Glenn Ave., Wheeling, IL 60090.

20.      Blitt and Gaines P.C. is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.  *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

**FACTS**

21.      On or about April 5, 2008, Defendant Nelson, Watson & Associates, LLC obtained Plaintiff's consumer report or the information therein from at least Experian, a credit reporting agency, by on information and belief submitting a written or electronic request to at least Experian.

22.      At the time Defendant Nelson, Watson & Associates, LLC obtained Plaintiff's consumer report or the information contained therein, all of her accounts being reported were in good standing and no accounts were in collection.

23.     Defendant Nelson, Watson & Associates, LLC then sent an initial dunning letter dated April 10, 2008 to Plaintiff's correct home address.  A redacted copy is attached hereto as <u>Exhibit 1</u>.

24.     Defendant Nelson, Watson & Associates, LLC was attempting to collect a debt from a "Joann F Balba" on behalf of North Star on a debt originating with Capital One Bank (USA) NA with the last four digits being 0165.

25.     Plaintiff does have an account originating with Capital One Bank (USA) NA, but the last four digits of that account number are 4574 and as December 14, 2009, had a zero balance and was in good standing. <u>Exhibit 2</u>, Plaintiff's Affidavit ¶ 10, Exhibit A – Letter from Capital One Bank (USA) NA.

26.     After Plaintiff's receipt of the letter from Nelson, Watson & Associates, LLC, she called Nelson and orally disputed the validity of the debt.  <u>Exhibit 2</u>, Plaintiff's Affidavit ¶ 12.

27.     Plaintiff also contacted Capital One Bank (USA) NA, who informed her that it did not have on file an account ending in 0165 that corresponded to her social security number.

28.     On November 17, 2008, according to the Circuit Court of Cook County, Illinois, Blitt on behalf of North Star filed suit on the Capital One Account ending with the numbers 0165, in the matter captioned <u>North Star Capital Acquisition LLC v. Joann F Balba</u>, 08 M1 190321 (the "state court matter").  A copy of the state court matter and its exhibits, is attached as <u>Exhibit 3</u>.

29.     The Capital One Bank (USA) NA statement attached shows that the bill was going to a Joann F Balba at 1677 W. Winnemac, Chicago, Illinois.

30.     Plaintiff has driven past the address 1677 W. Winnemac, Chicago, Illinois which is a **hospital**, a picture of which is attached as Exhibit B to her affidavit. <u>Exhibit 2</u>, Plaintiff's Affidavit ¶ 11, Exhibit B.

31.     The exhibit to the state court complaint titled "Account Statement" shows a charge off date of 03/13/2003.  <u>Exhibit 3</u>.

32.     The same exhibit states that the "LAST DATE OF PAYMENT" as being "03/09/2004" in the amount of "443.60".

33.     On information and belief there was no actual payment made by any person of "443.60" or any payment at all on the credit card account ending 0165, but on information and belief was a date fabricated by North Star to file suit within the Illinois five year statute of limitations.

34.     After the state court matter was filed, Blitt hired a process server to serve Joann F Balba at Plaintiff's home address.

35.     When the process server who Blitt hired went to serve Joann F Balba at Plaintiff's home address the process server was informed that Plaintiff was not Joann F Balba and that there must be a fraud regarding the credit card that was the subject to the lawsuit.

36.     On information and belief, Blitt was informed of Plaintiff's husband's statement above to the process server.

37.     Blitt then had the state court matter served on Plaintiff's elderly father at his residence which is a residence that Plaintiff does not reside at. <u>Exhibit 2</u>, Plaintiff's Affidavit ¶¶ 4-6.

38.     In or around April 2009, Plaintiff first learned of the state court matter from her father.  Id. ¶ 6.

39.     Plaintiff ignored, to her detriment, that the state court matter could not be directed to her as it was not her name that was on the state court matter's complaint nor was it her Capital One Bank (USA) NA account number. Id. ¶ 7.

40.     On April 29, 2009, judgment was entered in the state court matter for $783.59 plus costs.

41.     On July 16, 2009, Blitt issued an Affidavit for Wage Deduction Order to listing Plaintiff's father's address as "the last known address of the judgment debtor".

42.     The statement in the Affidavit for Wage Deduction Order that Plaintiff's father's address as "the last known address of the judgment debtor" was false.

43.     On information and belief, Plaintiff's employer could not comply with the Order as even though Plaintiff was an employee of the employer listed on the Deduction Order, the address for her and her name were incorrect.  On information and belief, Blitt was informed by Plaintiff's employer of this fact.

44.     On October 7, 2009, Blitt issued an Alias Affidavit for Wage Deduction Order listing Plaintiff's correct home address as "the last known address of the judgment debtor".

45.     Plaintiff's employer returned this Affidavit for Wage Deduction Order and informed Blitt that Joann F Balba was not their employee's name.  <u>Exhibit 4</u>.  Apparently because the address was correct on this occasion, Plaintiff's employer decided to comply with the Deduction Order and informed Plaintiff that her wages were to be garnished to satisfy the judgment in the state court matter.

46.     On October 23, 2009, Plaintiff was informed by her employer that her wages would be garnished. Id. ¶ 8.

47.     October 23, 2009, was the first time that Plaintiff realized that the state court matter was being directed towards her.  Id. ¶ 9.

48.     On December 7, 2009, Plaintiff called North Star and the representative at North Star informed her that the subject state court account was now with Zenith.

49.     Plaintiff then called Zenith and during the conversation was informed that TrakAmerica was at that time servicing the subject state court matter account.

50.     Notice to North Star and/or Zenith is notice to TrakAmerica and/or Blitt that the debt was being disputed.

51.     TrakAmerica manages debt collection litigation by, in part, providing signed affidavits to debt collection law firms for original creditors and debt buyers.  *See e.g.*, *Pescatrice v. Elite Recovery Serv*., Case No. 06-61130-CIV-COHN, Dkt. 17, Ex. A, Amended Complaint (S.D. Fla. Nov. 3, 2006) (affidavit filed as agent on behalf of Capital One); *Timms v. Data Search N.Y., Inc. et al*., 08 C 1321, Dkt. 1, Ex. E, Class Action Complaint (N.D. Ill. Mar. 5, 2008) (affidavit filed as agent on behalf of North Star Capital Acquisition LLC).

52.     On information and belief, TrakAmerica was managing the state court matter against Plaintiff under a contract with either North Star and/or Zenith that provided compensation to TrakAmerica based on the outcome of the state court matter.

53.     On December 9, 2009, Plaintiff spoke with an employee of Blitt who identified herself as Carolyn Vivirito, and informed Ms. Vivirito of Plaintiff's conversations with Capital One regarding that the state court matter account was not hers and that Plaintiff believed that the account was fraudulent.

54.     On December 9, 2009, Plaintiff spoke with a representative of Blitt who identified himself as Chris Nelson about the state court lawsuit and was informed that there was nothing she could do about the judgment that had been entered against her nor that she could present any dispute to the state court at the December 30, 2009, scheduled garnishment hearing. Exhibit 2, Plaintiff's Affidavit ¶ 13.  Chris Nelson's statement above to Plaintiff was false.

55.     Plaintiff also informed Blitt's Mr. Nelson that she suspected the subject state court matter account was fraudulent and that she did not live at the address that where he said they had had good service on the state court complaint.

56.     Plaintiff paid an appearance fee for her appearance and through her retained legal counsel moved to quash service, vacate the judgment, quash the citation to her employer and to have her dismissed from the state court matter at her expense.

57.     On December 22, 2009, Plaintiff's counsel in the state court matter filed motions that placed Blitt and North Star on notice that Plaintiff was not the debtor.

58.     On December 30, 2009, Plaintiff's counsel and Blitt appeared in state court on Plaintiff's motions that she was not the debtor.

59.     On January 11, 2010, Plaintiff's counsel and Blitt appeared in state court on Plaintiff's motions that she was not the debtor.  Blitt however demanded and was given a date for an evidentiary hearing on Plaintiff's motions in the state court matter.

60.     In mooting Plaintiff's state court motions, North Star by Blitt filed a motion withdrawing its objection to the motion to quash service and vacate the judgment, and on hearing on its motion on February 18, 2010, Blitt had the state court matter dismissed without prejudice.

61.     The $168 appearance fee Plaintiff had to pay the state court clerk of the court was not returned.

62.     The judgment entered in the state court matter appeared on Plaintiff's consumer report.

63.     A person's FICO, "score can be affected by the mere presence of an adverse public record, whether paid or not."  http://www.myfico.com/CreditEducation/ Questions/Public-Records.aspx.

64.     Due to the state court matter, including the garnishment proceedings ten persons including those in the payroll and legal department at Plaintiff's employer became aware of the state court matter.

65.     Plaintiff's reputation at her place of employment was damaged by the state court matter.

**COUNT I**
**FDCPA § 1692f VIOLATION – FAILURE TO INVESTIGATE DISPUTE OF DEBT**

66.     Plaintiff incorporates paragraphs 1-65 above.

67.     This count is made against all Defendants except Nelson.

68.     15 U.S.C. § 1692f provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

69.     "Although § 1692f does not specifically list 'failure to investigate' as an example of unfair collection activity, this does not automatically preclude [the plaintiff] from recovering on his § 1692f claim." *Gros v. Midland Credit Mgmt.*, 06 C 5510, 2008 U.S. Dist. LEXIS 83954 * 21 (N.D. Ill. Oct. 20, 2008).

70.     The Fair Credit Reporting Act, § 1681i(a) requires a reasonable reinvestigation of disputed credit information, which has been applied to a debt collector's responsibility to investigate and correct errors under 15 U.S.C. § 1681s-2(b).  *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 510 – 511 (D. Md. 2004).

71.     It should have been obvious to Zenith and North Star that Plaintiff was not the debtor as the debt did not appear on her credit report.

72.     Notice to Nelson of Plaintiff's dispute that she was not the debtor is notice to Zenith and North Star.

73.     Plaintiff's husband's dispute to the process server hired by Blitt is notice to Blitt that she was not the debtor.

74.     Notice attributed to Zenith, North Star and Blitt is notice to TrakAmerica.

75.     All Defendants to whom this count is against, failed to conduct a timely investigation into Plaintiff's dispute of the debt.

76.     Plaintiff has suffered actual damages as a result of all Defendants to whom this count is against failure to timely investigate.

77.     All Defendants to whom this count is against violated FDCPA § 1692f.

## COUNT II
### FDCPA §§ 1692e and  § 1692f VIOLATIONS

78.     Plaintiff incorporates paragraphs 1-65 above.

79.     This count is against North Star only.

80.     15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of --

(A) the character, amount, or legal status of any debt. . . .

* * *

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

81.     15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

82.     In Illinois the statute of limitations a credit card lawsuit such as the subject state court matter here is 5 years.   *Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill. App. 3d 642, 652, 909 N.E.2d 876, 884 (1st. Dist. 2009); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983); *Ramirez v. Palisades Collection LLC*, No. 07 C 3840, 2008 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008); *Parkis v. Arrow Financial Services, LLC*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill. Jan 8, 2008); *Rawson v. Credigy Receivables, Inc.*, 05 C 6032, 2006 LEXIS 6450 (N.D. Ill. Feb. 16, 2006); *See also Weniger v. Arrow Financial Services*, No. 03 C 6213,2004 U.S. Dist. LEXIS 23172 (N.D. Ill. Nov. 17, 2004).

83.     On information and belief the debt that North Star filed suit over was barred by the five-year statute of limitations so it made up a last payment date to bring the date of the last payment within the five-year statute of limitations.

84.     North Star's conduct violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10), 1692f and f(1).

85.     Plaintiff suffered actual damages as a result of North Star's conduct.

## COUNT III
## FDCPA §§ 1692e, e(2), e(8), e(10) and  FDCPA §§ 1692f, f(1) VIOLATIONS

86.     Plaintiff incorporates paragraphs 1-65 above.

87.     This count is against Zenith only.

88.     15 U.S.C. 1692e(8) provides, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

89.     Zenith did not report to the credit reporting agency that plaintiff had disputed the debt.

90.     Zenith should have known or knew that it was falsely reporting an account on Plaintiff's consumer report because there was no corresponding Capital One account that was on Plaintiff's consumer report.

91.     Zenith should have known or knew that it was falsely reporting an account on Plaintiff's consumer report because the other accounts on Plaintiff's consumer report were in good standing and no accounts were in collection.

92.     Zenith reporting to a credit reporting agency that it owned a debt related to Plaintiff was false, falsely represented that there was an amount of a debt owing to it from Plaintiff and was unfair and was an attempt to collect an amount not owed.

93.     Zenith violated FDCPA §§ 1692, e(2), e(8), e(10) and  FDCPA §§ 1692f, f(1)

94.     Plaintiff's FICO score was damaged by Zenith's false reporting.

## COUNT IV
## FDCPA §§ 1692e, e(10) and 1692f VIOLATIONS

95.     Plaintiff incorporates paragraphs 1-65 above.

96.     This count is against Blitt only.

97.     Blitt's statement to Plaintiff that there was nothing she could do about the judgment that had been entered against her nor that she could present any dispute to the state court at the December 30, 2009, scheduled garnishment hearing violated FDCPA §§ 1692e, e(10) and 1692f.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants North Star, Zenith, TrakAmerica and Blitt on her FDCPA claims for:

     (1)     Statutory and actual damages;

     (2)     Attorney's fees and the cost of this litigation; and

     (3)     Such other relief as the Court deems proper.

### COUNT V
### ABUSE OF PROCESS

98.     Plaintiff incorporates paragraphs 1-65 above.

99.     This count is against North Star, TrakAmerica and Blitt only.

100.    North Star's, TrakAmerica's and Blitt's collection activities constituted an abuse of process.

101.    Plaintiff has suffered actual damages.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendants North Star, TrakAmerica and Blitt on her abuse of process claim for:

     (1)     Compensatory and punitive damages; and

     (2)     Such other relief as the Court deems proper.

### COUNT VI
### ILLINOIS COLLECTION AGENCY ACT

102.   Plaintiff incorporates paragraphs 1-65 above.

103.   This count is against North Star only.

104.   North Star has registered itself as a collection agency with the Illinois Department of Financial and Professional Regulation.

105.   North Star is a collection agency under Illinois Law as to its acts complained of herein.

106.    A private right of action exists for violation of the ICAA including punitive damages. *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D. Ill. 2009); *Thomas v. Arrow Fin. Servs., LLC*, No. 05 C 5699, 2006 U.S. Dist. LEXIS 63156, 2006 WL 2438346 (N.D. Ill. Aug. 17, 2006); *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

107.   North Star violated the following provisions of the ICAA, 225 ILCS 425/9:

> (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.
>
> * * *
>
> (26) Misrepresenting the amount of the claim or debt alleged to be owed.
>
> * * *
>
> (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

108.   Plaintiff has suffered actual damages as a result of North Star's conduct.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant North Star on her ICAA claims for:

> (1)   Compensatory and punitive damages;

(2)     Attorney's fees, litigation expenses and costs of suit; and

(3)     Such other relief as the Court deems proper.

### COUNT VII
### FAIR CREDIT REPORTING ACT VIOLATION

109.    Plaintiff incorporates paragraphs 1-65 above.

110.    This count is against Nelson, Watson & Associates, LLC only.

111.    15 U.S.C. § 1681(b)(a)(3)(A) provides:

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(3) To a person which it has reason to believe—
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[.]

112.    The requester must certify to the consumer reporting agency that a permissible purpose exists.

113.    At no point prior to the time Nelson obtained Plaintiff's consumer report or the information therein did Nelson or any other of the named defendants have a relationship with Plaintiff.

114.    Because Plaintiff was obviously not the consumer liable on the debt, Defendant Nelson's collection efforts were unrelated to a proper credit transaction involving Plaintiff and as such violated the FCRA.   *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007).

115.    15 U.S.C. §1681n, in pertinent part, provides:

(a)  In general
Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
(1)
(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
(2) such amount of punitive damages as the court may allow; and
(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

116.    15 U.S.C. §1681o, in pertinent part, provides:

(a) In general
Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
(1) any actual damages sustained by the consumer as a result of the failure; and
(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

117.    Defendant Nelson willfully or alternatively negligently violated the FCRA.

118.    Plaintiff has suffered actual damages as a result of Nelson's conduct.

**WHEREFORE** Plaintiff requests that Honorable Court enter judgment in Plaintiff's favor against Defendant Nelson, Watson & Associates, LLC for:

(1)    Statutory and actual damages and punitive damages as the court may allow; and

(2)    Attorney's fess, litigation expenses and costs of suit.

### COUNT VIII
### FDCPA § 1692e(14) VIOLATION
### CLASS ALLEGATION
### TRAKAMERICA

119.    Plaintiff incorporates paragraphs 1-65 above.

120.    This count is against TrakAmerica only.

121.    FDCPA § 1692e(14) prohibits, "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . ."

122.    TrakAmerica has been a party to multiple class action lawsuits filed in the Northern District of Illinois, *Sylverne v. Data Search N.Y., Inc.*, 08 C 31 (N.D. Ill.) as consolidated, for allegedly violating FDCPA § 1692e(14) by its employees signing affidavits as "agent" for the debt buyer or original creditor thereby concealing its identity and involvement in managing state court lawsuits without being a named plaintiff to the case.

123.    In managing the state court matter against Plaintiff, TrakAmerica concealed its identity, and used North Star's name to directly or indirectly attempt to collect a debt in North Star's name on the state court matter's complaint, trial call order to which the *ex-parte* judgment in the state court matter was entered, affidavit and Order of Wage Garnishment.

124.    TrakAmerica's conduct violates FDCPA § 1692e(14).

125.    Plaintiff brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

126.    The class consists of (a) all individuals, (b) against whom Blitt and Gaines, P.C. was the attorney of record in a state court lawsuit on a debt (c) where TrakAmerica either provided an affidavit for the state court litigation or was managing in any way the state court litigation (d) where the state court lawsuit was filed, served or the last filing by Blitt and Gaines, P.C. in the state court lawsuit was on or after one year before the filing of this action and 20 days after the filing of this action.  Excluded from the class are any persons whose claims were settled in *Sylverne v. Data Search N.Y., Inc.*, 08 C 31 (N.D. Ill.).

127.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

128.    The predominant question for the first class is whether TrakAmerica's involvement and management of a state court debt collection lawsuit without using its true name violates the FDCPA.

129.    Plaintiff's claims are typical of the claims of each of the class members in that they are all based on the same factual and legal theories.

130.    The class is so numerous that joinder of all the members is impractical.  Due to the high volume of Blitt's practices on information and belief there are more than 40 persons who meet the class definition above.

131.    Plaintiff will fairly and adequately represent the members of each class.

132.    Plaintiff has retained counsel who has been referred to by the Seventh Circuit as an, "FDCPA specialist." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 855, 856 (7th Cir. 2009).

133.    Plaintiff has retained adequate class counsel.  *See e.g. Cavin v. Home Loan Center, Inc.* 236 F.R.D 387, 395 (N.D. Ill. 2007) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'", and therefore met the adequacy of class counsel requirement under Rule 23(a)(4)).").

134.    A class action is superior for the fair and efficient adjudication of this matter in that:

    a.      TrakAmerica's course of conduct affects a large group of individuals;

    b.      Multiple individual actions are not judicially economical;

c.     Congress contemplated class actions as a means of enforcing the

FDCPA; and

d.     The Class members are unaware that their rights have been violated.

**WHEREFORE** Plaintiff requests that Honorable Court enter judgment in Plaintiff's and the

class' favor against TrakAmerica for:

(1)     Statutory damages; and

(2)     Attorney's fess, litigation expenses and costs of suit.

**COUNT IX**
**TCPA VIOLATION**
**CLASS ALLEGATION**
**NELSON, WATSON & ASSOCIATES LLC**

135.     Plaintiff incorporates paragraphs 1-65 above.

136.     This court is against Nelson, Watson & Associates, LLC only.

137.     Within the past four years, Defendant Nelson, Watson & Associates placed at least

one telephone call to Plaintiff in an attempt to collect a debt on behalf of North Star.   On

information and belief, Defendant Nelson, Watson & Associates' collection notes regarding the

debt it was attempting to collect from Plaintiff would have the date or dates and times of the call

or calls.

138.     The phone call to Plaintiff by Defendant Nelson, Watson & Associates, LLC was

placed by a machine that dialed the telephone number automatically, without a human hand

manually dialing the telephone number.

139.     The machine that dialed the telephone number automatically, without a human

hand manually dialing the telephone number was equipped to play a prerecorded message.

140.     Plaintiff heard at least one phone call from Nelson, Watson & Associates, LLC that

had a prerecorded message.

141.    The machine dialed Plaintiff's cellular telephone number that corresponds to the (773) area code.

142.    Plaintiff did not give Defendant Nelson, Watson & Associates, LLC permission to dial her cellular telephone number.

143.    On information and belief, Defendant Nelson, Watson & Associates, LLC obtained her cellular telephone number from her consumer report.

144.    Defendant Nelson, Watson & Associates, LLC could have determined that the telephone number that was being dialed to contact Plaintiff was a cellular telephone number. *See e.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("*See 2003 TCPA Order*, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.the-dma.org/products/wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

145.    The Telephone Consumer Protection Act, 47 U.S.C. § 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA § 227(b)(A)(iii).

146.    Defendant Nelson, Watson & Associates, LLC made a telephone call to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

147     Plaintiff brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3) against Defendant Nelson, Watson & Associates, LLC defined as: (a) All persons with a cellular telephone corresponding to either the (217), (224), (309), (312), (618), (630), (708), (773) or (815) area code, (b) where on or after four years prior to the filing of this amended complaint, (c) Defendant Nelson, Watson & Associates, LLC placed a telephone call using an automatic dialing machine with a prerecorded message, (d) in an attempt to collect a debt on behalf of North Star Capital Acquisition, LLC, (e) without that person's permission.

148.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

149.     The predominant questions are whether Defendant Nelson, Watson & Associates, LLC:

a.     Used an automatic telephone dialing system and/or an artificial prerecorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular telephones;

b.     Whether such practice violates the TCPA;

c.     Whether it is Defendant Nelson, Watson & Associates' practice to use an automatic dialer with a prerecorded message; and

d.     Whether Defendant Nelson, Watson & Associates, LLC conduct was willful entitling Plaintiff and each member of the class to treble damages per phone call placed.

150.     Plaintiff's claims are typical of the claims of each of the class members in that they are all based on the same factual and legal theories.

151.    The class is so numerous that joinder of all the members is impractical.

152.    On information and belief there are more than 40 persons who meet the class definition above.  Typically Auto Dialers combined with a pre-recorded message are used to reach numerous persons in a short period of time.

153.    Plaintiff will fairly and adequately represent the members of each class.

154.    Plaintiff has retained adequate class counsel.

155    A class action is superior for the fair and efficient adjudication of this matter in that:

a. Defendant Nelson, Watson & Associates' conduct affects a large group of individuals spread out over a large geographic area;

b. Multiple individual actions are not judicially economical; and

c. The class members are unaware that their rights have been violated.

**WHEREFORE** Plaintiff requests that Honorable Court enter judgment in Plaintiff's and the class' favor against Defendant Nelson, Watson & Associates, LLC on Count IX for:

(1) Statutory damages per placed call; and

(2) Such other relief as the Court deems proper.

**COUNT X**
**TCPA VIOLATION**
**CLASS ALLEGATION – BLITT AND GAINES, P.C.**

156.    Plaintiff incorporates paragraphs 1-65 above.

157.    This court is against Blitt and Gaines, P.C. only.

158.    Within the past four years, Defendant Blitt and Gaines, P.C placed at least one telephone call to Plaintiff in an attempt to collect a debt on behalf of North Star.   On information

and belief, Defendant Blitt and Gaines, P.C .'s collection notes regarding the debt it was attempting to collect from Plaintiff would have the date or dates and times of the call or calls.

159.    The phone call to Plaintiff by Blitt and Gaines, P.C. was placed by a machine that dialed the telephone number automatically, without a human hand manually dialing the telephone number.

160.    The machine that dialed the telephone number automatically, without a human hand manually dialing the telephone number was equipped to play a prerecorded message.

161.    Plaintiff heard at least one phone call from Blitt and Gaines, P.C . that had a prerecorded message.

162.    The machine dialed Plaintiff's cellular telephone number that corresponds to the (773) area code.

163.    Plaintiff did not give Defendant Blitt and Gaines, P.C . permission to dial her cellular telephone number.

164.    On information and belief, Defendant Blitt and Gaines, P.C . obtained her cellular telephone number from a source other than the creditor to which the debt it was attempting to collect originated with..

165.    Defendant Blitt and Gaines, P.C . could have determined that the telephone number that was being dialed to contact Plaintiff was a cellular telephone number. *See e.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("*See 2003 TCPA Order*, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.the-dma.org/products/wireless.shtml. Neustar also has available a

service that provides data on numbers ported from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

166.    The Telephone Consumer Protection Act, 47 U.S.C. § 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA § 227(b)(A)(iii).

167.    Defendant Blitt and Gaines, P.C . made a telephone call to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

168     Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) against Defendant Blitt and Gaines, P.C. defined as: (a) All persons with a cellular telephone corresponding to either the (217), (224), (309), (312), (618), (630), (708), (773) or (815) area code, (b) where on or after four years prior to the filing of this amended complaint, (c) Defendant Blitt and Gaines, P.C. placed a telephone call using an automatic dialing machine with a prerecorded message, (d) in an attempt to collect a debt on behalf of North Star Capital Acquisition, LLC, (e) without that person's permission.

169.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

170.    The predominant questions are whether Defendant Blitt and Gaines, P.C.:

a.     Used an automatic telephone dialing system and/or an artificial prerecorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular telephones;

26

b.      Whether such practice violates the TCPA;

c.      Whether it is Defendant Blitt and Gaines, P.C.'s practice to use an automatic dialer with a prerecorded message; and

d.      Whether Defendant Blitt and Gaines, P.C.'s conduct was willful entitling Plaintiff and each member of the class to treble damages per phone call placed.

171.    Plaintiff's claims are typical of the claims of each of the class members in that they are all based on the same factual and legal theories.

172.    The class is so numerous that joinder of all the members is impractical.

173.    On information and belief there are more than 40 persons who meet the class definition above.  Typically Auto Dialers combined with a pre-recorded message are used to reach numerous persons in a short period of time.

174.    Plaintiff will fairly and adequately represent the members of each class.

175.    Plaintiff has retained adequate class counsel.

176.    A class action is superior for the fair and efficient adjudication of this matter in that:

a. Defendant Blitt and Gaines, P.C.'s conduct affects a large group of individuals spread out over a large geographic area;

b. Multiple individual actions are not judicially economical; and

c. The class members are unaware that their rights have been violated.

**WHEREFORE** Plaintiff requests that Honorable Court enter judgment in Plaintiff's and the class' favor against Defendant Blitt and Gaines, P.C. on Count X for:

(1) Statutory damages per placed call; and

(2) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner        (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)