IN THE UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| | ) | 10 C 1846 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | |
| NORTH STAR CAPITAL ACQUISITION, LLC; | ) | |
| ZENITH ACQUISITION CORPORATION; | ) | |
| DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; | ) | |
| BLITT AND GAINES, P.C.; and | ) | |
| NELSON WATSON & ASSOCIATES LLC, | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OF TWO TCPA CLASSES**

NOW COMES, Plaintiff Joanne F. Balbarin ("Plaintiff"), by and through her counsel Warner Law Firm, LLC, by Curtis C. Warner, and requests this Honorable Court to enter an order determining that Plaintiff's class counts brought under the Telephone Consumer Protection Act ("TCPA") may proceed as a class against Defendants Blitt and Gaines, P.C. and Nelson, Watson & Associates, LLC, respectively.

Plaintiff requests that this Honorable Court certifies two classes as the requirements of Rules 23(a) and 23(b) are satisfied. The proposed classes are as follows:

The TCPA class against Defendant Nelson, Watson & Associates, LLC, is defined as:

(a) All persons with a cellular telephone corresponding to either the (217), (224), (309), (312), (618), (630), (708), (773) or (815) area code, (b) where on or after four years prior to the filing of this amended complaint, (c) Defendant Nelson, Watson & Associates, LLC placed a telephone call using an automatic dialing machine with a prerecorded message, (d) in an attempt to collect a debt on behalf of North Star Capital Acquisition, LLC, (e) without that person's permission

The TCPA class against Defendant Blitt and Gaines, P.C., is defined as:

(a) All persons with a cellular telephone corresponding to either the (217), (224), (309), (312), (618), (630), (708), (773) or (815) area code, (b) where on or after four years prior

to the filing of this amended complaint, (c) Defendant Blitt and Gaines, P.C. placed a telephone call using an automatic dialing machine with a prerecorded message, (d) in an attempt to collect a debt on behalf of North Star Capital Acquisition, LLC, (e) without that person's permission.

Plaintiff also requests that he be appointed as the class representative and the Warner Law Firm, LLC, Curtis C. Warner be appointed as class counsel.

In support of this motion, Plaintiff states:

## NATURE OF THE TCPA CLASSES

1. Plaintiff complains that Defendants Nelson, Watson & Associates, LLC, and Blitt and Gaines P.C., each used an automated dialer with a prerecorded message to call her cellular telephone without her permission. (Am. Complt. ¶¶ 137-143; 158-164).

2. Likewise, Plaintiff complains on behalf of two classes that Nelson, Watson & Associates, LLC, and Blitt and Gaines P.C., also called their cellular telephones using an automated dialer with a prerecorded message without their permission.

## CLASS CERTIFICATION REQUIREMENTS

3. All of the requirements of Rule 23(a) and (b)(3) are satisfied here.

4. Due to the high volume of debts Blitt and Gaines, P.C. was attempting to collect for North Star Capital Acquisition, LLC, *See* (Dkt. 19, Plaintiff's Motion for Class Certification of her FDCPA Claim, Ex. A-C), and that Nelson, Watson & Associates, LLC, website states that it uses "the latest electronic tools to help [our collection staff] identify and find *'lost'* accounts, *e.g.* skip tracing, (Am. Compt. ¶ 18) (citation omitted), on information and belief there are more than 40 persons in each of the proposed classes. Discovery will determine the correct number of persons in each class.

5. Survey research demonstrates that 7%-9% of the general public have cellular telephones only.  <u>Exhibits A & B</u>.  Such statistics help bolster the probability that numerosity is met for each class.

6. There are questions of law and fact common to the class, which common questions predominate over any question relating to individual class members.

7. Here, the common questions of fact and law are: (1) whether Nelson, Watson & Associates, LLC and Blitt and Gaines, P.C., violated the TCPA by making calls with an auto-dialer using a prerecorded message to persons' cell phones without permission; and (2) whether these Defendants' acts were "willful" under the TCPA, thus entitling each class members to treble damages per violation.

8. Plaintiff's claim involving at least one impermissible autodialed call from Nelson, Watson & Associates, LLC and Blitt and Gaines, P.C., using a prerecorded message to cellular telephones are typical as it is based on the same factual and legal theories.

9. Plaintiff will fairly and adequately represent the class members and is aware of his claims brought on behalf of the class. Plaintiff's affidavit is attached hereto as <u>Exhibit C</u>.

10. Plaintiff has also retained counsel experienced in consumer class action litigation. The declaration of Plaintiff's counsel Curtis C. Warner of Warner Law Firm, LLC is attached hereto as <u>Exhibit D</u>.

11. A class action is superior for the fair and efficient adjudication of this matter, in that, individual actions are not economically feasible and embers of the class are likely to be unaware of their rights and the wrong that has been committed by Defendant.

12. In further support of this motion, Plaintiff submits the accompanying memorandum of law.

**CONCLUSION**

WHEREFORE, for the reasons above and in her memorandum, Plaintiff requests this Honorable Court to certify the two classes above, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class because the requirements of Rules 23(a) and (b)(3) are satisfied.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

4