UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH STAR CAPITAL ACQUISITION, | ) | Case No.: 10 CV 01846 |
| LLC; ZENITH ACQUISITION | ) | |
| CORPORATION; DATA SEARCH N.Y. | ) | Judge Bucklo |
| INC. d/b/a TRACKAMERICA; BLITT | ) | |
| AND GAINES, P.C.; and NELSON, | ) | Magistrate Judge Cox |
| WATSON & ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| CARLA A. HUBBS, | ) | |
| on behalf of herself and a class and subclasses, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10 CV 02154 |
| v. | ) | (Reassigned for Relatedness) |
| | ) | |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) | Judge Bucklo |
| and DATA SEARCH NY, INC., d/b/a | ) | |
| TRAK AMERICA, | ) | Magistrate Judge Cox |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, NELSON, WATSON & ASSOCIATES, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED COMPLAINT-CLASS ACTION

Defendant, NELSON, WATSON & ASSOCIATES, LLC, through its attorneys

LITCHFIELD CAVO LLP, for its Answer to Plaintiffs' Consolidated Complaint-Class

Action, states as follows:

## INTRODUCTION

1.     Plaintiffs, Joanne F. Balbarin ("Balbarin") and Carla A. Hubbs ("Hubbs"),
bring this action to secure redress against unlawful collection practices
engaged in by defendants North Star Capital Acquisition, LLC ("North

Star"); Zenith Acquisition Corporation ("Zenith"); Blitt and Gains, P.C. ("Blitt"); Nelson Watson & Associates, LLC ("Nelson"); Weltman, Weinberg & Reis Co., L.P.A. ("WWR)" and Data Search NY, Inc., d/b/a Trak America ("Trak America").  Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, ("FDCPA"); the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"); the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq*. ("FCRA"); and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. ("ICAA").

**ANSWER:**   Defendant admits this case includes causes of action brought by plaintiffs for alleged violation of the statutes cited in paragraph 1 of the Consolidated Complaint-Class Action.  To the extent factual allegations are contained in paragraph 1 of the Complaint, Defendant denies said allegations.

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:**   Defendant states that the statutes cited in paragraph 2 of the Consolidated Complaint-Class Action speak for themselves.  To the extent factual allegations are contained in paragraph 2 of the Complaint, Defendant denies said allegations.

3.    The TCPA restricts the making of telephone calls to cellular telephones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or an artificial or prerecorded voice." TCPA §227(b)(A)(iii).

**ANSWER:**   Defendant states that the statute cited in paragraph 3 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 3 of the Complaint, Defendant denies said allegations.

4.    The FCRA regulates the obtaining and use of credit reports.

**ANSWER:**   Defendant states that the statute cited in paragraph 4 of the Consolidated

Complaint-Class Action speaks for itself.  To the extent factual allegations are contained

in paragraph 4 of the Complaint, Defendant denies said allegations.

5.       The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest.  It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois.  This Act shall be liberally construed to carry out these objects and purposes… It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

**ANSWER:**   Defendant states that the statute cited in paragraph 5 of the Consolidated

Complaint-Class Action speaks for itself.  To the extent factual allegations are contained

in paragraph 5 of the Complaint, Defendant denies said allegations.

## JURISDICTION AND VENUE

6.       This Court has jurisdiction under 28 U.S.C. §§1331 (Federal Question), 1332(d) (Class Actions) and 1337 and 1367 and 15 U.S.C. §1692k (FDCPA), 15 U.S.C. §1681p (FCRA), and over the TCPA claims pursuant to 47 U.S.C. §227, *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

**ANSWER:**   Defendant admits the allegations of paragraph 6 of the Consolidated

Complaint – Class Action as to NELSON WATSON & ASSOCIATES, LLC only, but

denies any liability, violations and wrongdoing under the law.

7.       Venue and personal jurisdiction over Defendants in this District is proper

because:

a.       Plaintiffs reside in this District;
b.       Defendants transact business in this District;
c.       Defendants' collection activities took place in this District.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of the Consolidated Complaint-Class Action, but admits the allegations of paragraph 7 for venue purposes only.

## PARTIES

### Plaintiffs

8.   Plaintiff Balbarin is an individual who resides in the Northern District of Illinois.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

9.   Although Plaintiff Balbarin is not the personal responsible for the subject debt Defendants were attempting to collect from her, she falls within the zone of interest that are protected by the FDCPA.  *Dutton v. Wolhar*, 809 F.Supp. 1130, 1134 (D. Del. 1992) (quoting 15 U.S.C. §1692k(a)) (the FDCPA "imposes liability where a debt collector has failed to comply with the Act with respect to 'any person.'")'; *See Schroyer v. Frankel*, 197 F.3d 1170, 1178 (6th Cir. 1999)("The FDCPA hold 'debt collectors liable for various abusive, deceptive, and unfair debt collection practices regardless of whether the debt is valid.'") (quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 199)); see also *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); See also S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699 (the validation provision of 15 U.S.C. §1692g(a) is aimed at preventing collection efforts based on mistaken information).

**ANSWER:**   Defendant states that the statutes and case law cited in paragraph 9 of the Consolidated Complaint-Class Action speak for themselves.   To the extent factual allegations are contained in paragraph 9 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

10.   Plaintiff Hubbs is an individual who resides in the Northern District of Illinois.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

### Defendant North Star

11.   Defendant North Star Capital Acquisition LLC is a limited liability company charted under Minnesota law with offices at 170 Northpointe Parkway, Suite 300, Amherst, New York 14228.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

12.   North Star, in part, engages in the practice of attempting to collect debts that are in default through litigation in state court.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

13.   North Star is a debt collector as defined in 15 U.S.C. §1692a(6) in regard to its conduct complained of herein.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

### Defendant Zenith

14.   Defendant Zenith Acquisition Corporation has an office located at 170 North Pointe Parkway, Suite 300, Amherst, New York 14228.  It is licensed as a Collection Agency in the State of Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 14 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

15.    Zenith Acquisition is a debt collector in regard to the conduct complained
of here as in part, it, "provides a broad base of professional services with a
commitment to provide individualized, cost effective solutions to our
client's debt recovery needs" and provides, "Third Party Collections [and]
Debt Purchasing." http://www.zenithacq.com/clients.htm.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 15 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

16.    Zenith is a debt collector in regard to its conduct complained of herein.  15
U.S.C. §1692a(6); *Purnell v. Arrow Fin. Servs. LLC,* 2008 FED App.
0761N (6th Cir. 2008).

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 16 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

17.    Zenith and North Star are believed to be under common control operating
out of the same address at 70 North Pointe Pkwy, Ste. 300, Amherst, NY
14228.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 17 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

### Defendant Nelson Watson & Associates

18.    Defendant Nelson, Watson & Associates LLC is a limited liability company
organized under the law of Massachusetts with its principal office located
at 80 Merrimack St., Lower Level, Haverhill, MA 01830.  Its registered
agent and its address is National Registered Agents Inc., 200 West
Adams Street, Chicago, IL 60606.

**ANSWER:**    Defendant admits that it is a Massachusetts Limited Liability Company and that its principal office is located at 80 Merrick St., Lower Level, Haverhill, MA  01830. Defendant further admits that its registered agent is National Registered Agents Inc., 200 West Adams Street, Chicago, IL 60606.

19.    Nelson, Watson & Associates, LLC's website in part states:

> Our collection staff is equipped with the latest electronic tracking tolls to help them identify and find 'lost' accounts. We believe that providing our collectors with the right skip tracing tools increases their productivity.  This in turn leads to higher liquidation rates for your portfolios.   Locating accounts that have been deemed 'unreachable' by other agencies has been one of the hallmarks of our success. http://www.nelsonwatson.com/about.php

**ANSWER:**    Defendant admits the allegations contained in paragraph 19 of the Consolidated Complaint-Class Action.

### Defendant Blitt & Gaines

20.    Blitt and Gains, P.C. is an Illinois professional corporation that files numerous lawsuits each year on behalf of its purported creditor clients where the litigation is managed by Trak America, in an attempt to collect a debt. Service of process can be served on either Fred Blitt or Jan Gaines at its principal place of business located at 661 Glenn Ave., Wheeling, IL 60090.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 20 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

21.    Blitt and Gaines P.C. is a debt collector as defined in 15 U.S.C. §1692a(6) in regard to its conducted complained of herein. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

## Defendant WWR

22.   Defendant WWR is a law firm organized as a corporation under Ohio law. It has offices at 180 N. LaSalle Street, Suite 2400, Chicago, Illinois 60601. Its registered agent and office is National Registered Agents, Inc., 200 W. Adams St., Chicago, IL 60606.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

23.   Defendant WWR is in the business of attempting to collect alleged delinquent consumer debts owed to others, and uses the mails and telephone system for that purpose.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

24.   Defendant WWR is a "debt collector" defined in 15 U.S.C. §1692a(6) in regard to its conduct complained of herein.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

## Defendant Trak America

25.    Defendant Data Search NY Inc., doing business as Trak America ("Trak America") is a New York corporation.  Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, NY 10011.   It maintains offices at 6851 Jericho Turnpike, #190, Syosset, NY 11791.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 25 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

26.    Defendant Trak America is in the business of attempting to collect alleged delinquent consumer debts owed to others, including Capital One and North Star.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 26 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

27.    Defendant Trak America is a legal management company that causes lawsuits to be filed against consumers, and uses the mails and telephone system for that purpose.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 27 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

28.    At one time, Trak America described its business activities on its web site (www.trakamerica.com) as follows:

Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.

Step 1: Our FASTRAK predictive model determines with unparalleled accuracy exactly which accounts are worth pursuing.

Step 2: Secure, streamlined and automated processes transmit suit worthy accounts to the right attorney quickly and efficiently.

Step 3: The TRAKAmerica legal network-the best in the business-obtains your legally enforceable judgments.

Step 4: Our in-house skip tracing experts facilitate execution on your judgments by identifying hard-to-find assets and collecting the money owed to you.

> Result: Maximum net back for TRAKAmerica clients.
>
> "TRAKAmerica recovered more than $27 million last quarter on warehouse paper we thought was uncollectible."   -----Publicly traded US credit card issuer

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 28 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

29.   The same web site further stated:

> TRAKAmerica is a rapidly growing legal network management company founded in 2000. With its unique approach, the company has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts.
>
> TRAKAmerica's unique advantage is the FASTRAK predictive model built on empirical data from more than one million claims and nearly $100 million in court costs in all fifty states. Combining FASTRAK with vigorous attorney management maximizes net back for TRAKAmerica's clients.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

30.   The same web site further stated: Disciplined Attorney Management

> Disciplined Attorney Management
>
> To keep our attorneys as productive as possible TRAKAmerica takes a hands-on approach. With over 125 firms nationwide in our network, TRAKAmerica treats legal management as a high volume production operation. We follow a streamlined management process to get your accounts into the courts faster.
>
> From our database of more than a million claims we know exactly what to expect in terms of suit and judgment rates, and we manage our attorneys to these expectations. Overall performance is managed at the batch level and reviewed weekly. Work assignments are reviewed frequently and

business shifts are made based on performance. Because FASTRAK indicates which accounts to sue, we only forward productive accounts to our attorneys, with the cut-off calibrated by client to achieve individual client IRR and net back goals. As a result, our attorneys don't waste their time and your money on unproductive cases.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 30 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

31.   The same web site further stated:

Step 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3: The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorney . They load your files into their systems and instantly send demand letters. After the 30¬day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week. It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts arc still outstanding. The report includes:

legal suit dates

service dates court information

judgment information (principle [sic] and interest)

court costs attorney fees

Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at anytime. Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems. At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources-including in-house skip tracing and asset location programs-to collecting the money owed to you. Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.

We are no longer requesting money from debtors - we are actively taking it....

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

32.   The web site is no longer active, but on information and belief Trak America continues operating according to the same business model.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

33.   Defendant Trak America is a "debt collector" as defined in the FDCPA.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

34.   Defendant Trak America is a collection agency as defined in the ICAA.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 34 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

## FACTS RELATING TO PLAINTIFF BALBARIN

35.   On or about April 5, 2008, Defendant Nelson, Watson & Associates, LLC obtained Balbarin's consumer report or the information therein from at least Experian, a credit reporting agency, by on information and belief submitting a written or electronic request.

**ANSWER:**   Defendant admits that that on April 8, 2008 it submitted an electronic

request to Experian for Joann Balba's general credit profile.   Defendant denies the

remaining allegations contained in paragraph 35 of the Consolidated Complaint-Class

Action.

36.   At the time Defendant Nelson, Watson & Associates, LLC obtained Balbarin's consumer report or the information contained therein, all of her accounts being reported were in good standing and no accounts were in collection.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 36 of the Consolidated Complaint-Class Action

as defendant only obtained a general credit profile for Joann Balba and therefore denies

said allegations.

37.   Defendant Nelson, Watson & Associates, LLC then sent an initial dunning letter dated April 10, 2008 to Balbarin's correct home address. A redacted copy is attached hereto as Appendix A.

**ANSWER:**   Defendant admits that it sent the correspondence attached as Exhibit 1 to

Plaintiff's Consolidated Complaint-Class Action to the address they believed was Joann

Balba's home address.   Defendant is without sufficient knowledge to form a belief as to

the truth of any remaining allegations contained in paragraph 37 of the Consolidated

Complaint-Class Action, and therefore denies said allegations.

> 38.    Defendant Nelson, Watson & Associates, LLC was attempting to collect a
>        debt from a "Joann F Balba" on behalf of North Star on a debt originating
>        with Capital One Bank (USA) NA with the last four digits being 0165.

**ANSWER:**    Defendant admits it was attempting to collect on an account due and

owing by Joann Balba to North Star that originated from a Capital One Bank (USA) NA

account.  Defendant further admits the last four digits of the said account number was

0165.  Defendant is without sufficient knowledge to form a belief as to the truth of the

remaining allegations contained in paragraph 38 of the Consolidated Complaint-Class

Action, and therefore denies said allegations.

> 39.    Balbarin does have an account originating with Capital One Bank (USA)
>        NA, but the last four digits of that account number are 4574 and as
>        December 14, 2009, had a zero balance and was in good standing.
>        Appendix B, Balbarin's Affidavit ¶ 10, Exhibit A – Letter from Capital One
>        Bank (USA) NA.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 39 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

> 40.    After Balbarin's receipt of the letter from Nelson, Watson & Associates,
>        LLC, she called Nelson and orally disputed the validity of the debt.
>        Appendix B, Balbarin's Affidavit ¶ 12.

**ANSWER:**    Defendant admits that Plaintiff contacted Defendant via telephone and

advised Defendant that she believed there was nothing wrong with her Capital One

account.  Defendant denies any remaining allegations contained in paragraph 40 of the

Complaint.

41.     Balbarin also contacted Capital One Bank (USA) NA, who informed her that it did not have on file an account ending in 0165 that corresponded to her social security number.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 41 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

42.     On November 17, 2008, Blitt on behalf of North Star filed suit in the Circuit Court of Cook County, Illinois, on the Capital One Account ending with the numbers 0165, in the matter captioned North Star Capital Acquisition LLC v. Joann F Balba, 08 M1 190321 (the "state court matter"). A copy of the state court matter and its exhibits, is attached as Appendix C.

**ANSWER:**   Defendant states the exhibit referenced in paragraph 42 of the

Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual

allegations are contained in paragraph 42 of the Consolidated Complaint-Class Action,

Defendant is without sufficient knowledge to form a belief as to the truth of those

allegations, and therefore denies said allegations.

43.     The Capital One Bank (USA) NA statement attached shows that the bill was going to a Joann F Balba at 1677 W. Winnemac, Chicago, Illinois.

**ANSWER:**   Defendant states the exhibit referenced in paragraph 43 of the

Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual

allegations are contained in paragraph 43 of the Consolidated Complaint-Class Action,

Defendant is without sufficient knowledge to form a belief as to the truth of those

allegations, and therefore denies said allegations.

44.     Balbarin has driven past the address 1677 W. Winnemac, Chicago, Illinois which is a hospital, a picture of which is attached as Exhibit B to her affidavit. Appendix B Balbarin's Affidavit ¶ 11, Exhibit B.

**ANSWER:**   Defendant states the exhibit referenced in paragraph 44 of the

Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual

allegations are contained in paragraph 45 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

45.    The exhibit to the state court complaint titled "Account Statement" shows a charge off date of 03/13/2003. Appendix C.

**ANSWER:**    Defendant states the exhibit referenced in paragraph 45 of the Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual allegations are contained in paragraph 45 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

46.    The same exhibit states that the "LAST DATE OF PAYMENT" as being "03/09/2004" in the amount of "443.60".

**ANSWER:**    Defendant states the exhibit referenced in paragraph 46 of the Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual allegations are contained in paragraph 46 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

47.    On information and belief there was no actual payment made by any person of "443.60" or any payment at all on the credit card account ending 0165, but on information and belief was a date fabricated by North Star to file suit within the Illinois five year statute of limitations.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 47 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

48.    After the state court matter was filed, Blitt hired a process server to serve Joann F Balba at Balbarin's home address.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 48 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

49.   When the process server who Blitt hired went to serve Joann F Balba at Balbarin's home address the process server was informed that Balbarin was not Joann F Balba and that there must be a fraud regarding the credit card that was the subject to the lawsuit.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 49 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

50.   On information and belief, Blitt was informed of Balbarin's husband's statement above to the process server.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 50 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

51.   Blitt then had the state court matter served on Balbarin's elderly father at his residence which is a residence that Balbarin does not reside at. Appendix B, Plaintiff's Affidavit ¶¶ 4-6.

**ANSWER:**   Defendant states the exhibit referenced in paragraph 51 of the Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual allegations are contained in paragraph 51 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

52.   In or around April 2009, Balbarin first learned of the state court matter from her father. Id. ¶ 6.

**ANSWER:**   Defendant states the exhibit referenced in paragraph 52 of the Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual

allegations are contained in paragraph 52 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

53.     Balbarin ignored, to her detriment, that the state court matter could not be directed to her as it was not her name that was on the state court matter's complaint nor was it her Capital One Bank (USA) NA account number. Id. ¶ 7.

**ANSWER:**     Defendant states the exhibit referenced in paragraph 53 of the Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual allegations are contained in paragraph 53 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

54.     On April 29, 2009, judgment was entered in the state court matter for $783.59 plus costs.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 54 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

55.     On July 16, 2009, Blitt issued an Affidavit for Wage Deduction Order listing Balbarin's father's address as "the last known address of the judgment debtor".

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 55 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

56.     The statement in the Affidavit for Wage Deduction Order that Balbarin's father's address was "the last known address of the judgment debtor" was false.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 56 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

57.   On information and belief, Balbarin's employer could not comply with the Order as even though Balbarin was an employee of the employer listed on the Deduction Order, the address for her and her name were incorrect. On information and belief, Blitt was informed by Balbarin's employer of this fact.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 57 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

58.   On October 7, 2009, Blitt issued an Alias Affidavit for Wage Deduction Order listing Balbarin's correct home address as "the last known address of the judgment debtor".

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 58 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

59.   Balbarin's employer returned this Affidavit for Wage Deduction Order and informed Blitt that Joann F Balba was not their employee's name. Appendix D. Apparently because the address was correct on this occasion, Balbarin's employer decided to comply with the Deduction Order and informed Balbarin that her wages were to be deducted to satisfy the judgment in the state court matter.

**ANSWER:**   Defendant states the exhibit referenced in paragraph 59 of the Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual allegations are contained in paragraph 59 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

60.     On October 23, 2009, Balbarin was informed by her employer that her wages would be deducted pursuant to the Order. Id. ¶ 8.

**ANSWER:**     Defendant states the exhibit referenced in paragraph 60 of the Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual allegations are contained in paragraph 60 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

61.     October 23, 2009, was the first time that Balbarin realized that the state court matter was being directed towards her. Id. ¶ 9.

**ANSWER:**     Defendant states the exhibit referenced in paragraph 61 of the Consolidated Complaint – Class Action speaks for itself.  To the extent additional factual allegations are contained in paragraph 61 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

62.     On December 7, 2009, Balbarin called North Star and the representative at North Star informed her that the subject state court account was now with Zenith.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 62 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

63.     Balbarin then called Zenith and during the conversation was informed that Trak America was at that time servicing the subject state court matter account.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 63 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

64. Notice to North Star and/or Zenith is notice to Trak America and/or Blitt that the debt was being disputed.

**ANSWER:** Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 64 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

65. Trak America manages debt collection litigation by, in part, providing signed affidavits to debt collection law firms for original creditors and debt buyers. See e.g., Pescatrice v. Elite Recovery Serv., Case No. 06-61130-CIV-COHN, Dkt. 17, Ex. A, Amended Complaint (S.D. Fla. Nov. 3, 2006) (affidavit filed as agent on behalf of Capital One); Timms v. Data Search N.Y., Inc. et al., 08 C 1321, Dkt. 1, Ex. E, Class Action Complaint (N.D. Ill. Mar. 5, 2008) (affidavit filed as agent on behalf of North Star Capital Acquisition LLC).

**ANSWER:** Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 65 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

66. On information and belief, Trak America was managing the state court matter against Balbarin under a contract with either North Star and/or Zenith that provided compensation to Trak America based on the outcome of the state court matter.

**ANSWER:** Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 66 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

67. On December 9, 2009, Balbarin spoke with an employee of Blitt who identified herself as Carolyn Vivirito, and informed Ms. Vivirito of Balbarin's conversations with Capital One regarding that the state court matter account was not hers and that Balbarin believed that the account was fraudulent.

**ANSWER:** Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 67 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

68.   On December 9, 2009, Plaintiff spoke with a representative of Blitt who identified himself as Chris Nelson about the state court lawsuit and was informed that there was nothing she could do about the judgment that had been entered against her nor that she could present any dispute to the state court at the December 30, 2009, scheduled garnishment hearing. Appendix B, Plaintiff's Affidavit ¶ 13. Chris Nelson's statement above to Plaintiff was false.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 68 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

69.   Balbarin also informed Blitt's Mr. Nelson that she suspected the subject state court matter account was fraudulent and that she did not live at the address that where he said they had had good service on the state court complaint.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 69 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

70.   Balbarin paid an appearance fee for her appearance and through her retained legal counsel moved to quash service, vacate the judgment, quash Wage Deduction Order to her employer and to have her dismissed from the state court matter at her expense.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 70 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

71.   On December 22, 2009, Balbarin's counsel in the state court matter filed motions that placed Blitt and North Star on notice that Balbarin was not the debtor.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 71 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

72.     On December 30, 2009, Balbarin's counsel and Blitt appeared in state court on Balbarin's motions that she was not the debtor.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 72 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

73.     On January 11, 2010, Balbarin's counsel and Blitt appeared in state court on Balbarin's motions that she was not the debtor. Blitt however demanded and was given a date for an evidentiary hearing on Balbarin's motions in the state court matter.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 73 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

74.     In mooting Balbarin's state court motions, North Star by Blitt filed a motion withdrawing its objection to the motion to quash service and vacate the judgment, and on hearing on its motion on February 18, 2010, Blitt had the state court matter dismissed without prejudice.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 74 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

75.     The $168 appearance fee Balbarin had to pay the state court clerk of the court was not returned.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 75 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

76.     The judgment entered in the state court matter appeared on Balbarin's consumer report.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 76 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

      77.    A person's FICO credit "score can be affected by the mere presence of an adverse public record, whether paid or not. "http://www.myfico.com/CreditEducation/Questions/Public-Records.aspx.

**ANSWER:**    Defendant states that the website referenced in paragraph 77 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 77 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

      78.    Due to the state court matter, including the wage deduction proceedings ten persons including those in the payroll and legal department at Balbarin's employer became aware of the state court matter.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 78 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

      79.    Balbarin's reputation at her place of employment was damaged by the state court matter.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 79 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

      80.    Additionally within the past four years, Defendant Nelson, Watson & Associates and Defendant Blitt & Gaines, P.C. each, placed at least one telephone call to Balbarin in an attempt to collect a debt on behalf of North Star. On information and belief, Defendant Nelson, Watson & Associates and Blitt & Gaines' collection notes regarding the alleged debt it was attempting to collect from Balbarin would have the date or dates and times of the calls.

**ANSWER:**   Defendant NELSON WATSON & ASSOCIATES, LLC admits that it placed at least one call to a telephone number associated with Joann Balba in 2008 in an attempt to collect an account owed to North Star.  Defendant further admits that it maintained a record of its calls in the normal course of business.   Defendant denies the remaining allegations in paragraph 80 of the Consolidated Complaint-Class Action.

81.   The phone calls to Balbarin by both Defendant Nelson, Watson & Associates, LLC and Defendant Blitt & Gaines, P.C. were placed by a machine that dialed the telephone number automatically, without a human hand manually dialing the telephone number.

**ANSWER:**   Defendant NELSON WATSON & ASSOCIATES, LLC is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 81 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

82.   The machine that dialed the telephone number automatically was equipped to play a prerecorded message.

**ANSWER:**   Defendant admits that in 2008 it maintained an automated system that was programmed to play a message.   Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 82 of the Consolidated Complaint-Class Action as plaintiff has not adequately identified "the telephone number," and therefore denies said allegations.

83.   Balbarin heard at least one phone call from both Nelson, Watson & Associates, LLC and Defendant Blitt & Gaines, P.C. that each had a prerecorded message.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 83 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

84.   Both Defendant Nelson, Watson & Associates, LLC and Defendant Blitt & Gaines, P.C.'s respective auto dial machines dialed Balbarin's cellular telephone number that corresponds to the (773) area code.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 84 of the Consolidated Complaint-Class Action as plaintiff has not clearly identified the telephone number she claims to correlate with her cellular telephone and therefore denies said allegations.

85.   Balbarin did not give Defendant Nelson, Watson & Associates, LLC or Defendant Blitt & Gaines permission to dial her cellular telephone number.

**ANSWER:**   Defendant NELSON WATSON & ASSOCIATES, LLC is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 85 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

86.   On information and belief, Defendant Nelson, Watson & Associates, LLC obtained Balbarin's cellular telephone number from her consumer report.

**ANSWER:**   Defendant admits several telephone numbers associated with Joann Balba were reported to Nelson Watson by Experian.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 86 of the Consolidated Complaint-Class Action, as plaintiff has not identified her full cellular telephone number and therefore denies said remaining allegations.

87.   On information and belief, Defendant Blitt and Gaines, P.C. obtained Balbarin's cellular telephone number from a source other than the creditor to which the debt it was attempting to collect originated with.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 86 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

88.   Defendant Nelson, Watson & Associates, LLC and Defendant Blitt & Gaines, could have determined that the telephone number that was being

dialed to contact Balbarin was a cellular telephone number. See e.g., In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("See 2003 TCPA Order, 18 FCC Rcd at 14117, para. 170. See also DMA Wireless Number Suppression List at http://preference.the-dma.org/products/wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. See http://www.tcpacompliance.com/.").

**ANSWER:**   Defendant states that the website and order referenced in paragraph 88 of the Consolidated Complaint-Class Action speak for themselves.  To the extent factual allegations are contained in paragraph 88 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

### FACTS RELATING TO PLAINTIFF HUBBS

89.   On or about November 21, 2006, a lawsuit was filed in the name of Capital One Bank against plaintiff Carla Hubbs in the Circuit Court of Rock Island County, Illinois. Plaintiff then lived in northwestern Illinois. The complaint sought to collect $5686.66 plus attorney's fees on a Capital One credit card account ending in 9958. A copy of the court file is in Appendix E.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 89 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

90.   The attorney for the plaintiff was WWR.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 90 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

91.   The complaint was verified by one Sara Rubin, an officer or employee of Trak America, not Capital One.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 91 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

92.    Hubbs disputed the debt and appeared pro se in the Rock Island County case. The matter was set for trial on February 7, 2007.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 92 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

93.    On February 7, 2007, the Rock Island County Circuit Court entered the following order:

> DEF PRO SE. MOTION TO CONTINUE BY PLT SAYS PLT SAID WIT[NESS] NOT AVAILABLE CONTINUE AFTER 3/21/07. BUT PLT SET THIS . ATTY JACKSON NO REASON WHY PLT PICKED A "BAD" DATE AND NO REASON WHY NO MOTION TO CONTINUE WAS FILED BEFORE TODAY. NO EVIDENCE OF DUE DILIGENCE TO GET WITNESS HERE. MOTION TO CONTINUE IS DENIED. CASE ID [IS] DISMISSED.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 93 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

94.    On or about August 3, 2009, WWR filed another lawsuit on the same alleged credit card account ending in 9958 against Hubbs, this time in the Circuit Court of Cook County, Illinois, case 09 M1 163040. Hubbs had moved to Cook County in the interim. The plaintiff was again Capital One Bank. This time the complaint sought $9,010.13.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 94 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

95. Attached to the complaint was a statement showing that the account was in default no later than March 4, 2003, more than 6 years prior to the filing of the Cook County complaint. (Again, plaintiff disputes any liability on the account.)

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 95 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

96. The Cook County complaint and exhibits are attached as Appendix F.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 96 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

97. The alleged debt that was the subject of the Cook County action was no longer enforceable through legal action as a result of the expiration of the five-year statute of limitations, 735 ILCS 5/13-205. Portfolio Acquisitions, LLC v. Feltman, 391 Ill. App. 3d 642; 909 N.E.2d 876 (1st Dist. 2009); Nicolai v. Mason, 118 Ill.App.3d 300, 454 N.E.2d 1049 (5th Dist. 1983); Parkis v. Arrow Financial Services, No. 07 C 410, 2008 U.S.Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); Ramirez v. Palisades Collection LLC, No. 07 C 3840, 2008 U.S.Dist. LEXIS 48722 (N.D.Ill. June 23, 2008). Furthermore, the running of the statute was not tolled by the Rock Island case, since Illinois requires refiling within one year to avoid a statute of limitations bar.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 97 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

98. On or about September 28, 2009, WWR sent plaintiff the letter attached as Appendix G, stating that "this firm has filed a lawsuit against you on behalf of the client referenced above." The "client referenced above" was Trak America.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 98 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

99.   On information and belief, WWR meant to identify the client as Capital One, but inadvertently inserted Trak America in Appendix G because it in fact treated Trak America and not Capital One as the client.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 99 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

100.   Appendix G refers to the same debt that was the subject of the two lawsuits, and references the account number ending in 9958.

**ANSWER:**   Defendant states that the exhibit referenced in paragraph 100 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 100 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

101.   On information and belief, Trak America was controlling and managing the prosecution of both the Rock Island and Cook County lawsuits.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 101 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

102.   Hubbs appeared and defended the Cook County case.

**ANSWER:**   Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 102 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

103.     WWR nonsuited the Cook County case when it was called for trial on Jan. 12, 2010.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 103 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

104.     Hubbs was damaged, as a result of the expenditure of time and money in defending the lawsuits.

**ANSWER:**     Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 104 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

## FACTS RELATING TO TRAK AMERICA – GENERAL

105.     The manner in which Trak America conducts its business is contrary to Illinois law. The ICAA, 225 ILCS 425/8a-1(a), provides that "No account may be referred by a collection agency to an attorney unless, prior to placing an account with an attorney for further collection action, each account creditor is notified in writing by the collection agency of the collection agency's intent to refer the account to an attorney. The account may not be referred to an attorney if a creditor notifies the collection agency within 5 days after receiving the notice that the creditor is withholding authorization for the account to be referred to an attorney. The notice requirement under this subsection may, in the alternative, be satisfied if the creditor signs the complaint that will be filed in the circuit court seeking judgment on the debt owed. A collection agency shall not take any action that in fact or in appearance interferes with the professional relationship between the attorney and the creditor." (Emphasis added) A parallel prohibition, Case 1:10-cv-01846 Document 43 Filed 05/27/10 Page 20 of 42 excluding lawful conduct by a collection agency, is established by the Corporation Practice of Law Prohibition Act, 705 ILCS 220/1 et seq.

**ANSWER:**     Defendant states that the statute cited in paragraph 105 of the

Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations

are contained in paragraph 105 of the Consolidated Complaint-Class Action, Defendant

is without sufficient knowledge to form a belief as to the truth of those allegations, and

therefore denies said allegations.

> 106.    In fact, the professional relationship is entirely between Trak America and Blitt, in the case of Balbarin, and between Trak America and WWR, in the case of Hubbs. The law firms receive instructions from Trak America. North Star and Capital One communicate with Trak America, not the law firms.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 106 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

> 107.    On information and belief, both WWR and Trak America receive contingent compensation based on amounts recovered.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 107 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

> 108.    On information and belief, this interference by laypersons with the professional relationship results in irresponsible and improper conduct in connection with the prosecution of collection lawsuits, including the filing of time barred lawsuits, the setting of cases for trial when the creditor cannot appear, and identification of skip tracing errors.

**ANSWER:**    Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations contained in paragraph 108 of the Consolidated Complaint-Class Action,

and therefore denies said allegations.

### COUNT I-FDCPA- INDIVIDUAL CLAIM

> 109.    Plaintiffs incorporate paragraphs 1-108 above.

**ANSWER:**    All allegations incorporated by reference in paragraph 109 of the

Consolidated Complaint-Class Action are admitted and denied in the same manner and

to the same extent as said allegations are otherwise admitted and denied herein.

110.   This count is brought on behalf of Plaintiff Balbarin and made against all Defendants except Nelson and WWR.

**ANSWER:**   Defendant states that paragraph 110 of the Consolidated Complaint – Class Action does not require a responsive pleading.

111.   15 U.S.C. § 1692f provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**ANSWER:**   Count I of the Consolidated Complaint – Class Action is not directed to this defendant.   Defendant states that the statute cited in paragraph 111 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 111 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

112.   "Although § 1692f does not specifically list 'failure to investigate' as an example of unfair collection activity, this does not automatically preclude [the plaintiff] from recovering on his § 1692f claim." Gros v. Midland Credit Mgmt., 06 C 5510, 2008 U.S. Dist. LEXIS 83954 * 21 (N.D. Ill. Oct. 20, 2008).

**ANSWER:**   Count I of the Consolidated Complaint – Class Action is not directed to this defendant.   Defendant states that the statute cited in paragraph 112 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 112 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

113.   The Fair Credit Reporting Act, § 1681i(a) requires a reasonable reinvestigation of disputed credit information, which has been applied to a debt collector's responsibility to investigate and correct errors under 15 U.S.C. § 1681sæ2(b). Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492, 510 – 511 (D. Md. 2004).

**ANSWER:**   Count I of the Consolidated Complaint – Class Action is not directed to this defendant.   Defendant states that the statute cited in paragraph 113 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 113 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

114.   It should have been obvious to Zenith and North Star that Plaintiff Balbarin was not the debtor as the debt did not appear on her credit report.

**ANSWER:**   Count I of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 114 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

115.   Notice to Nelson of Balbarin's dispute that she was not the debtor is notice to Zenith and North Star.

**ANSWER:**   Count I of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 115 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

116.   Balbarin's husband's dispute to the process server hired by Blitt is notice to Blitt that she was not the debtor.

**ANSWER:**   Count I of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph 116 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

117.    Notice to Zenith, North Star and Blitt is notice to Trak America.

**ANSWER:**    Count I of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 117 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

118.    All Defendants to whom this count is against, Zenith, North Star, Blitt and Trak America, failed to conduct a timely investigation into Balbarin's dispute of the debt.

**ANSWER:**    Count I of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 118 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

119.    Balbarin has suffered actual damages as a result of Zenith, North Star, Blitt and Trak America's failure to timely investigate.

**ANSWER:**    Count I of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 119 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

120.    Zenith, North Star, Blitt and Trak America violated FDCPA § 1692f.

**ANSWER:**    Count I of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 120 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

## COUNT II-FDCPA-INDIVIDUAL CLAIM

121.    Plaintiffs incorporate paragraphs 1-108 above.

**ANSWER:**    All allegations incorporated by reference in paragraph 121 of the

Consolidated Complaint-Class Action are admitted and denied in the same manner and

to the same extent as said allegations are otherwise admitted and denied herein.

122.    This count is brought on behalf of Plaintiff Balbarin against Defendant
North Star only.

**ANSWER:**    Defendant states that paragraph 122 of the Consolidated Complaint-Class

Action does not require a responsive pleading.

123.    15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or
> misleading representation or means in connection with the
> collection of any debt.
>         Without limiting the general application of the
> foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt. . . .
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken
> or that is not intended to be taken. . . .
>
> * * *
>
> (10) The use of any false representation or deceptive means
> to collect or attempt to collect any debt or to obtain
> information concerning a consumer.

**ANSWER:**    Defendant states that the statute cited in paragraph 123 of the

Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations

are contained in paragraph 123 of the Complaint, Defendant is without sufficient

knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

      124.   15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:**   Defendant states that the statute cited in paragraph 124 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 124 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

      125.   On information and belief the debt that North Star filed suit against Balbarin over was barred by the five-year statute of limitations so it made up a last payment date to bring the date of the last payment within the five-year statute of limitations.

**ANSWER:**   Count II of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 125 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

      126.   North Star's conduct violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10), 1692f and f(1).

**ANSWER:**   Count II of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 126 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

      127.   Plaintiff Balbarin suffered actual damages as a result of North Star's conduct.

**ANSWER:**   Count II of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 127 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

### COUNT III - FDCPA - INDIVIDUAL CLAIM

128.   Plaintiffs incorporate paragraphs 1-108 above.

**ANSWER:**   All allegations incorporated by reference in paragraph 128 of the Consolidated Complaint-Class Action are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

129.   This count is brought on behalf of Plaintiff Balbarin against Defendant Zenith only.

**ANSWER:**   Defendant states that paragraph 129 of the Consolidated Complaint-Class Action does not require a responsive pleading.

130.   15 U.S.C. 1692e(8) provides, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

**ANSWER:**   Count III of the Consolidated Complaint – Class Action is not directed to this Defendant.   Defendant states that the statute cited in paragraph 130 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 130 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

131.   Zenith did not report to the credit reporting agency that Balbarin had disputed the debt.

**ANSWER:**   Count III of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 131 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

132.   Zenith should have known or knew that it was falsely reporting an account on Balbarin's consumer report because there was no corresponding Capital One account that was on Balbarin's consumer report.

**ANSWER:**   Count III of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 132 of the Consolidated Complaint-Class Action, and therefore denies said allegations..

133.   Zenith should have known or knew that it was falsely reporting an account on Balbarin's consumer report because the other accounts on Balbarin's consumer report were in good standing and no accounts were in collection.

**ANSWER:**   Count III of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 133 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

134.   Zenith reporting to a credit reporting agency that it owned a debt related to Balbarin was false, falsely represented that there was an amount of a debt owing to it from Balbarin and was unfair and was an attempt to collect an amount not owed.

**ANSWER:**   Count III of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 134 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

135.   Zenith violated FDCPA §§ 1692, e(2), e(8), e(10) and FDCPA §§ 1692f, f(1).

**ANSWER:**   Count III of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 135 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

136.   Balbarin's FICO score was damaged by Zenith's false reporting.

**ANSWER:**   Count III of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 136 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

## COUNT IV - FDCPA - INDIVIDUAL CLAIM

137.   Plaintiffs incorporate paragraphs 1-108 above.

**ANSWER:**   All allegations incorporated by reference in paragraph 137 of the Consolidated Complaint-Class Action are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

138.   This count is brought on behalf of Plaintiff Balbarin against Blitt only.

**ANSWER:**   Defendant states that paragraph 138 of the Consolidated Complain-Class Action does not require a responsive pleading.

139.   Blitt's statement to Balbarin that there was nothing she could do about the judgment that had been entered against her nor that she could present any dispute to the state court at the December 30, 2009, scheduled garnishment hearing violated FDCPA §§ 1692e, e(10) and 1692f.

**ANSWER:**   Count IV of plaintiff's Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as

to the truth of the allegations contained in paragraph 139 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

## COUNT V – WRONGFUL GARNISHMENT - INDIVIDUAL CLAIM

140.   Plaintiffs incorporate paragraphs 1-108 above.

**ANSWER:**   All allegations incorporated by reference in paragraph 140 of the Consolidated Complaint-Class Action are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

141.   This count is brought on behalf of Plaintiff Balbarin against Defendant North Star, Trak America and Blitt only.

**ANSWER:**   Defendant states that paragraph 141 of the Consolidated Complain-Class Action does not require a responsive pleading.

142.   North Star's, Trak America's and Blitt's collection activities constituted a wrongful garnishment.

**ANSWER:**   Count V of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 142 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

143.   Plaintiff Balbarin has suffered actual damages.

**ANSWER:**   Count V of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 143 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

## COUNT VI - ICAA - INDIVIDUAL CLAIM

144.   Plaintiffs incorporate paragraphs 1-108 above.

**ANSWER:**   All allegations incorporated by reference in paragraph 144 of the Consolidated Complaint-Class Action are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

145.   This count is brought on behalf of Plaintiff Balbarin against North Star only.

**ANSWER:**   Defendant states that paragraph 145 of the Consolidated Complaint-Class Action does not require a responsive pleading.

146.   North Star has registered itself as a collection agency with the Illinois Department of Financial and Professional Regulation.

**ANSWER:**   Count VI of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 146 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

147.   North Star is a collection agency under Illinois Law as to its acts complained of herein.

**ANSWER:**   Count VI of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 147 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

148.   A private right of action exists for violation of the ICAA including punitive damages. Herkert v. MRC Receivables Corp., 655 F. Supp. 2d 870 (N.D. Ill. 2009); Thomas v. Arrow Fin. Servs., LLC, No. 05 C 5699, 2006 U.S. Dist. LEXIS 63156, 2006 WL 2438346 (N.D. Ill. Aug. 17, 2006); Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:**   Count VI of the Consolidated Complaint – Class Action is not directed to this Defendant.   Defendant case law cited in paragraph 148 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained

in paragraph 148 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

149. North Star violated the following provisions of the ICAA, 225 ILCS 425/9:

> (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.
> * * *
> (26) Misrepresenting the amount of the claim or debt alleged to be owed.
> * * *
> (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

**ANSWER:** Count VI of the Consolidated Complaint – Class Action is not directed to this Defendant. Defendant states that the statute cited in paragraph 149 of the Consolidated Complaint-Class Action speaks for itself. To the extent factual allegations are contained in paragraph 149 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

150. Plaintiff Balbarin has suffered actual damages as a result of North Star's conduct.

**ANSWER:** Count IV of the Consolidated Complaint – Class Action is not directed to this Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 150 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

## COUNT VII - FCRA - INDIVIDUAL CLAIM

151. Plaintiffs incorporate paragraphs 1-108 above.

**ANSWER:**    All   allegations   incorporated   by   reference   in   paragraph   151   of   the

Consolidated Complaint-Class Action are admitted and denied in the same manner and

to the same extent as said allegations are otherwise admitted and denied herein.

152.   This count is brought on behalf of Plaintiff Balbarin against Nelson, Watson & Associates, LLC only.

**ANSWER:**    Defendant states that paragraph 152 of the Consolidated Complaint-Class

Action does not require a responsive pleading.

153.   15 U.S.C. § 1681(b)(a)(3)(A) provides:

> Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (3) To a person which it has reason to believe—
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[.]

**ANSWER:**    Defendant   states   that   the   statute   cited   in   paragraph   153   of   the

Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations

are contained in paragraph 153 of the Consolidated Complaint-Class Action, Defendant

denies said allegations.

154.   The requester must certify to the consumer reporting agency that a permissible purpose exists.

**ANSWER:**    Defendant   states   that   the   statute   cited   in   paragraph   153   of   the

Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations

are contained in paragraph 154 of the Consolidated Complaint-Class Action, Defendant

denies said allegations.

155.   At no point prior to the time Nelson obtained Balbarin's consumer report or the information therein did Nelson or any other of the named defendants have a relationship with Balbarin.

**ANSWER:**   Defendant denies the allegations contained in paragraph 155 of the Consolidated Complaint-Class Action.

156.   Because Balbarin was obviously not the consumer liable on the debt, Defendant Nelson's collection efforts were unrelated to a proper credit transaction involving Balbarin and as such violated the FCRA. Pintos v. Pac. Creditors Ass'n, 504 F.3d 792 (9th Cir. 2007).

**ANSWER:**   Defendant denies the allegations contained in paragraph 156 of the Consolidated Complaint-Class Action.

157.   15 U.S.C. §1681n, in pertinent part, provides:

> (a) In general
> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
> (1)
> (A)      any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
> (B)      in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> (2)      such amount of punitive damages as the court may allow; and
> (3)      in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER:**   Defendant states that the statute cited in paragraph 157 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 157 of the Consolidated Complaint-Class Action, Defendant denies said allegations.

158.   15 U.S.C. §1681o, in pertinent part, provides:

> (a) In general
> Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER:**   Defendant states that the statute cited in paragraph 158 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 158 of the Consolidated Complaint-Class Action, Defendant denies said allegations.

159.   Defendant Nelson willfully or alternatively negligently violated the FCRA.

**ANSWER:**   Defendant denies the allegations contained in paragraph 159 of the Consolidated Complaint-Class Action.

160.   Balbarin has suffered actual damages as a result of Nelson's conduct.

**ANSWER:**   Defendant denies the allegations contained in paragraph 160 of the Consolidated Complaint-Class Action.

## COUNT VIII - TCPA - CLASS CLAIM

161.   Plaintiffs incorporate paragraphs 1-108 above.

**ANSWER:**   All allegations incorporated by reference in paragraph 161 of the Consolidated Complaint-Class Action are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

162.   This count is brought on behalf of Plaintiff Balbarin against Defendant Nelson, Watson & Associates, LLC only.

**ANSWER:**     Defendant states that paragraph 162 of the Consolidated Complaint does

not require a responsive pleading.

      163.   The TCPA, 47 U.S.C. §227, provides:

> § 227. Restrictions on use of telephone equipment
>
> . . . (b) Restrictions on use of automated telephone equipment.
>
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; …

**ANSWER:**     Defendant states that the statute cited in paragraph 163 of the

Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations

are contained in paragraph 163 of the Consolidated Complaint-Class Action, Defendant

denies said allegations.

      164.   The TCPA, 47 U.S.C. §227(b)(3), further provides:

> Private right of action.
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
>> (A)   an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**ANSWER:**   Defendant states that the statute cited in paragraph 164 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 164 of the Consolidated Complaint-Class Action, Defendant denies said allegations.

165.    Defendant Nelson, Watson & Associates, LLC violated the TCPA by placing automated calls to Balbarin's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

**ANSWER:**   Defendant denies each and every allegations contained in paragraph 165 of the Consolidated Complaint-Class Action.

166.    Plaintiff Balbarin brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3) against Defendant Nelson, Watson & Associates, LLC defined as: (a) All persons with a cellular telephone numbers in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor (for example, where the number was obtained through skip tracing or captured by Defendant Nelson, Watson & Associates, LLC's equipment from an inbound.)

**ANSWER:**   Defendant admits that plaintiff purports to bring this action as a class action, but denies that this action or plaintiff's proposed class definitions meet the requirements of Fed.R.Civ.P. 23.

167.   The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:**   Defendant denies each and every allegation of paragraph 167 of the Consolidated Complaint – Class Action.

168.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.   Whether Defendant Nelson, Watson & Associates, LLC engaged in a pattern of using automated equipment to place calls to cellular telephones, and leave prerecorded messages;

b.   The manner in which Defendant Nelson, Watson & Associates, LLC obtained the cell phone numbers;

c.   Whether Defendant Nelson, Watson & Associates, LLC thereby violated the TCPA;

**ANSWER:**   Defendant denies each and every allegation of paragraph 168 of the Consolidated Complaint – Class Action, including subparts a, b and c.

169.   Balbarin will fairly and adequately protect the interests of the class. Balbarin has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Balbarin nor Balbarin's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:**   Defendant denies each and every allegation of paragraph 169 of the Consolidated Complaint – Class Action.

170.   A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Nelson,

Watson & Associates, LLC is small because it is not economically feasible to bring individual actions.

**ANSWER:**   Defendant denies each and every allegation of paragraph 167 of the

Consolidated Complaint – Class Action.

171.   Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03CH 15615(Cir.Ct.CookCo.,March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER:**   Defendant states the case law cited in paragraph 183 of the Consolidated

Complaint-Class Action speaks for itself.  To the extent factual allegations are contained

in paragraph 183 of the Consolidated Complaint-Class Action, Defendant denies said

allegations.

172.   Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:**   Defendant denies each and every allegation contained in paragraph 172

of the Consolidated Complaint – Class Action.

## COUNT IX - TCPA - CLASS CLAIM

173.   Plaintiffs incorporates paragraphs 1-108 above.

**ANSWER:**   All allegations incorporated by reference in paragraph 173 of the Consolidated Complaint-Class Action are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

174.   This count is brought on behalf of Plaintiff Balbarin against Defendant Blitt and Gaines, P.C. only.

**ANSWER:**   Defendant states that paragraph 174 of the Consolidated Complaint-Class Action does not require a responsive pleading.

175.   The TCPA, 47 U.S.C. §227, provides:

> § 227. Restrictions on use of telephone equipment
>
> . . . (b) Restrictions on use of automated telephone equipment.
>
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . .

**ANSWER:**   Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.   Defendant states that the statute cited in paragraph 175 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 175 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

176.    The TCPA, 47 U.S.C. §227(b)(3), further provides:

> Private right of action.
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
>> (A)    an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B)    an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C)    both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**ANSWER:**    Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.    Defendant states that the statute cited in paragraph 176 of the Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 176 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

177.    Defendant Blitt and Gaines, P.C. violated the TCPA by placing calls to Balbarin's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

**ANSWER:**    Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph 177 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

> 178. Plaintiff Balbarin brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3) against Defendant Blitt and Gaines, P.C. defined as: (a) All persons with a cellular telephone numbers in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls with a prerecorded message from Defendant Blitt and Gaines, P.C. (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Blitt & Gaines' records do not show that the person provided the number to Defendant Blitt & Gaines or the original creditor (for example, where the number was obtained through skip tracing or captured by Defendant Blitt & Gaines equipment from an inbound.)

**ANSWER:**  Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 178 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

> 179. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:**  Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 179 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

> 180. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:
>
> a. Whether Defendant Blitt & Gaines engaged in a pattern of using automated equipment to place calls to cellular telephones and leave pre-recorded messages;

b.    The manner in which Defendant Blitt & Gaines obtained the cell phone numbers;

c.    Whether Defendant Blitt & Gaines thereby violated the TCPA;

**ANSWER:**    Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 180 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

181.    Plaintiff Balbarin will fairly and adequately protect the interests of the class. Balbarin has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Balbarin nor Balbarin's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:**    Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 181 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

182.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Blitt & Gaines is small because it is not economically feasible to bring individual actions.

**ANSWER:**    Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 182 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

183.    Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246

F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03CH 15615(Cir.Ct.CookCo.,March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER:**   Count IX of the Consolidated Complaint – Class Action is not directed to this Defendant.   Defendant case law cited in paragraph 183 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 183 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

## COUNT X – FDCPA – INDIVIDUAL CLAIM

184.   Plaintiffs incorporate paragraphs 1-108.

**ANSWER:**   All allegations incorporated by reference in paragraph 184 of the Consolidated Complaint-Class Action are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

185.   This count is brought on behalf Plaintiff Hubbs against Defendants WWR and Trak America only.

**ANSWER:**   Defendant states that paragraph 185 of the Consolidated Complaint-Class Action does not require a responsive pleading.

186.   WWR engaged in both a deceptive practice and an unfair practice, in violation of the FDCPA, 15 U.S.C. §§1692e and 1692f, by filing legal

action on time-barred debts. Kimber v. Federal Financial Corp., 668 F.
Supp. 1480 (M.D. Ala. 1987).

**ANSWER:**   Count X of the Consolidated Complaint – Class Action is not directed to

this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph 186 of the Consolidated Complaint-Class

Action, and therefore denies said allegations.

187.   Trak America engaged in both a deceptive and unfair practice by causing
WWR to file the time-barred lawsuit against Hubbs.

**ANSWER:**   Count X of the Consolidated Complaint – Class Action is not directed to

this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph 187 of the Consolidated Complaint-Class

Action, and therefore denies said allegations.

## COUNT XI – ILLINOIS COLLECTION AGENCY ACT –
## INDIVIDUAL CLAIM

188.   Plaintiffs incorporate paragraphs 1-108.

**ANSWER:**   All allegations incorporated by reference in paragraph 188 of the

Consolidated Complaint-Class Action are admitted and denied in the same manner and

to the same extent as said allegations are otherwise admitted and denied herein.

189.   This claim is brought on behalf of Plaintiff Hubbs against Defendant Trak
America only.

**ANSWER:**   Defendant states that paragraph 189 of the Consolidated Complaint-Class

Action does not require a responsive pleading.

190.   Defendant Trak America violated the following provisions of 225 ILCS
425/9 by causing the filing of time-barred lawsuits against Hubbs:

. . . (20) Attempting or threatening to enforce a right or
remedy with knowledge or reason to know that the right or
remedy does not exist.

**ANSWER:**   Count XI of the Consolidated Complaint – Class Action is not directed to this Defendant.   Defendant states that the statute cited in paragraph 190 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 190 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

191.   The filing and prosecution of both lawsuits against Hubbs also violated 225 ILCS 425/8a-1(a).

**ANSWER:**   Count XI of the Consolidated Complaint – Class Action is not directed to this Defendant.   Defendant states that the statute cited in paragraph 191 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 191 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

192.   A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:**   Count XI of the Consolidated Complaint – Class Action is not directed to this Defendant.   Defendant states that the statute cited in paragraph 192 of the Consolidated Complaint-Class Action speaks for itself.   To the extent factual allegations are contained in paragraph 192 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

193.   Plaintiff Hubbs was damaged as a result.

**ANSWER:**  Count XI of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 193 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

<u>**COUNT XII – FDCPA – CLASS CLAIM**</u>

194.  Plaintiffs incorporate paragraphs 1-108.

**ANSWER:**  All allegations incorporated by reference in paragraph 194 of the Consolidated Complaint-Class Action are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

195.  This claim is brought on behalf of both Plaintiffs, Balbarin and Hubbs, against Trak America, North Star, WWR, and Blitt & Gaines.

**ANSWER:**  Defendant states that paragraph 195 of the Consolidated Complaint-Class Action does not require a responsive pleading.

196.  Trak America engaged in a deceptive practice, in violation of the FDCPA, 15 U.S.C. §1692e(14), when Trak America caused communications, namely the Cook County complaints, to be sent to plaintiffs without simultaneous disclosure of Trak America's identity.

**ANSWER:**  Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 196 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

197.  FDCPA § 1692e(14) prohibits, "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . ."

**ANSWER:**  Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.   Defendant states that the statute cited in paragraph 197 of the

Consolidated Complaint-Class Action speaks for itself.  To the extent factual allegations are contained in paragraph 197 of the Consolidated Complaint-Class Action, Defendant is without sufficient knowledge to form a belief as to the truth of those allegations, and therefore denies said allegations.

198.   In managing the state court matter against Plaintiff Balbarin, Trak America concealed its identity, and used North Star's name (with North Star's agreement) to directly or indirectly attempt to collect a debt in North Star's name on the state court matter's complaint, trial call order to which the exparte judgment in the state court matter was entered, affidavit and Order of Wage Garnishment.

**ANSWER:**   Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 198 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

199.   Trak America, WWR, and Blitt engaged in an unfair and deceptive practice, in violation of the FDCPA, 15 U.S.C. §§1692e and 1692f, by filing lawsuits in which WWR and Blitt were receiving instructions and communications from Trak America and not the owners of the accounts, under circumstances where such conduct was prohibited by state law.

**ANSWER:**   Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 199 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

200.   Trak America's conduct violates 15 U.S.C. 1692e(14).

**ANSWER:**   Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 200 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

## CLASS ALLEGATIONS

201.    Plaintiffs bring this claim on behalf of a class and two subclasses.

**ANSWER:**    Count XII of the Consolidated Complaint – Class Action is not directed to

this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph 201 of the Consolidated Complaint-Class

Action, and therefore denies said allegations.

202.    The class consists of (a) all natural persons (b) against whom a lawsuit
was filed in an Illinois court (c) in a case sent to a lawyer by Trak America
(d) which lawsuit was filed during a period beginning on a date one year
prior to the filing of this action and ending 20 days after the filing of this
action.

**ANSWER:**    Count XII of the Consolidated Complaint – Class Action is not directed to

this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph 202 of the Consolidated Complaint-Class

Action, and therefore denies said allegations.

203.    The first subclass (subclass A) consists of class members whose cases
were sent to WWR.

**ANSWER:**    Count XII of the Consolidated Complaint – Class Action is not directed to

this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph 203 of the Consolidated Complaint-Class

Action, and therefore denies said allegations.

204.    The second subclass (subclass B) consists of class members whose
cases named North Star as the Plaintiff.

**ANSWER:**    Count XII of the Consolidated Complaint – Class Action is not directed to

this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth

of the allegations contained in paragraph 204 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

205.    The class and subclasses are each so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class and subclasses.

**ANSWER:**    Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 205 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

206.    There are questions of law and fact common to the members of the class and subclasses, which common questions predominate over any questions that affect only individual class members. The predominant common questions are (a) whether the nondisclosure of Trak America's involvement violates the FDCPA and (b) whether allowing a lay corporation such as Trak America to direct and manage collection lawsuits under circumstances prohibited by state law and likely to give rise to improper acts harming the persons sued is deceptive or unfair, in violation of the FDCPA.

**ANSWER:**    Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 206 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

207.    Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 207 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

208. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:**   Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 208 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

209. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:**   Count XII of the Consolidated Complaint – Class Action is not directed to this Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 209 of the Consolidated Complaint-Class Action, and therefore denies said allegations.

AND NOW, in further Answer to the Complaint, Defendant NELSON WATSON & ASSOCIATES, LLC, avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against NELSON WATSON & ASSOCIATES, LLC upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff gave express consent or NELSON WATSON & ASSOCIATES, LLC reasonably concluded that it had express consent from plaintiff to make such calls.

## THIRD AFFIRMATIVE DEFENSE

One or more of the counts in the Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by plaintiff, was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by NELSON WATSON & ASSOCIATES, LLC.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff Balbarin failed, refused, and/or neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing any recovery for any alleged violations of the law, which NELSON WATSON & ASSOCIATES, LLC denies occurred.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's proposed class definition fails to comply with Federal Rule of Civil Procedure 23, and this action is not otherwise proper for class action certification.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff Balbarin is not a proper class representative for the proposed classes on whose behalf she purports to bring her class claims.

### EIGHTH AFFIRAMTIVE DEFENSE

While NELSON WATSON & ASSOCIATES, LLC denies that it called Balbarin in violation of the TCPA, and while NELSON WATSON & ASSOCIATES, LLC further denies that it carries the burden of establishing prior express consent under the TCPA, 47 U.S.C. § 227(b)(1)(A), out of an abundance of caution, NELSON WATSON & ASSOCIATES, LLC asserts that Balbarin provided prior express consent to any complained-of telephone calls, as did the proposed class members.

### NINTH AFFIRMTIVE DEFENSE

NELSON WATSON & ASSOCIATES, LLC denies that any calls it made, or any equipment it was using to make those calls, were regulated by the TCPA.

### TENTH AFFIRMTIVE DEFENSE

While NELSON WATSON & ASSOCIATES, LLC denies that it has any liability under the TCPA, NELSON WATSON & ASSOCIATES, LLC asserts that it did not willfully violate the TCPA, and any violations that may have occurred, and which NELSON WATSON & ASSOCIATES, LLC denies, were unintentional.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified. Defendant reserves the right to amend its Affirmative Defenses to address those potential defenses.

WHEREFORE, Defendant, NELSON, WATSON & ASSOCIATES, LLC, prays that judgment be entered in its favor and against the Plaintiffs, Joanne F. Balbarin and Carla A. Hubbs, and that pursuant to federal law, Plaintiffs be ordered to pay reasonable attorneys' fees and costs incurred by NELSON, WATSON & ASSOCIATES,

LLC, and for all other general and equitable relief this honorable Court deems just and proper under the circumstances.

Dated:  June 24, 2010                                    NELSON, WATSON & ASSOCIATES, LLC


                                                         /s/ Jason E. Hunter
                                                            Jason E. Hunter
                                                            LITCHFIELD CAVO LLP
                                                            Their Attorneys

Jason E. Hunter (A.R.D.C. No. 6237345)
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3300
(312) 781-6618,-6587
(312) 781-6630 Fax