IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE F. BALBARIN,<br>on behalf of herself and a class and subclasses,<br><br>Plaintiff,<br><br>v.<br><br>NORTH STAR CAPITAL ACQUISITION, LLC;<br>ZENITH ACQUISITION CORPORATION;<br>DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA;<br>BLITT and GAINES, P.C.; and NELSON, WATSON<br>& ASSOCIATES, LLC | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 10 C 1846<br><br>Judge Bucklo<br>Magistrate Judge Cox |
| CARLA A. HUBBS,<br>on behalf of herself and a class and subclasses,<br><br>Plaintiff,<br><br>v.<br><br>WELTMAN, WEINBERG & REIS CO., L.P.A.,<br>and DATA SEARCH NY, INC., d/b/a<br>TRAK AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 10 C 2154<br>(Reassigned for Relatedness)<br><br>Judge Bucklo<br>Magistrate Judge Cox |

**PLAINTIFF BALBARIN'S MOTION TO COMPEL DISCOVERY REGARDING
CLASSWIDE EXPRESS PRIOR CONSENT,
OR IN THE ALTERNATIVE,
TO STRIKE NELSON, WATSON & ASSOCIATES, LLC'S
EIGHTH AFFIRMATIVE DEFENSE**

NOW COMES, Plaintiff Joanne F. Balbarin ("Plaintiff") and respectfully requests that this Honorable Court enter an Order compelling Defendant Nelson, Watson & Associates, LLC ("NWA") to fully respond to class discovery regarding NWA's purported Eighth Affirmative Defense of express prior consent, or in the alternative strike the Eighth Affirmative Defense.

In support of this motion Plaintiff states:

**INTRODUCTION**

Plaintiff sued NWA for violating the Telephone Consumer Protection Act, 47 U.S.C § 227, ("TCPA"), by using an automatic telephone dialing system with an artificial or prerecorded voice that placed multiple calls to her cell phone without her express prior consent. Discovery has shown that NWA systematically obtained Plaintiff's cellular telephone number and those of the class members from Experian consumer reports.[1] Plaintiff has alleged on a classwide basis that there was no express prior consent for NWA to place such calls to her and the class' cellular telephones. 47 U.S.C. § 227(b)(1)(A)(iii).

Despite NWA's generalized practice of obtaining all telephone numbers related to a person from their Experian consumer report and placing those numbers into a queue to be called indiscriminately by NWA's autodialer, NWA has asserted in its Eighth Affirmative Defense, in pertinent part, "Balbarin provided prior express consent to any complained-of telephone calls, as did the proposed class members" (Doc. 54, p. 64).

Plaintiff in discovery has requested NWA in document request No. 7 to provide documents and to state facts, in Interrogatory No. 9, that support its Eighth Affirmative Defense of prior express consent. A copy of NWA's discovery responses at issue are attached hereto as Exhibit A. Defendant has not provided any documents or stated specific facts as to Plaintiff or any class member that demonstrate that Plaintiff or any class member themselves gave prior express consent for their cellular telephone number to be called by NWA's autodialer.

Plaintiff now moves this Court to Order Defendant to produce all documents response to

---

[1] If order to facilitate NWA tendering any document in response to Plaintiff's document production requests, Plaintiff agreed that all documents produced by NWA are "attorney's eye's only." Plaintiff after reviewing the documents has objected to this designation. Plaintiff will have these documents available for the Court's review upon the presentment of this motion.

Document Request No. 7, and to state specific facts as to each class member it claim gave express prior consent, Interrogatory No. 9, that support its Eighth Affirmative Defense that Plaintiff and each class member gave NWA express prior consent to call their cellular telephone prior to the first autodialed phone call by NWA. In the alternative, Plaintiff requests that this Court strike NWA's Eighth Affirmative Defense.

**RULE 37 & LOCAL RULE 37.2**

On August 24, 2010, Plaintiff's counsel, Curtis C. Warner ("Plaintiff's Counsel"), met face-to-face with NWA's counsel, Patrick J. Ruberry, and explained the NWA improperly objected to Interrogatory No. 9. This conversation was followed up with a letter requesting NWA fully respond without objection to Interrogatory No. 9 and Document Production Request No. 7. Exhibit B. Mr. Ruberry, however considered this attempt to discuss the discovery dispute not any sort of a recognized meet and confer under Local Rule 37.2. Exhibit C.

On August 31, 2010, after Plaintiff's first motion to compel discovery on another discovery issue, class numerosity, Plaintiff's counsel and NWA's counsel Jason Hunter ("Defendant's counsel") had a face-to-face meeting in which Plaintiff's counsel stressed the need for the discovery regarding NWA's asserted classwide consent defense. At this meeting, counsel for the parties agreed to limit the scope of the pending motion to compel numerosity to those person's with cellular telephone for three area codes for a one year time period, Exhibit D, and that NWA only needed to respond to discovery regarding this limited 50-person sample of the proposed class. Exhibit E.

On September 9, 2010, Plaintiff's counsel and Defendant's counsel had another face-to-face meeting as a follow-up to Plaintiff's discovery issues outlined in the August 24, 2010 letter.

3

On September 21, 2010, after NWA had complied with the narrowing of the discovery request to the number and identity of the class members, Interrogatory 8 of the previous motion to compel, NWA produced 50 debtors' "overview files" for a one-year time period limited to the 312 and 773 area codes, Plaintiff's and Defendant's counsel had another face-to-face meeting wherein Plaintiff's counsel asked if NWA had produced the complete files related to the 50 person random sample. Exhibit F, pp. 2-4 .

On September 23, 2010, Defendant's counsel produced additional documents of the placement file for each of the 50-person sample, but none of the records produced by NWA demonstrate that any class member themselves gave prior express consent for NWA to call their cell phone prior to the first autodialed call by NWA. Id., p. 1.

Plaintiff's counsel has in good faith conferred with Defendant's counsel to make disclosure or discovery in an effort to obtain it without court action as required under Rule 37(a)(1) and Local Rule 37.2.

## THE DISCOVERY AT ISSUE

**INTERROGATORY NO. 9**. If you contend that any person responsive to Interrogatory 8 above [the proposed class definition] provided express consent to receive telephone calls on a cellular telephone, or use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice, please explain as to each person identified the basis for such contention specifically, including citation to the bates number of all documentary evidence you contend supports such, and state the exact date NWA received such express consent or document evidencing express consent.

**ANSWER:** **Objection. This interrogatory is overly broad, unduly burdensome, premature and vague. Defendant is unable to answer this interrogatory in its present form due to its burdensome nature.**

**[Document Request No.] 7.** All documents that demonstrate NWA had the express consent to call each person with a cellular telephone numbers in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872), on or after March 24, 2006 and on or before April 13, 2010, using an automated dialer to dial the number with a prerecorded message from Defendant NWA in an attempt to collect a debt on behalf of North Star.

4

**RESPONSE: Defendant objections to this request as overly broad, vague and unduly burdensome. Furthermore, the production request does not specify specific numbers but simply area codes making it impossible for this defendant to identify specific numbers and provide any information relating to consent.**

<u>Exhibit A.</u>

## ARGUMENT

NWA's purported Eighth Affirmative Defense asserted a "prior express consent" blanket defense in its answer pursuant to 47 U.S.C. § 227(b)(1)(A). If sued, a TCPA defendant has the burden of proof to show that it had "prior express consent" to make autodialed calls and/or leave prerecorded messages to cell phones as noted by the FCC as follows:

> Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.[38]
> 
> ***
> 
> [fn38] A third party collector may also be liable for a violation of the Commission's rules. In addition, prior express consent provided to a particular creditor will not entitle that creditor (or third party collector) to call a consumer's wireless number on behalf of other creditors, including on behalf of affiliated entities.

*In re Rules and Regulations Implementing the TCPA*, GC Docket 02-278; 07-232, at 7, fn 38 (January 4, 2008), attached as <u>Exhibit G</u>. "Congress has delegated the FCC with the authority to make rules and regulations to implement the TCPA" and therefore its orders have the force of law. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009) (*citing Chevron v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843-44 (1984); 47 U.S.C. § 227(b)(2)). As such the FCC's order setting the burden of consent on the entity that used the autodialer is the law. *Id*.

The burden of proof regarding an affirmative defense is "preponderance of the evidence" standard. *New Jersey v. New York*, 523 U.S. 767, 786-87 (1998). A plaintiff facing an affirmative defense is entitled to discovery on the defense -- even in a class action setting. Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352-53, n.13 (1978). It is axiomatic that the party that asserts a defense is responsible for proving that defense, and the opposing party has a right to request upon what facts and legal theories that defense is based. *Oppenheimer*, 437 U.S. at 352-53; Fed. R. Civ. P. 26(b)(1); Comment to Fed. R. Civ. P. 26(b)(1) ("The Committee intends that the parties and the court focus on the actual claims and <u>defenses</u> involved in the action.") (Emphasis added)

Plaintiff therefore issued Interrogatory 9 and Document Production Request No. 7 relating to NWA's purported classwide "prior express consent" defense. Now, on September 23, 2010, Defendant for the first time has taken the position that, "NWA is unable to **definitively** determine **every instance** where consent existed to call a particular cellular phone number absent a detailed review of (1) each individual account history, and (2) other individualized documents." <u>Exhibit F</u> (emphasis in the original). Plaintiff needs the information relating to NWA's asserted defense in order to prepare her case, and therefore requests that the Court compel NWA to provide all facts and documents which its Eighth Affirmative Defense relies upon by date certain, or in the alternative strike the defense.

Even though Plaintiff has narrowed her requests in Interrogatory No. 9 and Document Request No. 7 to just a mere 50 persons who NWA has files on containing collection notes describing how NWA obtained the person's telephone numbers from Experian and other financial data contained in those consumer reports, it cannot even produce a single document or

state a specific fact to support its Eighth Affirmative defense that Plaintiff and each class member themselves gave prior express consent for NWA to place a telephone call to their cellular telephone using an autodialer. This lack of discovery production is amazing at this stage of the litigation as NWA first raised the affirmative defense of classwide express prior consent on June 24, 2010. (Doc. 54).

These discovery responses and production Plaintiff seeks here are clearly discoverable. Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
>
> Parties may obtain discovery <u>regarding any nonprivileged matter that is</u> <u>relevant to any party's claim or **defense**</u> -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. [Emphasis added.]

*Morris v. Swank Educ., Enters.*, case no. 04 C 50056, 2004 U.S. Dist. LEXIS 16655 (N.D. Ill. Aug. 20, 2004); *Thomas v. Bowman Heintz Boscia & Vician, P.C.*, 2008 WL 5070471 (S.D.Ind. Nov. 26, 2008); *EEOC v. Bloomin' Apple Rockford I, LLC*, case no. 04 C 50375, 2006 U.S. Dist. LEXIS 2708 (N.D. Ill. Jan. 24, 2006); cf. *Martinez v. Baldwin Steel Co.-Chicago Div.*, 2000 WL 1029228 (N.D.Ill. July 26, 2000) (holding that affirmative defenses were waived because they were raised at the eleventh hour of discovery period).

In *Donnelly v. NCO Fin. Sys.,* 09 C 2264, 2009 U.S. Dist. LEXIS 124730 (N.D. Ill. Dec. 16, 2009), another cellular telephone case brought as a class action under the TCPA, another court noted that, "Plaintiff wants NCO to produce a list of all persons it called on cellular telephones with area code 312 or 773 and using a predictive dialer or automatic voice, since August 19, 2008." *Id.*, at * 6. (Defendant's objections *overruled by*, *Donnelly v. NCO Fin. Sys.,* 09 C 2264, Dkt. 70, Minute Order (N.D. Ill. Jan. 13, 2010) (Guzman, J.) ("For the reasons set forth in this order, the Court overrules NCO's objections to Magistrate Judge Nolan's December

16, 2008 order and directs NCO to comply fully with it or face sanctions that may include striking its defenses.").

More importantly, the court in *Donnelly* ultimately concluded that, "This court agrees with Judge Keys's sound reasoning in *Fike* and finds that NCO must produce the requested class-wide documents and information relating to its prior express consent defense." *Id*., at *9. Therefore, NWA should be compelled to produce the requested discovery regarding its consent defense, or in the alternative, have its Eighth Affirmative Defense struck.

## CONCLUSION

WHEREFORE, Plaintiff requests this Honorable Court to enter an Order compelling NWA to produce all documents and state all facts in its possession related to its Eighth Affirmative Defense as to the 50-person sample, or in the alternative strike NWA's Eighth Affirmative Defense in its entirety.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)