# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1846 | **DATE** | 11/9/2010 |
| **CASE TITLE** | Joanne F. Balbarin vs. North Star Capital Acquisition, LLC, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel [101] is granted. Defendant is ordered to provide information responsive to the discovery requests on or before 11/24/10.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

In this putative class action plaintiff alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, claiming that defendant's alleged use of an automatic dialing system with an artificial or pre-recorded voice that placed multiple calls to her cell phone without her express prior consent. Defendant has alleged in an affirmative defense that plaintiff (and unnamed class members) have consented to these calls. Plaintiff seeks to compel responses to Interrogatory No. 9 and Request to Produce No. 7. Both of these discovery requests seek information which supports defendant's asserted "prior express consent" defense.

In an agreement, which the Court finds highly constructive in this kind of a case, the parties agreed to limit defendant's response to a fifty person random sample of the putative class. However, defendant continues to object to this discovery. These objections are overruled.

Defendant's primary objection is that plaintiff has not yet obtained class certification and that it should not be forced to respond to burdensome class-wide discovery unless and until she does. This objection lacks merit for a number of reasons. First, the district judge in this case did not bifurcate discovery here. All discovery is ordered closed on February 9, 2011. Further, this discovery is hardly class-wide, but limited to fifty possible class members. We are entirely persuaded by the opinion of our colleague, Judge Nolan, that a defendant in such an action must produce documents and information regarding its prior express defense. *Donnelly v. NCO Financial Systems, Inc.* 263 F.R.D. 500, 504 (N.D. Ill. 2009). We note that the court in that case ordered such discovery on a class-wide basis and found that the benefit of the discovery outweighed the burden and expense. *Id.* In this case, plaintiff only has requested this information for a random fifty person sample.

We also find unavailing defendant's argument that it does not possess these documents itself, but will have to obtain them at great expense from third parties. If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place. If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

| STATEMENT |
|---|
| Defendant is ordered to provide information responsive to the discovery requests on or before November 24, 2010. Plaintiff's motion to compel is, thus, granted [dkt 101]. |