3214-12D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOANNE F. BALBARIN, on behalf of herself and a class and subclasses, )<br><br>Plaintiff, )<br><br>v. )<br><br>NORTH STAR CAPITAL ACQUISITION, LLC; ZENITH ACQUISITION CORPORATION; DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; BLITT and GAINES, P.C.; and NELSON, WATSON & ASSOCIATES, LLC ) | 10 C 1846<br><br>Judge Bucklo<br>Magistrate Judge Cox |

| | |
|---|---|
| CARLA A. HUBBS, on behalf of herself and a class and subclasses, )<br><br>Plaintiff, )<br><br>v. )<br><br>WELTMAN, WEINBERG & REIS CO., L.P.A., and DATA SEARCH NY, INC., d/b/a TRAK AMERICA, )<br><br>Defendants. ) | 10 C 2154<br>(Reassigned for Relatedness)<br><br>Judge Bucklo<br>Magistrate Judge Cox |

## DEFENDANT NELSON, WATSON & ASSOCIATE'S MOTION TO AMEND ORDER COMPELLING PRODUCTION

NOW COMES defendant, Nelson, Watson & Associates, LLC, ("NWA") by and through its attorneys, LITCHFIELD CAVO, LLP, in support of its motion to amend this court's November 9, 2010 compelling production of certain documents states as follows:

1.      On November 9, 2010, this court granted plaintiff's motion to compel the production of certain documents which will substantiate NWA's affirmative defense of consent

in this Telephone Consumer Protection Act matter, and thereby ordered NWA to comply with the request on or before November 24, 2010 [doc. 121].

2. The court limited the responsive production to the fifty (50) sample files as previously agreed to by the parties. [doc. 121].

3. Defendant NWA had advised this court that the documents in question were not in its possession or control, but would need to be subpoenaed from the various creditors where the accounts in question had originated. [doc. 112, p. 8].

4. In light of this court's order, on November 12, 2010, NWA subpoenaed the credit applications, agreements and other records which will reflect consent for the potential class members in the identified sample files from Capital One Services, CitiBank, Wells Fargo Financial, Certegy, and other financial institutions with a return date of November 22, 2010. See Example Subpoena, Exhibit 1.

5. On November 17, 2010, counsel for NWA received a telephone call from Terri Melanson who identified herself as being responsible for responding to the seven (7) subpoenas NWA served upon Cetergy Check Services.

6. Ms. Melanson advised that due to Certegy's inability to immediately access the archived records necessary to respond to the subpoenas and the upcoming Thanksgiving holiday week, Certegy will be unable to respond until approximately December 1, 2010. See affidavit of counsel for NWA, Jason E. Hunter, attached hereto as Exhibit 2.

7. NWA is concerned that the remaining subpoenaed entities will respond in kind and NWA will not be able to fully comply with this court's November 24, 2010 deadline, despite the November 22, 2010 return date requested on the subpoenas.

8. This motion is not intended to delay any proceeding in this matter and is simply a request to allow the non-party institutions sufficient time to respond to the subpoenas which have been served upon them.

WHEREFORE, the defendants, Nelson, Watson & Associates, LLC, respectfully asks this Court to:

    a. Vacate the November 14, 2010 deadline for NWA to respond to the production request of plaintiff [Doc. 121];

    b. Reset defendant's deadline to provide the responsive discovery for fourteen (14) additional days to December 8, 2010; and,

    c. For any other relief this court deems just and equitable.

LITCHFIELD CAVO, LLP.

By: /s/ Jason E. Hunter
Attorneys for the defendant,
Nelson, Watson & Associates, LLC

Jason Hunter
Philip F. Cuevas
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL 60606-3300
(312) 781-6587
(312) 781-6630 fax

## CERTIFICATE OF SERVICE

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing Nelson, Watson & Associates, LLC's Motion to Amend Order by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 18th day of November, 2010.

/s/ Jason E. Hunter
Attorneys for the defendant,
Nelson, Watson & Associates, LLC

Jason Hunter
Philip F. Cuevas
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

AO88 (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF ILLINOIS

Joanne F. Balbarin
        Plaintiff,

v.

North Star Capital Acquisition, LLC, et al.
        Defendant.

Civil Action No: 10 cv 01846

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   Certegy Check Services, Inc.
       c/o C T Corporation System
       208 South LaSalle Street, Suite 814
       Chicago, IL 60604

Attorneys of Record

[✓] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **Any and all documents relating to the account ending in 5483 which was issued to [REDACTED] including but not limited to the original credit card application, agreement and supplemental credit card endorsements, as well as any other contract(s) or agreement(s). See information rider attached as Exhibit 1.**

| PLACE: | DATE AND TIME: |
|---|---|
| Litchfield Cavo, LLP., 303 West Madison Street, Suite 300, Chicago, IL 60606 | November 22, 2010 at 9:30 |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME: |
|---|---|
|  |  |

    The provisions of Fed.R.Civ.P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/12/2010

CLERK OF COURT

_____
*Signature of Clerk of Deputy Clerk*

OR /s/ [signature]
_____
*Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing (name of party) Nelson Watson & Associates, who issues or requests this subpoena are: Jason E. Hunter c/o Litchfield Cavo LLP., 303 West Madison Street, Suite 300, Chicago, IL 60606 (312) 781-6555.

**EXHIBIT 1**

NWA 03100

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)
**Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)**

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii

NWA 03101

<u>**Rider**</u>

Name of Account Holder:

Account Number:

Last Known Address:             **REDACTED**

Date of Birth:

Social Security Number:

NWA 03102

LITCHFIELD CAVO LLP

| | | Inv# | Amt | Inv# | Amt |
|---|---|---|---|---|---|
| DATE: | November 11, 2010 | 3214-12d | 40.00 | | |
| CHE #: | 28423 | | | | |
| AMOUNT: | $40.00 | | | | |
| ACCOUNT: | 100 | | | | |
| PAID TO: | CERTEGY CHECK SERVICES, INC. | | | | |
| | c/o CT Corporation System | | | | |
| | 208 South LaSalle Street, Suite 814 | | | | |
| | Chicago, IL | | | | |
| | 60604 | | | | |
| EXPLANATION: | Subpoena Fee, 3214-12d | | | | |

28423

LITCHFIELD CAVO LLP  Attorneys at Law
303 West Madison Street
Suite 300
Chicago, Illinois 60606

CITIBANK
THE CITIBANK PRIVATE BANK
CITIBANK, F.S.B.
500 WEST MADISON
CHICAGO, IL 60661

2-7080/2710

28423

PAY *** Forty ******************************************** 00/100

DATE 11/11/2010    AMOUNT $40.00

TO THE ORDER OF
CERTEGY CHECK SERVICES, INC.
c/o CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, IL 60604

AMOUNT NOT TO EXCEED $500

SECURITY FEATURES INCLUDED. DETAILS ON BACK.

⑆028423⑆ ⑈271070801⑈ 0800538149⑈

NWA 03103

Case: 1:10-cv-01846 Document #: 122 Filed: 11/18/10 Page 9 of 11 PageID #:1505

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Certegy Check Services, Inc.
c/o C T Corporation System
208 South LaSalle Street, Suite 814
Chicago, IL 60604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    RECEIVED        ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   NOV 1 6 2010

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service)  7010 2780 0000 9583 7078

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOANNE F. BALBARIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH STAR CAPITAL ACQUISITION, ) | Case No.: 10 CV 01846 |
| LLC; ZENITH ACQUISITION ) | |
| CORPORATION; DATA SEARCH N.Y. ) | Judge Bucklo |
| INC. d/b/a TRACKAMERICA; BLITT ) | |
| AND GAINES, P.C.; and NELSON, ) | Magistrate Judge Cox |
| WATSON & ASSOCIATES, LLC, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF JASON E. HUNTER

I, Jason E. Hunter, being first duly sworn, deposes and states as follows:

1. I am over the legal age of 18 years and am subject to no known legal disability.

2. I am an attorney with the law firm of Litchfield Cavo, LLP and represent defendant Nelson Watson & Associates in the above-captioned matter.

3. On or about November 16, 2010 a registered agent for Certegy was served with seven (7) subpoenas relating to the matter of *Joanne F. Balbarin, v. North Star Capital Acquisitions, LLC, et. al.; Action Number 10 cv 01846* requesting account information for seven (7) separate individuals.

4. On November 17, 2010, at approximately 3:50 p.m., I received a telephone call from a Certegy employee, Terri J. Melanson, advising that she was the person responsible for responding to the subpoenas received by Certegy.

5. Ms. Melanson stated that upon review, the requested information is believed to be archived and is not readily accessible. She stated that it will likely take



time in excess of the designated response period (November 22, 2010) to provide a full response to each subpoena.

6. She further stated that due to the upcoming Thanksgiving holiday week, and the anticipated delay in obtaining access to the information, Certegy will not likely be able to respond until approximately December 1, 2010.

7. Ms. Melanson confirmed that it is the intent of Certegy to promptly and fully comply with the subpoenas to the best of its ability.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Jason E. Hunter

SUBSCRIBED and SWORN
before me on this 18th day
of November, 2010.

_____
Notary Public

OFFICIAL SEAL
SHERRY DAVIS-BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/27/12

LITCHFIELD CAVO LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 (fax)