# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1846 | **DATE** | 1/5/2011 |
| **CASE TITLE** | Balbarin vs. North Star Capital Acquisition, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended motion for class certification of Count VIII of the consolidated complaint, which asserts violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") against Nelson, Watson & Associates, [51] is granted.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Plaintiff's amended motion for class certification of Count VIII of the consolidated complaint, which asserts violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") against Nelson, Watson & Associates, is granted. I assume based on developments in the case since the motion was filed, including plaintiffs' proposed class settlement with defendant Data Search N.Y., and its stipulation of dismissal of defendants North Star Capital Acquisition, Zenith Acquisition, and Blitt and Gaines, that the only class for which plaintiff still seeks certification is defined as: "(a) All persons with a cellular telephone numbers (sic) in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, © received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor."

Rule 23(a) provides for certification of a class when (1) the class is so numerous as to make joinder of all members impracticable, (2) there are common questions of law or fact, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately represent the class. *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802, 804 (N.D. Ill. 2008). Plaintiff seeks to certify the class under Rule 23(b)(3), which further requires that common questions of law or fact predominate over individual questions. *Id*.

| | Courtroom Deputy Initials: | PAMF |
|---|---|---|

**STATEMENT**

Class certification is appropriate in this case for essentially the reasons discussed in *Hinman*. Defendant seeks to distinguish *Hinman* on the ground that the "fax blasts" considered in that case are different from the pre-recorded, automated calls made to the putative class member's cell phones in this case. But the fact that the calls in this case were placed individually, rather than "blasted" in a single transmission to multiple numbers, is immaterial. The salient point is that in both cases, the numbers called were allegedly obtained through a third party, without the consent of the called party. Defendants articulate no reasoned basis for concluding that the calls here were made other than pursuant to a "standardized course of conduct vis-à-vis the class members," *Hinman*, 545 F. Supp. 2d 802, 806, regardless of whether the recipients' numbers were dialed on separate occasions or all at once in a unified "blast."

Moreover, defendants do not dispute that the putative class members' numbers were generally obtained through the use of a so-called "skip-tracing device," meaning that the class members did not provide the numbers directly either to defendant or to the original creditor on whose behalf the calls were made. Defendant's argument that the issue of consent precludes certification is therefore unavailing. While there may be a limited number of cases in which the number was obtained through other means than skip-tracing, there is no evidence that these individual issues predominate over common ones.

Finally, defendant's argument that plaintiff lacks standing because the cell phone number at which she was called was registered to her husband is also meritless. Defendants cite cases in which the individual who answered the call was someone other than the person to whom the call was directed. In this case, plaintiff was the intended recipient of the call.