IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE F. BALBARIN, on behalf of herself and a class and subclasses, | ) ) ) | |
| Plaintiff, | ) ) | 10 C 1846 |
| v. | ) ) | Judge Bucklo |
| NORTH STAR CAPITAL ACQUISITION, LLC; ZENITH ACQUISITION CORPORATION; DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; BLITT and GAINES, P.C.; and NELSON, WATSON & ASSOCIATES, LLC | ) ) ) ) ) ) | Magistrate Judge Cox |

| | | |
|---|---|---|
| CARLA A. HUBBS, on behalf of herself and a class and subclasses, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 10 C 2154 (Reassigned for Relatedness) |
| WELTMAN, WEINBERG & REIS CO., L.P.A., and DATA SEARCH NY, INC., d/b/a TRAK AMERICA, | ) ) ) ) | Judge Bucklo Magistrate Judge Cox |
| Defendants. | ) ) | |

**PLAINTIFF BALBARIN'S MOTION TO COMPEL DISCOVERY
REGARDING EXPRESS PRIOR CONSENT,
OR IN THE ALTERNATIVE,
FOR A REPORT AND RECOMMENDATION THAT
NELSON, WATSON & ASSOCIATES, LLC'S
EIGHTH AFFIRMATIVE DEFENSE IS STRUCK**

NOW COMES, Plaintiff Joanne F. Balbarin ("Plaintiff") and respectfully requests that this Honorable Court enter an Order compelling Defendant Nelson, Watson & Associates, LLC ("NWA") to fully respond to discovery regarding NWA's purported Eighth Affirmative Defense

of express prior consent, or in the alternative, or issue a report and recommendation striking NWA's Eighth Affirmative Defense.

In support of this motion Plaintiff states:

## INTRODUCTION

The Court is familiar with Plaintiff's certified class claim under the Telephone Consumer Protection Act, 47 U.S.C § 227, ("TCPA") and her position that Defendant needs to produce documents responsive to document request number 7 and state facts in Interrogatory number 9, (the "subject discovery requests") related to Defendant's Eighth Affirmative Defense of prior express consent. While Plaintiff's Motion for Class Certification was pending, this Court ordered Defendant to respond to the subject discovery requests, limited to a random 50-class member sample. (Doc. 121) *as amended* (Doc.s 124 and 137). On January 5, 2011, Judge Bucklo certified Plaintiff's TCPA class. (Doc. 142).

While Plaintiff's Motion for Class Certification was pending, this Court ordered Defendant to respond to the subject discovery requests, limited to a random 50-class member sample. (Doc. 121) *as amended* (Doc.s 124 and 137). On January 5, 2011, Judge Bucklo certified Plaintiff's TCPA class. (Doc. 142). Defendant has now used this Court's extensions of time in a dilatory manner, raising it as its first argument in support of its motion for reconsideration of Judge Bucklo certifying the class. (Doc. 150, pp. 2-5).

## RULE 37 & LOCAL RULE 37.2

On January 7, 2011, Plaintiff's counsel, Curtis C. Warner and Daniel A. Edelman ("Plaintiff's Counsel"), met face-to-face with NWA's counsel, Jason Hunter, and stated that in light of the class being certified that Plaintiff was requesting that Defendant fully respond to the subject discovery requests. A confirming e-mail was sent to Mr. Hunter. Exhibit A. On January

2

14, 2011, at approximately 10:30 a.m., Plaintiff's counsel Mr. Warner spoke with Defendant's counsel regarding the subject discovery requests. A confirming e-mail was sent to Mr. Hunter. Exhibit B. ("Thank you for taking the time to talk to me and informing me that Defendant is still in the decision making process regarding the production of a class list and providing facts and documents regarding its asserted classwide defense." On January 20, 2011, this issue was raised in open Court with counsel for the parties present.

Plaintiff's counsel has in good faith conferred with Defendant's counsel to make disclosure or discovery in an effort to obtain it without court action as required under Rule 37(a)(1) and Local Rule 37.2.

**ARGUMENT**

This Court is familiar with Plaintiff's legal arguments and found the subject discovery requests were relevant ordering Defendant to respond, but limited its responses to a 50-person sample. (Doc. 121). Now that Judge Bucklo has certified the class, complete production and responses to the subject discovery requests should be ordered. (Id.) (noting that "Defendant's primary objection is that plaintiff has not yet obtained class certification and that it should not be forced to respond to burdensome class-wide discovery unless and until she does.")

This Court further stated:

> We also find unavailing defendant's argument that it does not possess these documents itself, but will have to obtain them at great expense from third parties. If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place. If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

(Id.).

It has become apparent from Defendant's counsel's statements before this Court that prior to asserting its Eighth Affirmative Defense Defendant did not have any documents to

support its defense as to Plaintiff or the class members. *See In re Rules and Regulations Implementing the TCPA*, GC Docket 02-278; 07-232, at 7, fn 38 (January 4, 2008) (controlling authority as to what documents demonstrate prior express consent and that the burden of production is on the defendant). Likewise, although Defendant's counsel has made statements on the record regarding what Defendant thinks its own records show as consent as to a few class members, Defendant however has not provided any supplemental Interrogatory response, verified or otherwise.

Finally, from two Subpoena's Defendant issued to Capital One, Defendant has in its possession documents that demonstrate that neither Plaintiff, Joanne F. Balbarin, nor the identity thief using the name Joann F. Balba, provided Capital One with Plaintiff's cell phone number. Group Exhibit C (Redacted). However, Defendant has not answered the Interrogatory asking to state facts as to its affirmative defense against Plaintiff. If it does not have any facts to support its Defense as to Plaintiff, it should be required to do so or have the defense struck.

## CONCLUSION

WHEREFORE, Plaintiff requests this Honorable Court to enter an Order compelling NWA to produce all documents in its possession and state all facts related to its Eighth Affirmative Defense, or in the alternative, make a report and recommendation striking NWA's Eighth Affirmative Defense.

Respectfully submitted,

By: /s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601

4

(312) 238-9820 (TEL)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

*Co-Counsel for Plaintiff & the Certified Class*