Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1846 | **DATE** | 1/21/2011 |
| **CASE TITLE** | Balbarin vs. North Star, et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion (150) to reconsider is denied.. Pursuant to Joint Stipulation, plaintiffs and Trak America will have until 2/22/11 to file their motion for preliminary approval of class action settlement.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

    Defendant's motion to reconsider is denied. None of the three issues raised merits reconsideration. The first, that a "sampling" of putative class members is ongoing and may ultimately reveal individualized issues, does not preclude class certification. Defendant asserts that it has already received "many responses" from the parties it has subpoenaed for records, yet it cites only a single instance in which the loan documents obtained arguably demonstrate an individualized issue. Moreover, the evidence cited - that the individual provided her cellular phone number to the original debtor - tends to show not that individual consent issues predominate among class members, but instead that the individual in question is not a class member at all. I did not, as defendant hyperbolically contends, certify a class of "all persons Nelson called." Instead, I tailored the class so that it would capture those individuals whose numbers were obtained through defendant's routine use of third party information providers, but exclude individuals who provided their numbers to either defendant or the original debtor. The possibility that some putative class members might ultimately be found to be outside the class does not preclude class certification. *G.M. Sign,*

**STATEMENT**

*Inc., v. Franklin Bank, S.S.B.*, No. 06 C 949, 2008 WL 3889950 at *6 (Aug. 20, 2008) (Kocoras, J.) (rejecting as "illusory" the argument that class certification should be denied on the ground that an individualized inquiry would be required to ascertain class membership, explaining that each putative class member "would need a good-faith basis to believe that he or she satisfies the class definition before making a representation to this court to that effect.")

Defendant's second argument, that my order is inconsistent with *Cellco Partnership v. Dealers Warranty, LLC*, No. 09-1814, 2010 WL 3946713 (D.N.J. Oct 5, 2010), and *Leyse v. Bank of America*, No. 09-7654, 2010 WL 238240 (S.D.N.Y Jun. 14, 2010), is equally without merit. In *Cellco*, the court determined that the plaintiffs--who were not telephone subscribers at all, but the "telecommunications vendors" who purported to bring claims on behalf of their subscribers--lacked standing under the TCPA. The court reasoned that the relevant language of the TCPA "would require the party asserting the claim to be the party to whom the call is directed." *Id*. at *9. Defendant does not dispute that the call plaintiff claims to have received was directed to her. Accordingly, *Cellco* supports, rather than undermines, my decision. Likewise, the court in *Leyse* held that an "unintended and incidental recipient of the call" lacked standing under the TCPA. Again plaintiff claims to have received a call intended for her, so the Leyse scenario does not obtain here. *Versteeg v. Bennett, Deloney & Noyes*, No. 08-153 (D. Wyo. Jan. 13, 2011), is also inapposite. That case held a class too broad for including "all calls made to consumers by Defendants []," reasoning that it captured individuals who had not, in fact, received any calls at all. By contrast, the class definition here is limited to individuals who actually received calls.

Defendants' final argument, that my reliance on *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802 (N.D. Ill 2008), was in error, merits little comment. I explained the basis for my application of *Hinman*, and defendant has not shown that my conclusion amounts to a manifest error of law or fact. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.") Defendant's citation to the non-controlling case of *Hicks v. Client Services, Inc*. No. 07-61822, 2008 WL 5479111 (S.D. Fla. 2008), which declined to certify the class in that case (relying, I note, on cases I expressly declined to follow in *Hinman*), falls far short of meeting this burden.