**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOANNE F. BALBARIN, on behalf of herself and a class and subclasses, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH STAR CAPITAL ACQUISITION, LLC; ZENITH ACQUISITION CORPORATION; DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; BLITT and GAINES, P.C.; and NELSON, WATSON & ASSOCIATES, LLC )<br>_____<br>CARLA A. HUBBS, on behalf of herself and a class and subclasses, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELTMAN, WEINBERG & REIS CO., L.P.A., and DATA SEARCH NY, INC., d/b/a TRAK AMERICA, )<br>)<br>Defendants )<br>) | 10 C 1846<br><br>Judge Bucklo<br>Magistrate Judge Cox<br><br><br><br><br><br><br><br>10-cv-2154<br>(Reassigned for Relatedness)<br><br>Judge Bucklo<br>Magistrate Judge Cox |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AGREEMENT**

Plaintiffs, JOANNE F. BALBARIN and CARLA A. HUBBS, (collectively "Plaintiffs"), by their attorneys, Daniel Edelman, Tiffany N. Hardy, and Curtis C. Warner, and Defendant, DATA SEARCH NY, INC., d/b/a TRAK AMERICA ("Defendant"), by its attorneys, David M. Schultz and Justin M. Penn, and for their Joint Motion for Preliminary Approval of Class Action Settlement state as follows:

1

1. This action was brought by the Plaintiffs on their own behalf and on behalf of all other persons similarly situated to the Plaintiffs.

2. Plaintiffs asserted claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") in connection with the conduct of Defendant. Specifically, Plaintiffs claimed that Defendant caused state court collection lawsuits to be filed in the name of another entity, created affidavits in the name of another entity, and thereby conducted debt collection litigation in the name of another company.

3. Defendant denies liability to Plaintiffs and the class for the claims alleged herein and denies that it is a debt collector as alleged, but considers it desirable that the action and the claims alleged therein be settled. Defendant also specifically denies that it or any companies that use the services of Defendant violated the FDCPA.

4. The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement executed by the parties, attached hereto as Appendix 1.

5. For settlement purposes only the parties have stipulated to the certification of a class and have agreed that for settlement purposes only the class as defined meets all the requirements of Rule 23. Specifically:

    (a) Class members are ascertainable and so numerous that joinder of all members is impracticable;

    (b) There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject matter of the Litigation;

    (c) The claims of Plaintiffs are typical of the claims of Class members;

    (d)  Plaintiffs have fairly and adequately protected the interests of the Class members;

    (e)  A class action is superior to other available methods for an efficient adjudication of this controversy; and

    (f)  The law firms of Edelman, Combs, Latturner & Goodwin, LLC and Warner Law Firm, LLC are qualified to serve as counsel for the Class.

  6.  For settlement purposes only, the parties have stipulated to the certification of the following class defined as follows.

> All natural persons within Illinois against whom a collection lawsuit was filed in which the Defendant was involved and which was filed during a period beginning on March 24, 2009 and ending April 13, 2010.

  This Class as defined includes approximately 7,855 persons.

  7.  Counsel for Plaintiffs and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, Plaintiffs and Defendant entered into the Class Settlement Agreement.

  8.  Pursuant to the Class Settlement Agreement, Defendant has agreed to the settlement of this action as follows:

    (a)  <u>Relief to Plaintiffs</u> – Plaintiff, JOANNE F. BALBARIN, will receive $2,000.00 towards her actual and statutory damages, in settlement of her claims, and for her service as class

representative. Plaintiff, CARLA A. HUBBS, will receive $2,000.00 towards her actual and statutory damages, in settlement of her claims and for her service as class representative.

(b) <u>Relief to members of the Classes</u> – Defendant to establish a class fund of $30,000.00 to be divided among those 7,855 class members who are able to be located and who do not, after receiving notice, opt out of the class settlement.

(c) <u>Attorneys' fees</u> – Subject to the Court approval, Class Counsel will receive attorney fees and costs, and Defendant agrees not to object to a fee petition of up to $35,000.00 in attorney's fees and costs.

(d) <u>Class Notice</u> – Defendant will pay the cost of providing notice to the class and of the administration of the settlement. Members of the Classes shall have sixty (60) days from the initial mailing of the Class Notice (<u>Exhibit A</u> to the Settlement Agreement) to opt out or object to the proposed settlement.

9. Plaintiffs and counsel for Plaintiffs and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the members of the Class.

WHEREFORE, Plaintiffs, JOANNE F. BALBARIN and CARLA A. HUBBS, and Defendant, DATA SEARCH NY, INC., d/b/a TRAK AMERICA, respectfully request that this Court enter an order in the form of <u>Exhibit B</u> to the Settlement Agreement which:

(i) Grants preliminary approval of the purposed settlement;

(ii) Directs the mailing of notice in the form of <u>Exhibit A</u> to the Settlement Agreement subject to any modification deemed necessary by the Court;

(iii) Appoints Edelman Combs Latturner & Goodwin, LLC and Warner Law Firm, LLC as class counsel;

(iv)  Sets dates for opt outs and objections; and

(v)  Schedules a hearing for final approval of the class settlement.


Respectfully Submitted,

| | |
|---|---|
| **EDELMAN COMBS LATTURNER & GOODWIN, LLC** | **HINSHAW & CULBERTSON, LLP** |
| Daniel Edelman | David M. Schultz |
| Tiffany N. Hardy | Jennifer W. Weller |
| 120 So. LaSalle Street, 18th Floor | Justin M. Penn |
| Chicago, IL 60603 | 222 N. LaSalle Street |
| (312) 739-4200 | Chicago, IL 60601 |
| | (312) 704-3000 |
| **WARNER LAW FIRM, LLC** | s/Justin M. Penn |
| Curtis C. Warner | Counsel for Defendant |
| 155 Michigan Avenue | |
| Suite 560 | |
| Chicago, IL 60601 | |
| | |
| s/Tiffany N. Hardy | |
| Counsel for Plaintiffs | |

## **CERTIFICATE OF SERVICE**

   I, Tiffany N. Hardy, hereby certify that on March 8, 2011, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Justin M. Penn
jpenn@hinshawlaw.com

Curtis C. Warner
cwarner@warnerlawllc.com

                  s/Tiffany N. Hardy
                  Tiffany N. Hardy