**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and subclasses, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 1846 |
| v. | ) | Judge Bucklo |
| | ) | Magistrate Judge Cox |
| NORTH STAR CAPITAL ACQUISITION, | ) | |
| LLC, et al., | ) | |
| Defendants. | ) | |

**MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO SERVE INTERROGATORIES AND REQUESTS FOR PRODUCTION ON ABSENT CLASS MEMBERS**

Defendant Nelson, Watson & Associates, LLC ("NWA" or "Defendant") by its undersigned attorneys, respectfully submits the following memorandum in support of its motion for leave to serve interrogatories and requests for production of documents on absent class members.

### I. Introduction

On January 5, 2011 this Court certified the following class:

> (a) All persons with a cellular telephone numbers (sic) in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

Docket No. 144. NWA estimates that there may be approximately 2,074 individuals who possibly fall within this definition.

The obvious next step is to accurately identify people and give notice to the class, and to that end, NWA identified the list of these individuals when determining how many people fell within this definition. However, there are putative class members included in this definition who are likely not entitled to recover under the TCPA. NWA should be permitted to issue discovery to the absent class members in order to present its defenses to those absent class members.

## II. NWA seeks discovery in three discrete and narrow issues

NWA's records, as explained in prior motions, can ascertain only those accounts on which there is a phone number called in the past four years that is identified as currently belonging to a cell phone. There are three discrete issues relevant to these TCPA claims on which NWA seeks discovery because the information is not contained in its records and cannot be produced by the plaintiff. First, NWA seeks discovery to determine whether the number belonged to the NWA account holder at the time it was called. Second, NWA seeks discovery to ascertain whether the number was a cell number at the time it was called. Finally, NWA seeks discovery to determine those individuals who consented to having their numbers called, and for whom NWA does not have records showing that consent. NWA respectfully submits that it is entitled to discovery on these three discrete issues in order to prepare for trial in this matter.

The obvious threshold question on whether each class member is each entitled to recover under the TCPA is whether NWA called their cell phone. The fact that NWA's records show a current cell number was called is not dispositive of that issue. NWA's records include numbers for account holders that were gathered through skip-tracing. Skip-tracing is not an exact science, and the results are by no means 100% accurate. It is likely that many of the account holders' skip-trace results gave a number that does not belong to the account holder. In those instances, the person is not entitled to recover under the TCPA.

130082410v1 0918198 07791

This problem is amplified where, as in this case, NWA's records show that in over 10% of the class members' accounts there were more than one cell number called. Under the TCPA, each class members' individual recovery will be determined by the number of calls he or she received. NWA should be permitted to ascertain which cell numbers, if any, belong to the class members so that it can determine how many calls are at issue, especially because some account holders show multiple cell phones.

The second issue on which NWA seeks discovery is whether the numbers currently identified as cell phone were, in fact, cell number at the time they were called. The nature of the cellular telephone industry and its regulation reveals the need for this discovery. Local exchange carriers can transfer a landline telephone number to a cellular telephone number under certain circumstances. *Wireless Local Number Portability (Wireless LNP) Frequently Asked Questions,* available at http://www.fcc.gov/cgb/NumberPortability accessed April 11, 2011 (last updated May 14, 2009). A wireless consumer also has the ability to change service providers within the same local area and still keep the telephone number. *See* FCC Release, 47 U.S.C. § 251(b)(2) (requiring local exchange carriers to provide local telephone number portability to the extent feasible in accordance with FCC requirements). The portability of telephone numbers, coupled with the fact that these calls go back four years, show that NWA should be permitted to investigate whether the numbers called were associated with a cell phone at the time that the calls were made.

Finally, NWA seeks discovery in order to determine whether the individual class members consented to receiving calls on their cell numbers. Obviously NWA's records do not contain evidence demonstrating consent (in light of this definition). However, consent under the TCPA can come from sources other than a defendant's records. FCC's January 4, 2008

Declaratory Ruling, 23 F.C.C. R. 559, 565 (2008)(calls placed by a third party collector on behalf of a creditor which had received consent is treated as if the creditor itself placed the call); *CE Design Ltd. v. King Architectural Metals, Inc.*, ___ F.3d ___, No. 10-8050, 2011 WL 938900 (7th Cir. March 18, 2011). The TCPA certainly does not contain any such limitation on consent. *See Greene v. DirectTV, Inc.*, No. 10 C 117, 2010 WL 4628734, at *3 (N.D. Ill. Nov. 8, 2010) (summary judgment entered against TCPA claim; plaintiff had provided a third party, Equinox, with her cellular number). Thus, NWA should be permitted to inquire as to each class member about facts regarding whether the individual provided consent, and how (*e.g.*, providing the number to a service provider, or creditor).

### III. Case law relevant to issuing discovery to absent class members

"The majority of courts considering the scope of discovery against absent class members have granted discovery via interrogatories or document requests." *Transamerican Ref. Corp. v. Dravo Corp.,* 139 F.R.D. 619, 620 (S.D. Tx. 1991); *see* 7B Charles Alan Wright, Alan R. Miller & Mary Kane Federal Practice and Procedure: Civil 3d § 1796.1 (3d ed.) at 56-57, 60-61 ("most [courts] have recognized that discovery is proper" and stating that "[a] good example of the approach to be taken is the Seventh Circuit's decision in [*Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999 (7th Cir. 1971)]). In *Brennan,* the Seventh Circuit held that "absent members of a class who received notice of the pendency of the class suit may be subjected to the party discovery procedures permitted under the Federal Rule." *Id.* at 1006; *see Schwartz v. Celestial Seasonings, Inc.,* 185 F.R.D. 313, 316 (D. Co. 1999)(citing *Krueger v. New York Tel. Co.,* 163 F.R.D. 446, 450 (S.D.N.Y. 1995)(Even though "discovery of absentee or unnamed class member is 'neither prohibited nor sanctioned explicitly' by the Federal Rules of Civil Procedure…It is within the court's discretion to utilize this procedure except when it only will confuse the absentees, some class members can demonstrate that it will prejudice their rights, it will be

employed prematurely or administered in an inappropriate fashion, or it will serve only to reduce the efficiencies of the class action."); *United States v. Trucking Employers, Inc.,* 72 F.R.D. 101, 104 (D.D.C.)("the evolving view, with which the Court agrees, seems to be that the court has the power under its authority to manage a class action and under Rule 23(d) to permit reasonable discovery by way of interrogatories of absent class members when the circumstances of the case justify such action").

Thus, the Courts have allowed properly tailored discovery to class members. *See, e.g. Bruhl v. Price WaterhouseCoopers, Int'l*, No. 03-23044-Civ., 2010 WL 5090207. (S.D. Fla. Dec. 8, 2010) (allowing limited document and deposition discovery from class members) *Hudson v. Capital Mgmt. Int'l, Inc.,* 1984 WL 2129 at *11 (N.D.Cal. March 7, 1984) (granting the defendants' motion for discovery of absent class members and deciding that "[n]o interrogatories shall be included with the class notice" and "the notice shall state, however, that the court has approved some discovery of absent class members to which they will have an obligation to response, and the consequence of a failure to respond… [and] in plain English, what the obligations of the recipients may be with respect to such discovery…"); *Rodgers v. United States Steel Corp.,* 1976 U.S. Dist. LEXIS 12488, *2(W.D. Pa. 1976)(granting absent class members ninety (90) days from the date of mailing in which to respond to defendant's first set of interrogatories to class members).

Courts that have considered this issue have looked at four (4) factors: (1) whether the discovery is relevant to the decision of common questions; (2) whether the discovery is tendered in good faith and is not unduly burdensome; (3) the information is not available from the class representative parties; and (4) defendant seeks information on matters that it does not readily know. *Bruhl*, 2010 WL 5090207, at *1, 2; *In re Warner Chilcott Ltd. Sec. Litig.,* No. 6 Civ.

5

11515 (WHP); 2008 WL 5110901, at *5 (S.D.N.Y. Nov. 20, 2008) (citations omitted); *see* 7B Wright, Miller & Krane at § 1796.1 at 57 ("on a case-by-case basis the court must balance defendant's need for detailed information against the burden on the absent class members"). When deciding to grant leave to serve discovery on absent class members, courts have also considered the number of absent class members to which the discovery will be served. *See McMahon Books, Inc. v. Willow Grove Assoc.,* No. Civ. A. No. 84-3861, 1986 WL 239 (E.D. Pa. June 26, 1986)(permitting discovery of 118 class members on the grounds it is not "impractical to obtain limited discovery from each of them"); *cf. Bogosian v. Gulf Oil Co.,* Nos. 71-1137, 71-2543, 1983 WL 1938 (CCH) (E.D. Pa. Dec., 16, 1983)("formal discovery, including interrogatories, requests for production and depositions of the more than 200,000 unnamed plaintiff class members as parties to this litigation would be precluded"). Here, NWA estimates that there are approximately 2,074 class members.

"Courts have allowed discovery to be taken from unnamed class members…[when] the discovery does not require expert technical or legal assistance to respond." *Boynton v. Headwaters, Inc.,* No. 1-02-1111-JPM-eqb, 2009 WL 310316, at *1 (W.D. Tenn. Jan. 30, 2009)(granting the plaintiff's motion for protective order, because "many of the interrogatories require the class members to have an understanding of the law in order to answer them"; *cf. Easton & Co. v. Mut. Benefit Life Ins. Co.,* 1994 WL 67256 (D.N.J. February 28, 1994)(denying the plaintiff's motion for protective order, because "as drafted, the discovery in the instant case is not abusive" and "class members need not obtain counsel to answer the interrogatories and document requests"); *TransAmerican Ref. Corp. v. Dravo Corp.,* 139 F.R.D. 619, 622 (S.D. Tx. 1991)(granting the defendant's motion for permission to take discovery of class members,

because "the interrogatories are clear, concise, and limited primarily to the defendants' defenses and plaintiff's claims").

### IV. **All of the factors considered relevant are present in this case**

NWA's proposed discovery meets the four part test federal courts have applied when deciding whether to grant leave to serve discovery to absent class members and other factors cited by the courts. A copy of the proposed interrogatories and requests for documents are attached hereto as Exhibit A.

First, the three issues on which NWA seeks discovery – (1) whether the number belongs to the class member, (2) whether the number was a cell number at the time it was called, and (3) whether the class member consented to receiving calls on that number – are all relevant to the decision of common questions. In fact, each of the three issues will be capable of a yes/no response which will render common responses capable of common determination.

Second, the discovery attached as Exhibit A is tendered in good faith and is not unduly burdensome. This Court is well aware of the lengths that defendant went to resist class certification and address consent. See Docket Nos. 97, 126, 131, 150, 172, and 197 (among others). In addition, NWA pointed out to the Court shortly after it granted class certification that the class as defined required the instant discovery. See Docket No. 150. This request is clearly made in good faith. Thus, this discovery does not "come out of the blue" to slow down these proceedings. Moreover, the six interrogatories and two document requests are limited in scope, straightforward and easily answerable, and not unduly burdensome.

Third, the information sought by the discovery is not available from plaintiff Balbarin or her counsel. She obviously cannot give testimony as to whom the numbers belonged at the time of the calls, or whether they were associated with cell phones at the times that they were called. Nor can her counsel provide any evidence or argument to that effect. Neither she nor her counsel

130082410v1 0918198 07791

can provide evidence as to the various other manners in which the class members may have consented to receiving the calls.

Fourth, as explained in this brief, and throughout numerous others in this case, this information is not readily known to NWA. The description of the nature of NWA's data and the cellular phone industry set forth by NWA throughout the class certification process illustrates the formidable hurdles and prohibitive costs involved in ascertaining class membership and consent absent this discovery.

Finally, NWA's proposed discovery is clear and concise. It only seeks factual information and does not require expert technical or legal assistance or an understanding of the law. The limited interrogatories and requests for documents are very narrowly focused. These are not complex discovery questions that would be burdensome or require any technical knowledge. Each of the interrogatories is a yes/no answer. The requests for documents ask for copies of the underlying agreements and any written documents concerning the underlying debts. To the extent these documents exist, they are discoverable and minimally invasive.

## V. The proposed discovery is the best way to gather the necessary information

In the absence of discovery on the class, NWA could attempt to determine whether the cell numbers both belonged to the account holder and were cell numbers at the time of the calls is burdensome and would yield incomplete results. In the absence of discovery served directly on the absent class, NWA first would have to attempt to find the providers of the individual cellular numbers identified. However, because the class is only those who received calls, NWA would have to find the provider associated with the number for the time it was called, not necessarily the current provider. NWA would then have to issue subpoenas to those providers to ascertain the subscriber associated with the number called at thee time NWA called it. This

process would involve thousands of debtor account files containing thousands of telephone numbers used over a period of four years.

NWA, at a minimum, would then have to compare the subscriber's name to the person whom it intended to call (the account holder). This comparison might reveal whether the cellular number called belonged to the debtor at the time the call was made. However, even with the review and comparison of thousands of records, it is still probable that a person such as plaintiff would not be found. Plaintiff was not the subscriber of the cellular telephone number on which she was called; her husband was. This comparison would therefore have eliminated her as eligible to recover. This comparison also does not allow NWA to determine which of the account holders actually gave consent to be called on their cell phones.

In order to fully ascertain who was actually called and who gave consent, NWA would have to make thousands of inquiry calls to the numbers in its debtor files to ascertain whether the call it made was answered by the debtor it intended to call or by someone else (such as a wrong number). This process would involve calling every single cellular number, asking the person answering whether the number was a cellular number at the time it was called (up to four years ago), ascertaining who answered that phone at the time, and asking if they consented to receiving those calls. This extensive process is the only other way to confirm that someone, like the plaintiff, is a class member. This process is extremely burdensome and, in light of Rule 4.2[1] of the Illinois Rules of Professional Conduct, NWA cannot make these calls without plaintiff's counsel's consent or an order from this Court.

## VI. Conclusion

---

[1] Rule 4.2 of the Illinois Rules of Professional Conduct explains that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

130082410v1 0918198 07791

NWA should be permitted to issue the proposed discovery to the absent class. The proposed discovery is easily answerable and minimally intrusive. It satisfies all of the factors to be considered, and affords NWA the opportunity to defend against those identified who do not have a TCPA claim. It also is the most efficient and effective way of determining the amount of calls placed to individuals with multiple cell phones identified on their accounts.

WHEREFORE, NWA respectfully asks the Court to enter an Order granting it leave to serve the discovery attached hereto as Exhibit A on the absent members of the certified class.

Dated: April 11, 2011

Respectfully submitted,

/s/ Justin M. Penn
David M. Schultz
Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

Jason Edward Hunter
Patrick J. Ruberry
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6587

Attorneys for Defendant NWA

130082410v1 0918198 07791

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 11, 2011**,** I electronically filed the forgoing **Motion and Memorandum in support of Defendant's Motion for Leave to Serve Interrogatories and Requests for Production on Absent Class Members** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

                HINSHAW & CULBERTSON LLP

                s/ *Justin M. Penn*

HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – fax
jpenn@hinshawlaw.com

130082410v1 0918198 07791