**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and subclasses, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10 C 1846 |
| v. | ) | |
| | ) | Judge Bucklo |
| NORTH STAR CAPITAL ACQUISITION, LLC; | ) | Magistrate Judge Cox |
| ZENITH ACQUISITION CORPORATION; | ) | |
| DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; | ) | |
| BLITT and GAINES, P.C.; and NELSON, WATSON | ) | |
| & ASSOCIATES, LLC | ) | |

_____

| | | |
|---|---|---|
| CARLA A. HUBBS, | ) | |
| on behalf of herself and a class and subclasses, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-cv-2154 |
| | ) | (Reassigned for Relatedness) |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) | |
| and DATA SEARCH NY, INC., d/b/a | ) | Judge Bucklo |
| TRAK AMERICA, | ) | Magistrate Judge Cox |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF BALBARIN'S RESPONSE TO DEFENDANT NELSON, WATSON &
ASSOCIATES, LLC'S MOTION FOR LEAVE TO SERVE INTERROGATORIES AND
REQUESTS FOR PRODUCTION ON ABSENT CLASS MEMBERS**

Defendant Nelson, Watson & Associates, LLC ("NWA") has moved this Court for leave to serve interrogatories and document requests on absent class members ("Def. Mot.") in this certified class action. This Court has asked the parties to address only the question of whether, after the sending of class notice, NWA should be permitted to ask class members

1

whether a telephone number was a cell phone on the date it was called. For the reasons discussed below, this motion must be denied.

    1.    Discovery from class members is only permitted if essential to present a defense. *Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1974). "[I]n appropriate circumstances absent class members may be propounded written interrogatories on a showing that the information requested is necessary to trial preparation and that the interrogatory is not designed as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants." *Id*. at 47. "The party seeking discovery has the burden of demonstrating its merits." *Id*. at 47.

    2.    Rule 23's general policy is to "permit[] absent class members to remain outside the principal action." *Renovich v. Stewardship Concepts, Inc.*, 84 C 7727, 1987 U.S. Dist. LEXIS 10280 *7-8 (N.D. Ill. July 23, 1987).

    3.    NWA actually has the discovery that it seeks, or the discovery is available from third parties. In response to Interrogatory 8, NWA generated a list of phone numbers called and then scrubbed that list to include only cellular phone numbers (Exhibit A). NWA seems to assert that this list is inaccurate because it may contain telephone numbers that were land lines as of the date that NWA called them.[1]

    4.    Some of the information is available from National Number Pool Administration, which assigns blocks of telephone numbers to telecommunication companies. It provides an online service, www.nationalpooling.com, that identifies the numbers it has assigned

---

[1] The Interactive Marketing Solutions product that NWA currently uses represents on its Web site that it has the ability to "provide telemarketers with the information they need to identify (n)umbers that appear to belong to wired land lines but are now assigned to wireless telephones . . ." and "(n)umbers that appear to belong to wireless telephones but are now assigned to wired land lines." (Exhibit B).

by area code and prefix, the provider assigned the telephone numbers, and the date the numbers were assigned.

5. If a number was originally assigned to a cellular service, it is unlikely that it was ever a land line. For any such telephone number in the group NWA scrubbed to have been a land line when NWA called it, the telephone number would have had to be assigned to a cell phone service, ported back to a land line, and then ported back to a cell phone. This is not likely.

6. If the number appears as assigned to an entity that provides land line service, the web site states the date that it was assigned, which could indicate whether the line was a land line at the critical point in time. At least, the web site identifies the providers to subpoena to get the relevant information. NWA concedes at page 9 of its motion that it could subpoena providers to determine if a number ever was a land line.

7. As for the remainder of the numbers, four companies provide service to over 97% of the land lines in Illinois: AT&T Illinois, Verizon Communications, Citizens Communications, and Consolidated Communications. *See*, Illinois Commerce Commission, Annual Report on Telecommunications Markets in Illinois, September, 2009. (Exhibit C, p. 9). Subpoenaing these four entities would likely provide NWA with the remainder of the information it seeks.

8. The information provided by the telecommunications companies would likely be more accurate than class members' answers to discovery propounded by a debt collector that is or has been seeking to collect debts.

9. NWA concedes that it has access to the information, but that it just does

not want to do the work to get it. Def. Mot. at 8-9. Since the information is available from third parties, it is not necessary for trial preparation to get it from class members, and it is an inappropriate subject for discovery to class members.

10. In addition, the fact that the defendant here is a debt collector cannot be ignored. Class members, who are debtors from whom NWA has sought to collect debts, are likely to be reluctant to respond to inquiries from a debt collector. The discovery that NWA initially requested seeks information that appears to be designed to aid debt collection rather than prepare for trial. NWA should not be allowed to use class-wide discovery to further its debt collection business.

11. Finally, discovery of class members cannot be used as device to remove class members because they do not participate. *Clark* at 46-47. If a class member refuses to respond, NWA cannot ask to remove that class member from the class.

WHEREFORE, Plaintiff respectfully requests that this Court deny NWA's Motion for Leave to Serve Interrogatories and Requests for Production on Absent Class Members.

                              Respectfully Submitted,

                              s/Tiffany N. Hardy
                              Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 917-0379 (FAX)

**CERTIFICATE OF SERVICE**

   I, Tiffany N. Hardy, hereby certify that on, May 3, 2011, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

Curtis C. Warner
cwarner@warnerlawllc.com

David M. Schultz
dschultz@hinshawlaw.com

Justin M. Penn
jpenn@hinshawlaw.com

Patrick J. Ruberry
ruberry@litchfieldcavo.com

Philip F Cuevas
cuevas@litchfieldcavo.com

Jason E. Hunter
hunter@litchfieldcavo.com

                s/Tiffany N. Hardy
                Tiffany N. Hardy