**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and subclasses, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 1846 |
| v. | ) | Judge Bucklo |
| | ) | Magistrate Judge Cox |
| NORTH STAR CAPITAL ACQUISITION, | ) | |
| LLC, et al., | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO SERVE
INTERROGATORIES AND REQUESTS FOR
PRODUCTION ON ABSENT CLASS MEMBERS**

Defendant Nelson, Watson & Associates, LLC ("NWA" or "Defendant") by its undersigned attorneys, respectfully submits the following reply in support of its motion for leave to serve interrogatories and requests for production of documents on absent class members.

In its motion for leave to serve discovery, NWA proposes that it be permitted to issue discovery on three very narrow and discrete issues in order to obtain information necessary to defend this case. Plaintiff focuses on only one of those discrete issues presented by NWA and fails to explain why the discovery sought is irrelevant. Plaintiff also persists is misleading this Court on the underlying facts. The information sought by the discovery is not available to NWA, and the methods proposed by plaintiff are burdensome and imperfect. In light of the simple discovery proposed, the motion should be granted.

**I. NWA seeks discovery in three discrete and narrow issues all of which are relevant to NWA's defenses**

The plaintiff's response begins by explaining that the Court "asked the parties to address only the question of whether, after the sending of class notice, NWA should be permitted to ask class members whether a telephone number was a cell phone on the date it was called." Pltf's

Brief at pp. 1-2. NWA believes that plaintiff selected this strategy in light of the comments made in open court on April 13, 2011. Defendant's counsel does not recall the Court having ruled on the other issues on which NWA seeks discovery, and NWA still believes that all three narrow and discrete areas are proper for discovery.

First, plaintiff does not dispute that the only issue it addressed (whether the number was associated with a cell phone) is relevant to NWA's defense. It plainly is. However, the other two areas on which NWA seeks discovery – (1) whether the number called belonged to the NWA account holder at the time it was called and (2) whether the class member consented to having their number(s) called – are similarly relevant to NWA's defenses. Indeed, if the class members respond that the number did not belong to them at the time it was called, then they are not entitled to recover under the TCPA in spite of the fact that the number belongs to them now. Similarly, if they consented to receiving calls on their cell phones with respect to their debt, then NWA has a defense to their claims.

As a practical matter, the interrogatories, all answerable by checking yes/no/unsure, as well as the two requests for documents, are so minimally invasive and burdensome that there is little difference between asking two questions and asking all proposed questions. It is not an undue burden, especially under the circumstances, to ask class members who all stand to recover individually thousands of dollars[1], to respond to the proposed discovery. In the event any questions are allowed, there is no prejudice or harm to allowing all questions. The Court is not being asked at this time to apply the responses to the questions to address what effect, if any, they have on the class member. Certainly plaintiff will later address that issue in the event

---

[1] Under the TCPA, each class member is entitled to potentially recover between $500 and $1,500 per phone call that was placed.

discovery is issued[2]. However, the only issue being presented to this Court presently is whether NWA should be granted leave to issue discovery needed to present defenses to the class members' claims.

In addition to the information being relevant to defenses to certain class members' claims, it is also critical in instances when the class members have more than one phone number associated with their NWA account. In light of the per call damage provided by the TCPA, it is critical to NWA's defenses to ascertain whether the number was a cell when called and whether it belonged to the NWA account holder when called. Indeed, within the 10% of class members with multiple phones on their NWA account, they might have only one cell number that actually belongs to them. In this way, they would not be entitled to a recovery for all of the calls on the account, just those associated with his or her actual cell phone.

## II. **Plaintiff wrongly argues that the information is available to NWA**

It is time for the plaintiff to tell the truth. She has persisted throughout this litigation in misstating the information available to NWA. Quite simply, and completely contrary to her statements in the response brief, NWA does not possess, nor does it have access to, the information it seeks in discovery. Plaintiff's conclusory misstatements have been successful in the past, but they should not in this instance.

As has been explained on multiple occasions, NWA has a list of account holders on whose accounts it has at least one phone number, and sometimes multiple numbers, that is/are associated with a number that is currently a cell phone. NWA does not know, nor can it reasonably ascertain, to whom the numbers belong, and whether they actually were cell phones when called. Plaintiff persists in the fictional theory that because the number is associated with

---

[2] Plaintiff similarly concludes, with reference to inapplicable authority, that the failure of class members to respond is not a basis to remove them from the class. See Pltfs' Brief at ¶11. However, like the issue of the effect of the responses, that issue is obviously premature and not being presented to this Court.

an NWA account holder, and is a cell phone now, it must actually have belonged to the person whose name is on the account and have been a cell phone when called. The reality is that neither assumption is well founded in all instances, and in those instances when plaintiff's theory is wrong, then NWA has a defense to that person's TCPA claims.

### III. The methods to try and obtain this information are incredibly burdensome and, in any event, flawed

Plaintiff finally, again incorrectly, concludes that "NWA concedes that it has access to the information, but that it just does not want to do the work to get it." Pltfs' Brief at ¶9. As explained in NWA's motion, the only other method would be to first find the individual numbers in its account records at the time of the calls, and then issue thousands of subpoenas to those providers, ultimately comparing the results to the person listed on NWA's account records. In light of the subpoena process in the case thus far, NWA anticipates that it would certainly take years to get compliance with those subpoenas and, in cases like Certegy where the subpoenas are opposed, NWA might not get responses. However, even then NWA would not identify individuals like the plaintiff, whose phone was not registered in her name. Therefore, the most reliable method would be to call every single one of the numbers currently identified as cell numbers and ask the account holder (or perhaps whoever ends up answering) the questions NWA proposes to ask in the interrogatories.

Certainly, and in light of the thousands of dollars each participating class member stands to gain in this case, the more reasonable approach is the issuance of the proposed discovery. All of the issues proposed present defenses to the class claims. It is not that NWA does not want to take the time to find this information. It cannot do so short of calling each class number and asking the questions. There can be little doubt that plaintiff's counsel would not agree to that method, either in practice or in admissibility. Plaintiff's position is, in essence, that NWA

should not be entitled to show whether the phones were cell phones, or whether they actually belonged to the class members. However, NWA should not be foreclosed from presenting valid defenses to the class members' claims, and the proposed discovery is the most reasonable method by which to obtain that information.

WHEREFORE, NWA respectfully asks the Court to enter an Order granting it leave to serve the discovery attached hereto as Exhibit A to NWA's motion on the absent members of the certified class.

Dated: May 10, 2011

Respectfully submitted,

/s/ Justin M. Penn
David M. Schultz
Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

Jason Edward Hunter
Patrick J. Ruberry
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6587

Attorneys for Defendant NWA

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2011**,** I electronically filed the forgoing **Reply in support of Defendant's Motion for Leave to Serve Interrogatories and Requests for Production on Absent Class Members** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

                                              HINSHAW & CULBERTSON LLP

                                              /s/ *Justin M. Penn*

HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – fax
jpenn@hinshawlaw.com

130097217v1 0918198 07791