# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOANNE F. BALBARIN,<br>on behalf of herself and a class and subclasses,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH STAR CAPITAL ACQUISITION, LLC;<br>ZENITH ACQUISITION CORPORATION;<br>DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA;<br>BLITT and GAINES, P.C.; and NELSON, WATSON<br>& ASSOCIATES, LLC | 10 C 1846<br><br>Judge Bucklo<br>Magistrate Judge Cox |
| CARLA A. HUBBS,<br>on behalf of herself and a class and subclasses,<br><br>    Plaintiff,<br><br>    v.<br><br>WELTMAN, WEINBERG & REIS CO., L.P.A.,<br>and DATA SEARCH NY, INC., d/b/a<br>TRAK AMERICA,<br><br>    Defendants. | 10 C 2154<br>(Reassigned for Relatedness)<br><br>Judge Bucklo<br>Magistrate Judge Cox |

**PLAINTIFF BALBARIN'S MOTION TO STRIKE NELSON, WATSON & ASSOCIATES, LLC'S EIGHTH AFFIRMATIVE DEFENSE**

NOW COMES, Plaintiff Joanne F. Balbarin ("Plaintiff") and respectfully requests that this Honorable Court strikes Defendant Nelson, Watson & Associates, LLC ("Nelson") Eighth Affirmative Defense for Nelson's failure to respond to Interrogatory No. 9 despite this Court's November 9, 2010 Order.

In support of this motion Plaintiff states:

## BACKGROUND

Plaintiff sued Nelson for violating the Telephone Consumer Protection Act, 47 U.S.C § 227(b), ("TCPA"), by using an automatic telephone dialing system with a prerecorded voice that placed calls to Plaintiff's and the class members' cell phones without their "express prior consent." Discovery has shown, and the Court has found, that Nelson systematically obtained Plaintiff's cellular telephone number and those of the class members from Experian consumer reports, not from the consumers' original creditors. *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 * 4 (N.D. Ill. Jan. 5, 2011) (Bucklo, J.) ("defendant [Nelson] do[es] not dispute that the putative class members' numbers were generally obtained through the use of a so-called 'skip-tracing device,' meaning that the class members did not provide the numbers directly either to defendant or to the original creditor on whose behalf the calls were made."

Despite Nelson's generalized practice of obtaining all telephone numbers related to a person from their Experian consumer report and placing those numbers into a queue to be called indiscriminately by Nelson's autodialer, Nelson has asserted and still maintains as its Eighth Affirmative Defense, in pertinent part, "Balbarin provided prior express consent to any complained-of telephone calls, as did the proposed class members." (Dkt. 54, p. 64).

On October 1, 2010, Plaintiff filed her motion to compel a response to Interrogatory No. 9. (Dkt. 101). Interrogatory No. 9 and Nelson's objection without answer is as follows:

> **INTERROGATORY NO. 9**. If you contend that any person responsive to Interrogatory 8 above [the proposed class definition] provided express consent to receive telephone calls on a cellular telephone, or use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice, please explain as to each person identified the basis for such contention specifically, including citation to the bates number of all documentary evidence you contend supports such, and state the exact date NWA received such express consent or document evidencing express consent.

> **ANSWER:** Objection. This interrogatory is overly broad, unduly burdensome, premature and vague. Defendant is unable to answer this interrogatory in its present form due to its burdensome nature.

(Dkt. 101-1, p. 5 of 39).

On November 9, 2010, this Court compelled Nelson to respond to Interrogatory No. 9 stating, "If defendant does not have . . . information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place. If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense. Defendant is ordered to provide information responsive to the discovery requests on or before November 24, 2010. Plaintiff's motion to compel is, thus, granted [dkt 101]" (Dkt. 121), *Balbarin v. North Star Capital Acquisition, LLC*, 2010 U.S. Dist. LEXIS 118992* 2-3 (N.D. Ill. Nov. 9, 2010) (Cox M.J.).

Instead of responding to Interrogatory No. 9 on November 24, 2010 as ordered by this Court, Nelson filed three separate motions to "Amend Order Compelling Production." (Dkt. 122, Nov. 18, 2010; Dkt. 135, Dec. 8, 2010; and Dkt. 147, Jan. 19, 2011). On January 25, 2011, this Court entered an Order stating, "The Court does not expect that this additional discovery will extend beyond 60 days from today's date." (Dkt. 166).

On February 11, 2011, Nelson filed a motion to stay discovery (Dkt. 172) which was denied by this Court. (Dkt. 177). Defendant as of the date of the filing of this motion has not submitted any response to Interrogatory No. 9.

## ARGUMENT

Nelson has been provided ample time since this Court's November 9, 2010, Order compelling it to respond to Interrogatory No. 9. Indeed, Nelson has informed the Court that it has identified 2,074 persons that potentially meet the class definition. (Dkt. 202, p. 1).

3

However, Nelson has failed to provide any facts at all that any one of these 2,074 people actually gave consent to have their cell phone number called. Therefore, Nelson's Eighth Affirmative Defense should be stricken.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order striking Nelson's Eighth Affirmative Defense in its entirety.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)