Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1846 | **DATE** | 6/1/2011 |
| **CASE TITLE** | Joanne F. Balbarin, et al vs. North Star Capital Acquisition, LLC, et al | | |

**DOCKET ENTRY TEXT**

Defendant Nelson Watson & Associates LLC's Motion for Leave to File/Serve Interrogatories and Requests for Production on Absent class Members [202] is denied.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiff Joanne F. Balbarin brought this lawsuit on behalf of a class of plaintiffs against defendant Nelson, Watson & Associates LLC, a debt collector. Plaintiff alleges that defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by initiating automated calls to class members' cellular telephones, without prior permission. A class has been certified,[1] and we have granted plaintiff's motion to send notice to the class.[2] Before the Court is defendant's motion for leave to serve interrogatories and requests for production on absent class members. Plaintiff opposes the motion arguing that the discovery request is burdensome and unnecessary. For the following reasons, defendant's motion is denied [dkt 202].

Once the class definition was certified in this case, defendant produced to plaintiff a list of purported class members. To generate this list, defendant compiled a list of cellular telephone numbers that defendant called during the relevant time period, which is between March 24, 2006 and March 24, 2010. However, defendant argues that its records are prone to inaccuracies, and it would like to issue discovery to the absent class members to assure that they belong in the class. Specifically, defendant wants to ascertain the following three factual issues: (1) whether the telephone number on file belonged to the corresponding class member during the relevant period; (2) whether the telephone number belonged to a cellular telephone (as opposed to a land line) during the relevant period; and (3) whether the class member gave permission to the defendant, or the underlying creditor, to call the cellular telephone. To determine these issues, defendant has submitted a proposed set of six interrogatories.[3] In addition, defendant submits a proposed request for production to address the consent issue.[4]

Typically, "an absent class-action plaintiff is not required to do anything."[5] Therefore, "[d]iscovery from nonnamed class members is not warranted 'as a matter of course.'"[6] However, discovery served on absent class members will be allowed if there is a showing that it serves a legitimate purpose.[7] The party wishing to serve interrogatories on absent class members must show that "the information requested is necessary to trial preparation and that the interrogatory is not designed 'as a tactic to take undue advantage of the class members

| STATEMENT |
|---|

or as a stratagem to reduce the number of claimants."[8] Further, such discovery will "be allowed so long as adequate precautionary measures are taken to insure that the absent member is not misled or confused."[9] The defendant bears the burden of demonstrating that the proposed discovery is warranted.[10]

First, we will address the interrogatories related to the first two issues: (1) whether the telephone number belonged to the corresponding class member during the relevant period; and (2) whether the number was a cellular telephone during the relevant period. Defendant argues that discovery of this information is necessary for trial preparation because it is possible that the number defendant called was incorrect and did not belong to the corresponding class member. Furthermore, the defendant argues that if the number was not a cellular telephone during the relevant period, then the individual associated with that number does not belong in the class.[11] We find that interrogatories related to these issues are likely to confuse the class members. This suit derives from the defendant's attempt to collect debts from the absent class members. As plaintiff argues, a request from defendant asking these same individuals to confirm their telephone numbers may appear to be a continued effort to collect debts. This confusion may result in the absent class members choosing not to respond. Given the likelihood of confusion that these questions could pose, and this Court's duty to protect against such confusion,[12] we conclude that defendant should procure this information from another source. Furthermore, while defendant argues that it would be more difficult to ascertain this information from third parties, it concedes that the information is likely available from other sources.[13] Indeed, defendant does not state that it has attempted to acquire this information through any other source. Therefore, defendant has not convinced us that serving these interrogatories on absent class members is necessary for trial preparation.

As for the issue of consent, defendant argues that determining consent is necessary because if a class member provided permission to defendant, or the underlying creditor, to call the cellular telephone number, then the class member is not entitled to recover under the TCPA.[14] As we indicated in open court, discovery requests regarding consent sent to absent plaintiffs will likely lead to confusion. Essentially, defendant would be asking absent class members to recall what telephone numbers they provided on credit applications, and other similar documents, that were completed over five years ago. It seems unlikely that absent class members would provide reliable responses to such questions. Further, the document requests, which ask the absent class members for documents dating back to 2001, are overly burdensome for absent plaintiffs that are typically required to do nothing in class litigation.[15] We note that it is the defendant's burden to prove consent in TCPA cases because, "creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications."[16] The fact that the Federal Communication Commission considers defendant to be in the best position to retain proof of consent suggests that sending discovery requests to absent class members is unnecessary.

Considering the likelihood of confusion to the absent class members, defendant has not carried its burden in demonstrating that the proposed discovery request is necessary for trial preparation. Therefore, defendant's motion is denied [dkt. 202].

1. Dkt. 144.

2. Dkt. 207.

3. Dkt. 204.

4. *Id.*

5. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 810, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).

6. *Rogers v. Baxter Int. Inc.*, No. 04 C 6476, 2007 WL 2908829 at *1 (N.D. Ill. Oct. 4, 2007)(*quoting* Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999, 1005 (7th Cr. 1971)).

7. *Rogers v. Baxter Int. Inc.*, No. 04 C 6476, 2007 WL 2908829 at *1 (N.D. Ill. Oct. 4, 2007)(*citing* Manual for Complex Litigation, Fourth, § 21.41).

8. *Clark v. Universal Builders,* 501 F.2d 324, 340 (7th Cir. 1974)(*quoting Brennan,* 450 F.2d at 1005).

9. *Brennan*, 450 F.2d at 1005.

10. *See Clark,* 501 F.2d at 340.

11. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. *See Brennan*, 450 F.2d at 1005.

13. Def's mtn at 8-9.

14. *See* 47 U.S.C. § 227(b)(1)(A).

15. *See Phillips Petroleum Co.,* 472 U.S. at 810.

16. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565, ¶ 10 (2008 WL 65485 (F.C.C.)).