**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOANNE F. BALBARIN, ) | |
| on behalf of herself and a class and subclasses, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 10 C 1846 |
| ) | Judge Bucklo |
| NORTH STAR CAPITAL ACQUISITION, ) | Magistrate Judge Cox |
| LLC, et al., ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO NOTICE DEPOSITIONS OF ALL CLASS MEMBERS

Defendant Nelson, Watson & Associates, LLC ("defendant" or "NWA") by its undersigned attorneys, respectfully requests that this Court grant it leave to issue notices for the depositions of all class members in this case, and in support thereof, states the following:

1. On January 5, 2011 this Court certified the following class:

    (a) All persons with a cellular telephone numbers (sic) in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

Docket No. 144. NWA estimates that there may be approximately 2,074 individuals who possibly fall within this definition.

2. Defendant NWA has, throughout this litigation, asserted that there are individualized inquiries that require information outside of its control.

3. On April 11, 2011, NWA filed a motion (Docket Nos. 202 and 204) asking this Court to allow it to serve written discovery to the class members on the following narrow issues:

- NWA sought discovery to determine whether the number belonged to the NWA account holder at the time it was called;

- NWA sought discovery to ascertain whether the number was a cell number at the time it was called; and

- NWA sought discovery to determine those individuals who consented to having their numbers called, and for whom NWA does not have records showing that consent

4. As that motion and prior filings explained, that information is not contained in NWA's records and cannot be produced by the plaintiff. In addition, the motion sought the production of documents in order to, among other issues, lay the proper foundation for some of the individualized issues such as consent.

5. NWA sought leave to issue written discovery on these narrow issues because it believed that would be the least intrusive and expensive manner to allow it to obtain the information it sought. On June 1, 2011, this Court denied the motion to issue discovery to the absent class. Docket No. 216.

6. At the status hearing on June 15, 2011, NWA's counsel raised the instant issue of requesting the depositions of all class members, and explained that if possible, he would like to avoid the expense of noticing all of the depositions, especially in light of the anticipated objection.

7. At that hearing, plaintiff's counsel objected on the record to having any of the class members deposed on the same grounds that they opposed the proposed discovery to the class, and that objection was noted in the Court's June 15, 2011 Order[1]. Docket No. 217.

---

[1] The Court's June 15, 2011 Order explains "[f]or the record, plaintiffs' objection is noted regarding defendant's request to take class member depositions, outside the sample number." Docket No. 217. NWA's counsel is not sure why the added language of "outside the sample number" is included in the Minute Order. NWA's counsel's recollection is that the plaintiff's counsel objected to any depositions of and discovery to any of the class members, not just those outside the sample number. Defendant's counsel offered to include their objection, as it has done, in the motion. To the extent plaintiff's counsel does not object to depositions (or discovery) outside the sample number as the Order might indicate, certainly it will be reflected in the transcript and could be clarified in a formal opposition.

2

8. NWA's counsel asked of the Court at the June 15, 2011 hearing whether the Court had a preference of a formal motion, or whether it would prefer to simply add language in the record indicating that the request for the depositions was made, and denied in light of the plaintiff's objection. This Court's direction in order to have a clear record in the event of an appeal was that if NWA wanted depositions, it should file a formal motion.

9. This motion represents NWA's formal motion to that end. It incorporates the arguments made in its prior motion to issue discovery to the absent class (Docket Nos. 202 and 204), as the same arguments are as applicable, if not more applicable, to the depositions as they were to the written discovery sought.

For the foregoing reasons, Defendant respectfully requests that the court grant the instant motion allow it to issue notices to and be permitted to take the depositions of the class members in this case, and for any other relief this Court deems fair and just.

Date: June 22, 2011

Respectfully submitted,

Nelson, Watson & Associates, LLC

By: /s/*Justin M. Penn*
One of defendant's attorneys
David M. Schultz
Justin M. Penn
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2011**,** I electronically filed the forgoing **Motion for Leave to Notice Depositions of All Class Members** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

|  |  |
|---|---|
| | s/ *Justin M. Penn* |
| Justin M. Penn | Justin M. Penn |
| HINSHAW & CULBERTSON LLP | |
| 222 North LaSalle Street, Suite 300 | |
| Chicago, Illinois 60601 | |
| 312/704-3000 | |
| 312/704-3001 – fax | |
| jpenn@hinshawlaw.com | |

130114957v1  0918198  07791