IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and subclasses, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 10 C 1846 |
| v. | ) | |
| | ) | Judge Bucklo |
| NORTH STAR CAPITAL ACQUISITION, LLC; | ) | Magistrate Judge Cox |
| ZENITH ACQUISITION CORPORATION; | ) | |
| DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; | ) | |
| BLITT and GAINES, P.C.; and NELSON, WATSON | ) | |
| & ASSOCIATES, LLC | ) | |

| | | |
|---|---|---|
| CARLA A. HUBBS, | ) | |
| on behalf of herself and a class and subclasses, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10 C 2154 |
| | ) | (Reassigned for Relatedness) |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) | |
| and DATA SEARCH NY, INC., d/b/a | ) | Judge Bucklo |
| TRAK AMERICA, | ) | Magistrate Judge Cox |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF BALBARIN'S MOTION FOR DISCOVERY SANCTIONS AGAINST
NELSON, WATSON & ASSOCIATES, LLC FOR ITS FAILURE TO COMPLY
WITH THIS COURT'S JANUARY 25, 2011 ORDER REGARDING
RESPONDING TO INTERROGATORY NUMBER 9
BEYOND THE 50-PERSON SAMPLE**

NOW COMES, Plaintiff Joanne F. Balbarin ("Plaintiff"), by and through her counsel, and respectfully requests that this Honorable Court to enter an order for discovery sanctions against Nelson, Watson & Associates, LLC's ("Nelson") for its failure to fully responded to Interrogatory No. 9 as required to by this Court's January 25, 2011 Order.

In support of this motion Plaintiff states:

## BACKGROUND

Plaintiff sued Nelson for violating the Telephone Consumer Protection Act, 47 U.S.C § 227(b), ("TCPA"), by using an automatic telephone dialing system with a prerecorded voice that placed calls to Plaintiff's and the class members' cell phones without their "express prior consent." Discovery has shown, and the Court has found, that Nelson systematically obtained Plaintiff's cellular telephone number and those of the class members from Experian consumer reports, not from the consumers' original creditors. *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 * 4 (N.D. Ill. Jan. 5, 2011) (Bucklo, J.) ("defendant [Nelson] do[es] not dispute that the putative class members' numbers were generally obtained through the use of a so-called 'skip-tracing device,' meaning that the class members did not provide the numbers directly either to defendant or to the original creditor on whose behalf the calls were made."

On June 29, 2010, Plaintiff propounded Interrogatories, Requests for Document Production, and Requests for Admission on NWA.

On October 1, 2010, Plaintiff filed her motion to compel a response to Interrogatory No. 9 as to an agreed 50-person sample. (Dkt. 101). The 50-person sample was agreed to until the motion for class certification was decided. Interrogatory No. 9 and Nelson's objection without answer is as follows:

> **INTERROGATORY NO. 9**. If you contend that any person responsive to Interrogatory 8 above [the proposed class definition] provided express consent to receive telephone calls on a cellular telephone, or use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice, please explain as to each person identified the basis for such contention specifically, including citation to the bates number of all documentary evidence you contend supports such, and state the exact date NWA received such express consent or document evidencing express consent.

2

> **ANSWER:** Objection. This interrogatory is overly broad, unduly burdensome, premature and vague. Defendant is unable to answer this interrogatory in its present form due to its burdensome nature.

(Dkt. 101-1, p. 5 of 39).

On November 9, 2010, this Court compelled Nelson to respond to Interrogatory No. 9 stating, "If defendant does not have . . . information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place. If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense. Defendant is ordered to provide information responsive to the discovery requests on or before November 24, 2010. Plaintiff's motion to compel is, thus, granted [dkt 101]" (Dkt. 121), *Balbarin v. North Star Capital Acquisition, LLC*, 2010 U.S. Dist. LEXIS 118992* 2-3 (N.D. Ill. Nov. 9, 2010) (Cox M.J.).

Instead of responding to Interrogatory No. 9 limited to the 50-person sample on November 24, 2010 as ordered by this Court, Nelson filed three separate motions to "Amend Order Compelling Production." (Dkt. 122, Nov. 18, 2010; Dkt. 135, Dec. 8, 2010; and Dkt. 147, Jan. 19, 2011).

On January 5, 2011, Judge Bucklo certified the class. (Dkt. 144).

On January 7, 2011, Counsel for Plaintiff, Curtis C. Warner and Daniel A. Edelman, meet personally with Nelson's counsel, Jason Hunter, and discussed that now that a class was certified, whether Nelson would respond beyond the 50-person sample to Plaintiff's interrogatories and document production requests. A week later, Plaintiff's counsel Curtis C. Warner followed up the face-to-face meeting with a call and an e-mail requesting a full response to Interrogatory number 9.

On January 21, 2011, Plaintiff filed a motion to compel a full response to Interrogatory number 9, not just limited to the 50-person sample. (Dkt. 157).

On January 25, 2011, this Court entered an Order continuing "Plaintiff's motion to compel discovery [157] is granted in part * * * Defendant to turn over all discovery that comes in to the plaintiff as it comes in * * * The Court does not expect that this additional discovery will extend beyond 60 days from today's date." (Dkt. 166).

On May 24, 2011, Plaintiff filed her motion to strike Nelson's Eighth Affirmative Defense as Nelson had not responded to Plaintiff's Interrogatory Number 9 despite this Court's November 9, 2010, and January 25, 2011 Orders. (Dkt. 210).

On May 31, 2011, this Court entered an Order continuing Plaintiff's Motion to Strike Nelson's Eighth Affirmative defense and provided Nelson until June 14, 2011, "to produce the outlined discovery relating to interrogatory Number 9: information responsive to the 50 person sampling and the discovery relating to consent." (Dkt. 215).

On June 15, 2011, the Court was apprised that Defendant had only produced facts of what Nelson argues was express consent as to 18 persons out of the 50-person sample. (Dkt. 217). On June 22, 2011, Nelson for the first time provided Plaintiff with a verified response to Interrogatory Number 9. Exhibit A.

Nelson has not provided any facts to support "express prior consent" beyond these 18 persons.

**ARGUMENT**

Defendant has been Ordered by this Court on January 25, 2011, to respond to Interrogatory Number 9 beyond the 50-person sample and yet as of June 22, 2011, has only responded with a verified response of facts as to 18 persons of the 2,072 person class that it

4

believes shows that those class members provided "express prior consent" to have their cell phone number called by its predictive dialer. ***Five months past this Court Order's January 25, 2011 Order has past and two days short of one year since Defendant was issued Interrogatory Number 9 on June 29, 2010 and yet Defendant has only been able to identify "facts" of "express prior consent" as to 18 people.*** "The defendants do not get to determine unilaterally the scope and timing of discovery." *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004), and this Court should appropriately sanction Defendant for its failure to timely abide by this Court's January 25, 2011 Order.

Rule 37 provides that a disobedient party of a Court Order may be sanctioned. Fed. R. Civ. P. 37. Likewise, this Court has the "inherent authority to manage and ensure the expeditions resolution of cases on its docket." *IWOI, LLC v. Monaco Coach Corp.*, 07-3435, 2011 U.S. Dist. LEXIS 55333 * 14 (N.D. Ill. May 24, 2011) (Cox, M.J.) (*citing Chambers v. Nasco,* 501 U.S. 32, 50-51, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Barnhill v. U.S.,* 11 F.3d 1360, 1367, 1368 n. 8 (7th Cir. 1993)). Furthermore, the purpose of sanctions are to eliminate any prejudice to the other party and to deter future misconduct. A sanction must be proportionate to the circumstances surrounding the discovery violation. *IWOI, LLC*, 2011 U.S. Dist. LEXIS 55333 * 14-15 (*citing Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)(noting punitive and deterrent purpose); *Marraco v. General Motors Corp.,* 966 F.2d 220, 223 (7th Cir. 1992)).

The record, both in the pleadings filed and orally before this Court, have demonstrated that Nelson has tried and has indeed caused substantial delays in the discovery process. In addition to Nelson's delay, Nelson has been provided ample time opportunities to comply with this Court's discovery orders.

Defense counsel has represented on the record that it has an issue with its subpoenas out to Wells Fargo. However Defendant has received responses to its Wells Fargo subpoenas. *E.g.* <u>Exhibit B</u>. Likewise, pending is a motion regarding an Order as to Citibank, (Dkt. 221), yet Citibank has responded to Defendant's earlier subpoena. *E.g.* <u>Exhibit C</u>. Defendant knows that "express prior consent" was never provided as it skipped-traced the cell phone numbers it called and even the original creditors have no record of the phone numbers provided on the consumer's application for credit. *E.g.* <u>Exhibit D</u>. This Court should not further entertain Defendant's efforts to manufacture consent *ex post facto*. *See Balbarin v. North Star Capital Acquisition, LLC*, 2010 U.S. Dist. LEXIS 118992* 2-3 (N.D. Ill. Nov. 9, 2010) (Cox M.J.).

When "the Court has provided defendants with multiple chances to comply" with the discovery process, sanctions, including recommending the harsh sanction of entering a default judgment, are appropriate. *See e.g. FTC v. 6654916 Can., Inc.*, 09 C 3159, 2010 U.S. Dist. LEXIS 84799 * 8 (N.D. Ill. June 2, 2010) (Cox, M.J.). Therefore, Plaintiff argues that entering a discovery sanction against Nelson from presenting evidence of "express prior consent" beyond the eighteen persons in <u>Exhibit A</u> is an appropriate sanction.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Honorable Court to enter a sanction against Nelson from presenting evidence of "express prior consent" beyond the eighteen persons in <u>Exhibit A</u>.

                                      Respectfully submitted,

                                      <u>s/ Curtis C. Warner</u>
                                          Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza

6

155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)