IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and subclasses, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 10 C 1846 |
| | ) | Judge Bucklo |
| NORTH STAR CAPITAL ACQUISITION, | ) | Magistrate Judge Cox |
| LLC, et al., | ) | |
| Defendants. | ) | |

## RESPONSE TO MOTION FOR SANCTIONS

Defendant Nelson, Watson & Associates, LLC ("Defendant") by its undersigned attorneys, respectfully submits the following response in opposition the plaintiff's motion for sanctions, and in support, states the following:

### Introduction

The plaintiff recently filed a motion to strike NWA's affirmative defense concerning consent on the grounds that NWA failed to comply with this Court's November 9, 2010 Order. See Docket No. 120. This Court explained that the discovery ordered to be produced was limited to a 50 person sampling, and the matter was resolved in light of NWA's compliance with the Order. At no point in the discussion of that motion to strike did plaintiff's counsel ever assert that NWA had been compelled by this Court to respond to Interrogatory No. 9 as it pertains to the whole class.

In light of this Court's refusal to strike the affirmative defense of consent, plaintiff now incorrectly asserts for the first time that one line in a minute order entered January 25, 2011, taken out of context of the ongoing discovery process, directed NWA to respond to Interrogatory No. 9 on behalf of the entire class. However, a review of the underlying facts shows that, at a minimum, any misunderstanding on NWA's part as to this Court's order compelling discovery

was not in bad faith. To the contrary, NWA believes, and this Court explained, that the discovery it was ordered to produce was limited to the 50 person sampling. NWA submits that the circumstances here do not warrant such a severe sanction, especially in light of the conduct of the parties as directed by the Court.

### Relevant Discovery Orders

The initial motion to compel that set in motion the instant discovery dispute was filed prior to the certification of the class in this case. That motion to compel was granted, but limited the discovery NWA was ordered to be produced to a sampling of 50 individuals. See Docket No. 121 (explaining that, "[i]n an agreement, which the Court finds highly constructive in this kind of case, the parties agreed to limit defendant's response to a fifty person random sample of the putative class").

Plaintiff filed another motion to compel after the certification of the class in this case, and that motion sought to compel NWA to produce all documents and information in its possession, not just those related to the 50 person sampling, or in the alternative strike the affirmative defense of consent. See Docket No. 157. The discussion at that time centered around NWA's difficulties in obtaining all class documents, especially in light of the burdensome and cumbersome subpoena process and the difficulties encountered with only 50 subpoenas. After a hearing on the plaintiff's motion to compel NWA to produce documents of all class members, not just the fifty person sampling, this Court ordered NWA to obtain the documents with respect to the entire class and turn them over to plaintiff, specifically explaining in a minute order:

> All subpoenas directed at third parties must be prepared and served on those third parties within 7 days. Defendant to turn over all discovery that comes in to the plaintiff as it comes in. Parties to report back to the Court on the production of discovery at a status hearing set for 2/15/11 ay 9:30 a.m., when a new disclosure date will be set.

See Docket No. 166.

As this Court well knows, the parties have reported back at regular internals on the status of this ongoing discovery, and the difficulty that NWA has encountered in that process. In the interim, plaintiff filed a Motion to Strike NWA's Affirmative Defense because, plaintiff asserted, NWA had failed to comply with the Court's earlier November 9, 2010 Order with respect to the class sample. Docket No. 210. That motion was resolved at the next status, on June 15, 2011, when the parties informed this Court that NWA had provided the discovery ordered produced, and after this Court directed NWA to verify those responses (which it did). Plaintiff now for the first time asserts that the language in the January 25, 2011 Minute Order (Docket No. 166) directed NWA to respond to Interrogatory No. 9 as it pertains to the entire class.

## Argument

Plaintiff is distorting the record, trying to make it appear as if NWA has somehow vexatiously or unreasonably failed to comply with discovery orders in this case. However, a review of the relevant transcripts detailing this Court's direction of what was to be produced, as well as plaintiff's counsel's own conduct in issuing discovery on the very points which are the subject of this motion, reveals that NWA acted in a good faith belief that it was in compliance with this Court's Orders.

Sanctions may be imposed only when a party persistently fails to comply with a discovery order. *See Ladien, M.D. v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997). Sanctions are appropriate only when a party "displays willfulness, bad faith or fault" in its persistent refusal to comply with an Order. *Philips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992) (citing *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179 (7th Cir. 1987); *see also Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 719 (7th Cir. 2001). These factors are not present in this case.

130125418v1 0918198 07791

The obvious threshold question is whether NWA willfully or in bad faith refused to comply with a discovery order. A review of the hearing on plaintiff's previous motion to strike demonstrates no bad faith conduct. The entire transcript is a must read in order to understand the history of this issue. However, as explained below, the entire discussion on May 31, 2011 was limited to the fifty person sampling, and NWA remains of the position that this Court did not ever make a ruling compelling it to produce anything outside the sample of 50 persons[1]. To the extent that this Court ever intended to direct NWA to review all of the records in its possession, and to respond to the Interrogatory No. 9, NWA reasonably misunderstood the Court, and should not be sanctioned for that misunderstanding.

At the hearing on the Motion to Strike on May 31, 2011, a full copy of which is attached hereto as Exhibit A, the Court began by explaining that the motion was probably not properly brought before Magistrate Judge Cox in light of the limited nature of the referral, and plaintiff's counsel indicated that the motion was actually intended to be a discovery sanction. Ex. A, pp. 5-7. Plaintiff's counsel acknowledged at that hearing that he had been given the documents ordered to be produced, but asserted that he had not yet received the underlying factual basis for the Eighth Affirmative Defense (i.e., an answer to Interrogatory No. 9). Ex. A, pp. 7-8. This Court noted that, "I can certainly compel [NWA] to answer the interrogatory question with all the facts in their possession." Ex. A, pp. 7-8.

The following exchange then occurred between the Court and counsel:

The Court: Can you answer the interrogatory on the sampling fully at this point?

NWA's Counsel: On the sampling? I believe we can.

The Court: Because my order, my original order was confined to a sampling of the class.

---

[1] Plaintiffs have since served another discovery request, as explained later, asking NWA for information concerning consent as to the entire class, and NWA is working to glean the information necessary to respond to that discovery, and intends to have served a response by the time the instant motion is decided.

>     \* \* \*
>
> Plaintiff's Counsel:    We have nothing. We have absolutely nothing.
>
> The Court:    Okay. But you're not hearing me. What I'm saying is, what I just asked [NWA's counsel] is can he answer the original discovery requests with respect to the – I forgot how large the sample was. 50?
>
> NWA's Counsel:    I think it was 50.
>
> Plaintiff's Counsel:    Yes, 50. We'd like to see it. We'd like to see it promptly.
>
> The Court:    That doesn't seem an unreasonable request to me. Why can't you just answer it with respect to those individuals?
>
> NWA's Counsel:    Judge, as I stand here, my understanding is that we have. If they say we haven't, we will. I thought we had produced the accounts of all of the 50 months ago.

Ex. A, p. 8, line 21 to p. 9, line 24.

The Court later went on to explain further the scope of the discovery that was ordered to be produced, explaining, "[w]ell, my discovery order, the order that [plaintiff] claim[s] that [NWA is] in violation of which would be the sort of font of my authority to sanction has to do with not the entire class. It has to do specifically with the sampling." Ex. A, p. 11, lines 11-14. The Court directed NWA to answer Interrogatory No. 9, and further explained "… from where I sit, if the basis for the sanction – if the basis for the order is a sanction on a discovery violation, then to the extent [NWA] provide[s] the information with respect to the 50, that's all. That's my business." Ex. A, p. 12, lines 13-16. The Court ordered Interrogatory No. 9 to be answered with respect to the 50 person sampling within 14 days. Ex. A, p. 15-6.

NWA complied with the Court's Order, and supplemented its discovery with respect to Interrogatory No. 9, detailing with particularity the instances within the 50 person sample where there is evidence of consent. The parties reported the compliance at the next status, on June 15, 2011, and the dispute was resolved.

Later that same day, after the hearing on the resolution of the discovery dispute concerning the 50 person sample, plaintiff's counsel served another interrogatory on NWA. A

130125418v1 0918198 07791

copy of the June 15, 2011, 1:59 p.m. email and transmitted discovery is attached hereto as Exhibit B. That single interrogatory asks NWA to identify information concerning consent for the entire class, not just the 50 person sample. See Exhibit B. NWA has diligently been working to review the information and documents currently in its possession, and has sought a short extension to respond in light of the burden associated with the discovery, to which plaintiff's counsel agreed.

Two weeks later, plaintiff filed the instant motion that purports to be based upon this Court's January 25, 2011 Minute Order. However, NWA asserts that the Minute Order was with respect to the documents it was receiving from the subpoenas, and NWA did not understand it to extend to all information with respect to all class members. At a minimum, NWA was not willfully or maliciously failing to comply with this Court's January 25, 2011 discovery Order. The parties have been in front of this Court at least 8 times since the original Order compelling NWA to comply answer with respect to the sampling and the instant motion. See Docket Nos. 155, 166, 169, 177, 194, 207, 215 and 217. This Court inquired at nearly each of those status hearings about the status of the underlying documents and subpoenas, including their production to the plaintiff.

The plaintiff first raised the issue in his motion two weeks after NWA complied with this Court's discovery order, and for the first time asserts that the January 25, 2011 Minute Order actually relates to Interrogatory No. 9. The conduct of the parties, including plaintiff's pursuit of a prior motion to strike NWA's affirmative defense of consent without mention of the January 25, 2011 Order, as well as the issuance of an additional now pending discovery, shows that NWA's understanding was reasonable. NWA's conduct was not vexatious or unreasonable, especially in light of the discussion among the parties' counsel and this Court on May 31, 2011.

## **CONCLUSION**

The plaintiff's motion requests very drastic relief – an Order barring NWA from presenting evidence concerning consent as to anyone in the class. NWA believes that it has complied with this Court's orders regarding discovery. NWA has kept this Court informed at every step of this burdensome discovery process. Plaintiff's instant request is not warranted under these circumstances.

WHEREFORE, for the foregoing reasons, defendant respectfully submits that the court enter an Order denying plaintiff's Motion

Date: July 20, 2011

Respectfully submitted,

/s/*Justin M. Penn*
David M. Schultz
Justin M. Penn
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2011**,** I electronically filed the forgoing **Response To Motion For Sanctions** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

|  |  |
|---|---|
| | s/ *Justin M. Penn* |
| Justin M. Penn | Justin M. Penn |
| HINSHAW & CULBERTSON LLP | |
| 222 North LaSalle Street, Suite 300 | |
| Chicago, Illinois 60601 | |
| 312/704-3000 | |
| 312/704-3001 – fax | |
| jpenn@hinshawlaw.com | |

130125418v1  0918198  07791