**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, on behalf of herself and a class and subclasses, | ) ) ) | 10 C 1846 |
| Plaintiff, | ) ) | Judge Bucklo |
| | ) | Magistrate Judge Cox |
| v. | ) ) | |
| NORTH STAR CAPITAL ACQUISITION, LLC; ZENITH ACQUISITION CORPORATION; DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA; BLITT and GAINES, P.C.; and NELSON, WATSON & ASSOCIATES, LLC | ) ) ) ) ) ) | |
| _____ | ) | |
| CARLA A. HUBBS, on behalf of herself and a class and subclasses, | ) ) ) | 10-cv-2154 (Reassigned for Relatedness) |
| Plaintiff, | ) ) | Judge Bucklo |
| v. | ) ) | Magistrate Judge Cox |
| WELTMAN, WEINBERG & REIS CO., L.P.A., and DATA SEARCH NY, INC., d/b/a TRAK AMERICA, | ) ) ) ) | |
| Defendants | ) | |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

This matter came for hearing on July 25, 2011, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement") dated as of March, 2011. Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1

1.      On March 22, 2011, this Court preliminarily approved the Class Settlement Agreement reached between plaintiffs Joanne F. Balbarin and Carla A. Hubbs (collectively "Plaintiffs"), and defendant Data Search NY, Inc. d/b/a TRAK America, ("Defendant") for Plaintiffs' claims alleged against Defendant in the above-captioned matter filed in the United States District Court for the Northern District of Illinois, Eastern Division.  The Court conditionally certified a class and approved a form notice for mailing to the class.  The Court is informed that actual notice was sent by first-class mail to 7,693 class members (counting couples and other joint persons as a single class member).  A total of 406 envelopes were originally determined to be undeliverable. Forty-one (41) notices were returned by the United States Postal Service with a forwarding address and remailed. Defendant was able to research addresses for the remaining 365 notices, all of which were remailed.  Two persons, Ed Young and Paula Stavrakakes, requested exclusion and one objection was filed by Alain George Smolcic.  However, after discussing the settlement with Plaintiff's counsel, Mr. Smolcic withdrew his objection and expressed a desire to participate in the settlement.

2.      The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Class Settlement Agreement.

3.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs and Class Representative, the other Members of the Class, and the Defendant.

4.      The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Illinois law and due process under the United States Constitution.

5.　　The Court approves the settlement of the claims Plaintiffs and the Class alleged against Defendant in the above-captioned action, as set forth in the Agreement, the release and other terms, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6.　　Except as to any individual claim of those Persons (identified in Appendix A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed without prejudice as to the Plaintiffs and Class Representatives and the other Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7.　　The settlement Class has been defined to include:

> All natural persons within Illinois against whom a collection lawsuit was filed in which the Defendant was involved and which was filed during a period beginning on March 24, 2009 and ending April 13, 2010.

8.　　Excluded from the Class are those Persons (identified in Appendix A hereto) who timely and validly requested exclusion.

9.　　Plaintiffs release and forever discharge Defendant, and its past, present or former parents, subsidiaries, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, divisions, administrators, insurers, and assigns ("Released Parties") of and from all claims related to the collection lawsuit that is the subject of this action, including litigation activity that occurred from the beginning of time through and including the Effective Date. Expressly excluded from this release are any claims Plaintiffs may have against companies that use the services of Defendant for purposes of debt

collection or companies whose services Defendant uses for purposes of debt collection.

10. Each class member who did not opt out hereby releases and forever discharges Defendant, and its past, present or former parents, subsidiaries, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, divisions, administrators, insurers, and assigns ("Released Parties") of and from all claims arising from the allegations in this lawsuit through and including the Effective Date. Expressly excluded from this release are any claims class members may have against companies that use the services of Defendant for purposes of debt collection or companies whose services Defendant uses for purposes of debt collection.

11. IT IS EXPRESSLY STATED that Plaintiff Balbarin and the class members do not release any TCPA claim made against Defendant Nelson, Watson & Associates, LLC.

12. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

    b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in

order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

13. The Court dismisses the claims of Plaintiffs and the Class against Defendant and the Released Parties without prejudice and without costs.

14. Within thirty-five (35) days of this Order, defendant shall make all payments required by the Agreement, including payments of $2,000.00 each to Plaintiffs Balbarin and Hubbs, and $30,000.00 to be divided among those 7,693 class members who were able to be located and who did not, after receiving notice, opt out of the class settlement. Only two class members opted out of the Class settlement after receiving notice, so each Class Member will receive at least $3.90.

15. Thirty (30) days after the Void Date as defined in the Agreement, no later than 95 days after the Effective Date, the Defendant shall file a Notice of Compliance that Defendant has complied with the terms of the Agreement, all Class members have been issued checks or credits, and any undistributed funds or uncashed checks have been donated to The Legal Assistance Foundation of Metropolitan Chicago on a cy pres basis.

16. Ten days after the Notice of Compliance has been filed, the Court will enter an order converting the dismissal to a dismissal with prejudice, absent a timely motion by either Plaintiffs or Defendant.

17. The Court has reviewed and approves Class Counsel's petition for attorneys' fees and costs. Defendant shall pay $35,000 to Class Counsel in accordance with the Agreement. The Court finds that the payment of $35,000 for attorneys' fees and costs is fair and reasonable.

18. The Court reserves exclusive and continuing jurisdiction over the Litigation, the

Plaintiffs and the Class Representatives, the Class and Defendant for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Order and Judgment.

IT IS SO ORDERED

DATED: 7/28/11 _____

By: _____
The Honorable Elaine E. Bucklo
United States District Court Judge