IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE F. BALBARIN, on behalf of herself and a class and subclasses, | ) ) ) ) | |
| Plaintiff, | ) ) ) | 10 C 1846 |
| v. | ) ) | Judge Bucklo |
| NORTH STAR CAPITAL ACQUISITION, LLC, et al., | ) ) ) ) | Magistrate Judge Cox |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS
AGAINST NELSON, WATSON & ASSOCIATES, LLC**

Defendant Nelson Watson & Associates, LLC does not dispute that it has had **12 months** to answer Plaintiff's interrogatory asking it for the factual basis for its affirmative defense of consent and that it has not done so with respect to 2,022 class members (2,072 total class members minus the sample of 50). Even as to 32 of those class members in the 50-member sample, Defendant now admittedly has no facts to support that those 32 class members ever gave consent. (Plt. Mtn., Doc. 223, Ex. A). Discovery has shown, and the Court has found, that Nelson systematically obtained Plaintiff's cellular telephone number and those of the class members from Experian consumer reports, not from the consumers' original creditors. *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 * 4 (N.D. Ill. Jan. 5, 2011) (Bucklo, J.) ("defendant [Nelson] do[es] not dispute that the putative class members' numbers were generally obtained through the use of a so-called 'skip-tracing device,' meaning that the class members did not provide the numbers directly either to defendant or to the original creditor on whose behalf the calls were made.").

1

Defendant also does not dispute that it asserted consent as an affirmative defense consent despite its skip-tracing the class member's cellular telephone numbers that almost 12 months of discovery has shown were not provided to the original creditors. Defendant has the burden of proof on this issue as the Federal Communications Commission held in *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling*, CG Docket No. 02-278, FCC Release 07-232, ¶10; 23 FCC Rcd 559, 564-565; 2008 FCC LEXIS 56; 43 Comm. Reg. (P & F) 877 (released January 4, 2008):

> We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed. To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. **Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent**. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call. (Emphasis added)

The FCC ruling was not challenged by a petition filed in the Court of Appeals within the requisite time, and is thus unchallengeable. *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 446-48 (7th Cir. 2010).

Defendant apparently instead wants this Court to give it an indefinite amount of time to come up with information supporting an inherently factual affirmative defense which was apparently alleged without first having a factual basis for it. Furthermore, Defendant is attempting to delay resolution of this matter by seeking a stay pending the resolution by the

Supreme Court in *Mims v. Arrow Fin. Servs., LLC*, Case No. 10-1195, 2011 WL 1212225 (U.S. June 27, 2011), to which the Supreme Court just granted *cetriorari* to. (Doc. 230).

Defendant does not dispute that the Court's January 25, 2011 Order requires that discovery compliance was to be an ongoing process so that all facts supporting defendant's position on the consent issue were to be provided when they became available. Defendant was required to comply with the January 25, 2011 Order as written. *See United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005) (the language of an order is controlling); *Qad, Inc. v. ALN Assoc., Inc.*, 88 C 2246, 1991 U.S. Dist. LEXIS 12887 * 8 (N.D. Ill. Sept. 12, 1991) (It is the "order and not its opinion language that controls[.]").

Indeed, Defendant on an rolling basis produced documents that it obtained via subpoenas of third parties. This Court viewed the pile of documents, which was about a foot tall. Clearly, defendant understood the January 25, 2011 Order and made a rolling production of documents responsive to the Court's granting Plaintiff's motion to compel. Yet, Defendant has failed to answer Plaintiff's interrogatory asking for what *facts* it is relying upon to demonstrate it had consent to call the class members' cell phones.

Defendant instead of addressing the hearing on the January 25, 2011 Order, submitted in its response the transcript of a ***later May 31, 2011 hearing*** that has nothing to do with the January 25, 2011 Order. The May 31, 2011, hearing was a hearing on a separate motion that in essence Plaintiff requested the Magistrate Judge to enter an order striking Defendant's affirmative defense of consent. This Court declined to do because it would amount to being a dispositive motion under 28 U.S.C. §636. (Def. Mtn. Ex. A, pp. 6-7, ln. 24-25, 1-17). This point is clear in the exchange between this Court and Plaintiff's counsel as follows:

3

COURT: . . . [T]HE relief you're asking is essentially that they can't proceed on their consent defense at all.

MR. WARNER.   It's a summary judgment in that sense.

COURT:   In a sense, it is, and that's what's giving me pause.

(Def. Mtn. Ex. A, p. 8, ln. 4-8).

Defendant has had ample time to obtain information and to state facts upon which its class wide defense of consent rests upon. Plaintiff submits that it is appropriate for this Court to enter a report and recommendation barring reliance on any facts not already stated in a verified Interrogatory and documents not yet produced by Defendant as a discovery sanction.

                              Respectfully submitted,

                              /s Curtis C. Warner
                                Curtis C. Warner

Curtis C. Warner (6282197)
cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave., Suite 560
Chicago, IL 606601
(312) 238-9820 (TEL.)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, hereby certify that on **August 3, 2011**, I filed electronically the **Plaintiff's Reply Memorandum,** using the Court's CM/ECF system, which automatically will send notice to those parties who have appeared and are so registered.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner        cwarner@warnerlawllc.com
Warner Law Firm, LLC
155 N. Michigan Avenue, Suite 560
Chicago, Illinois 60601