IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE F. BALBARIN, on behalf of herself and a class and subclasses, | ) ) ) ) | |
| Plaintiff, | ) ) | 10 C 1846 |
| v. | ) ) ) | Judge Bucklo |
| NORTH STAR CAPITAL ACQUISITION, LLC, et al., | ) ) ) ) | Magistrate Judge Cox |
| Defendant. | ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff Joanne F. Balbarin ("Plaintiff"), individually and as a representative of the Class of persons defined herein ("Class") and Defendant Nelson Watson & Associates ("Nelson Watson") respectfully request that the Court enter an order (i) granting preliminary approval to the Class Settlement Agreement ("Agreement") attached as Appendix A; (ii) approving the form of the Class Notice attached as Exhibit 1, (iii) designating Joanne F. Balbarin as Class Representative (iv) designating Edelman, Combs, Latturner & Goodwin, LLC and Warner Law Firm, LLC as Class Counsel; and (v) setting dates for submitting objections and a hearing for final approval.

1. On March 24, 2010, Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Joanne F. Balbarin v. North Star Capital Acquisition, LLC; Zenith Acquisition Corporation; Data Search N.Y. Inc. d/b/a TrakAmerica; Blitt and Gaines, P.C.; and Nelson Watson & Associates, LLC.*, Case No. 10 C 1846, as amended on April 29, 2010, and later consolidated on May 27, 2010, (the "Litigation"), alleging in Count VIII that Nelson Watson

used an autodialer with a prerecorded message and called Plaintiff and the Settlement Class without their prior express consent. The complaints also alleged counts that invoked federal question jurisdiction. On January 5, 2011, the Court certified a class as defined below in ¶3(a).

2. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in the Litigation, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the Litigation, the likelihood, costs and possible outcomes of one or more procedural and substantive appeals and the potential difficulties associated with collecting a judgment if one were secured. Based upon their respective review and analysis, and after arms-length, good faith negotiations, the Parties have entered into the Agreement, attached hereto as Appendix A

3. In summary, the Parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

a. Settlement Class. The parties agree to a Class Settlement consisting of a Class as certified by the Court on January 5, 2011, which shall include all Class Members who have not opted out of the Class. Specifically, the Settlement Class is defined as:

> (a) All persons with a cellular telephone number in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

Nelson Watson estimates based on its electronic records that about 2,074 names are in the Class, and after eliminating duplicate names and the two opt outs received from class members after

130203521v1  0918198

they were provided notice, the Settlement Class is approximately 1,975 persons.

      b.  <u>Relief to Plaintiff and the Class</u>.

        (1)  Defendant will create a common settlement fund of $500,000.00 (five hundred thousand dollars) ("Settlement Fund"), which a settlement administrator will distribute.

        (2)  From the Settlement Fund Plaintiff shall ask for up to $30,000 (thirty thousand dollars), subject to Court approval, as her damages and as an incentive award for serving as the class representative;

        (3)  From the Settlement Fund Defendant shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement;

        (4)  From the Settlement Fund Defendant shall pay Plaintiff's counsel for Plaintiff's reasonable attorneys' fees and costs incurred up to 1/3 of the Settlement Fund, $166,666.66 (one hundred sixty-six thousand six hundred sixty-six dollars and sixty-six cents), subject to Court approval;

        (5)  Each Settlement Class member whose notice was not returned as undeliverable ("Claimants") will receive a *pro rata* share of the amount remaining in the Settlement Fund after deductions are made for the items identified in ¶3b(2), (3), and (4), by check. Checks issued to Claimants will be void after 60 days. If any portion of the Settlement Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the Legal Assistance Foundation of Metropolitan Chicago.

c. <u>Class Notice</u>. Defendant shall though the Class Administrator cause actual notice, in the form of <u>Exhibit 1</u>, to be sent to the last known addresses of the Class members, based upon the most recent addresses from the prior notice, after the Class Administrator has screened the list with the National Change of Address database. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. The Class Administrator shall be required to skip trace one time any letters that are returned as undeliverable without a forwarding address. Payment for the notice and administration shall be paid out of the Settlement Fund.

d. <u>Class Members' Right to Object</u>. Class members have 45 days from the initial mailing of class notice to object to the settlement.

4. Counsel for Plaintiff and the proposed Class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, the Parties respectfully request that this Court enter an order in the form of <u>Exhibit 2</u>, which grants preliminary approval to the Class Settlement Agreement ("Agreement") attached as <u>Appendix A</u>; (ii) approves the form of the Class Notice attached as <u>Exhibit 1</u>, (iii) designates Joanne F. Balbarin as Class Representative, (iv) designates Edelman, Combs, Latturner & Goodwin, LLC and Warner Law Firm, LLC as Class Counsel; and (v) sets a date for submitting objections and a hearing for final approval.

| | |
|---|---|
| **Respectfully submitted:** | **Respectfully submitted:** |
| **EDELMAN COMBS LATTURNER & GOODWIN, LLC** | **HINSHAW & CULBERTSON, LLP** |
| Daniel Edelman | David M. Schultz |
| Cathleen M. Combs | Justin M. Penn |
| James O. Latturner | 222 N. LaSalle Street |
| Tiffany N. Hardy | Suite 300 |
| 120 S. LaSalle Street, 18th Floor | Chicago, IL 60601 |
| Chicago, IL 60603 | (312) 704-3000 |
| (312) 739-4200 | FAX: (312) 704-3001 |
| FAX: (312) 419-0379 | |
| | s/*Justin M. Penn  (with consent)* |
| s/*Tiffany N. Hardy* | Counsel for defendant |
| Counsel for plaintiff | |

**WARNER LAW FIRM, LLC**
Curtis C. Warner
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, IL 60601
(312) 238-9820
FAX: (312) 638-9139

s/*Curtis C. Warner*
Counsel for plaintiff