# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and | ) | |
| subclasses, | ) | |
| | ) | 10 C 1846 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| NORTH STAR CAPITAL | ) | |
| ACQUISITION, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS SETTLEMENT AGREEMENT

## RECITALS

1. **Parties.** Defendant, Nelson Watson & Associates, LLC, ("Nelson Watson" or "Defendant") and Plaintiff, Joanne F. Balbarin ("Plaintiff") individually, and as representative of the class of persons defined below in ¶ 9 (the "Settlement Class") as certified by the Court, (collectively the "Parties") enter into this Settlement Agreement of Plaintiff's and the Settlement Class' claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (the "Agreement")

2. **Nature of litigation pertinent to this Agreement.** On March 24, 2010, Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Joanne F. Balbarin v. North Star Capital Acquisition, LLC; Zenith Acquisition Corporation; Data Search N.Y. Inc. d/b/a TrakAmerica; Blitt and Gaines, P.C.; and Nelson Watson & Associates, LLC.*, Case No. 10 C 1846, as amended on April 29, 2010, and later consolidated on May 27, 2010, (the "Lawsuit"), alleging in Count VIII that Nelson Watson used an autodialer with a prerecorded message and called Plaintiff and the Settlement Class without their prior express consent. The complaints also

alleged counts that invoked federal question jurisdiction. On January 5, 2011, the Court certified a class as defined below in ¶ 9.

3.      **Denial of Liability.** Defendant denies violating the TCPA and further denies any liability to Plaintiff and the Settlement Class for their claims alleged under the TCPA. Defendant Nelson Watson desires to settle the claims related to the allegations brought in the Lawsuit to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been asserted by Plaintiff and the Settlement Class in the Lawsuit against Nelson.

4.      Plaintiff, individually and on behalf of the Class, desires to settle her claims arising in the Lawsuit against Nelson Watson, having taken into account the risks, delay, and the likelihood that the litigation will be further protracted and expensive.

5.      Plaintiff's counsel has investigated the facts, the applicable law and the developing proposed TCPA legislation. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.      In consideration of the foregoing and other valuable consideration, Plaintiff and Nelson Watson agree to settle the claims of Plaintiff and the Settlement Class arising out of the Lawsuit, subject to the Court's approval, on the following terms and conditions.

## TERMS

7.      **Binding Agreement**. This agreement is binding upon the Parties irrespective of any change in the law.

8.      **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the

Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff's and the Settlement Class members' TCPA claims alleged in Count VIII of the Consolidated Complaint against Defendant without prejudice and (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement. The parties waive their right to appeal from any final order entered in accordance with the terms of the Agreement.

9. **Certification of Class**. The settlement class is defined as:

(a) All persons with a cellular telephone number in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

Nelson Watson estimates based on its electronic records that about 2,074 names are in the Class, and after eliminating duplicate names and the two opt outs received from class members after they were provided notice, the Settlement Class is approximately 1,975 persons.

10. **Relief to Plaintiff and the Settlement Class.** Defendant shall provide the following relief to Plaintiff and the Settlement Class.

  a.   Defendant will create a common settlement fund of $500,000.00 (five hundred thousand dollars) ("Settlement Fund"), which a settlement administrator will distribute;

  b.   From the Settlement Fund Plaintiff shall ask for up to $30,000 (thirty thousand dollars), subject to Court approval, as her damages and as an incentive award for serving as the class representative;

c.   From the Settlement Fund Defendant shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement;

d.   From the Settlement Fund Defendant shall pay Plaintiff's counsel for Plaintiff's reasonable attorneys' fees and costs incurred up to 1/3 of the Settlement Fund, $166,666.66 (one hundred sixty-six thousand six hundred sixty-six dollars and sixty-six cents), subject to Court approval;

e.   Each Settlement Class member whose notice was not returned as undeliverable ("Claimants") will receive a *pro rata* share of the amount remaining in the Settlement Fund after deductions are made for the items identified in ¶10b, c, and d, by check. Checks issued to Claimants will be void after 60 days. If any portion of the Settlement Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the Legal Assistance Foundation of Metropolitan Chicago.

11.   Class members shall have 45 (forty-five) days after mailing of the notice of the proposed settlement to object to the proposed settlement.

12.   No later than five business days after the Effective Date, Defendant shall cause to be distributed all monies set forth in ¶¶ 10(a), 10(c) and 10(e). Each Class member whose notice has not been returned as undeliverable will receive a check for that member's share of the settlement fund referred to in ¶ 10(e) above. The check shall be void after 60 days from the date of issuance. No later than five business days after the Effective Date, Defendant shall cause the distribution of the money as set forth in ¶¶ 10(b) and 10(d) to Class Counsel addressed to Edelman, Combs, Latturner & Goodwin LLC, 120 S. LaSalle Street, Suite 1800, Chicago, Illinois 60603.

13.   Within thirty (30) days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be that of the *cy pres* recipient, the Legal Assistance Foundation of Metropolitan Chicago. Within 30 days following the last void date of the Class members' checks, Counsel for the Parties shall send a Joint Letter to the Legal Assistance Foundation of Metropolitan Chicago and file a copy with the Court.

14.     **Release.**   Five business days after the Effective Date, the parties grant the following releases:

a.     Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant Nelson Watson & Associates, LLC, as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, officers, directors, employees, members, shareholders, general partners, limited partners, beneficiaries, heirs, insurers, agents, representatives, attorneys, and assigns (in their capacity as insurers, agents, representatives, attorneys, and assigns of Defendant), or entities for which said Defendant performs collection services (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in the Lawsuit on behalf of the class.

b.     Each member of the Settlement Class releases and discharges the Released Parties of all suits, liability, and claims, including claims for the payment of attorney's fees and costs relating to the use of automated equipment to call Settlement Class members, including but not limited to any claims that were or could have been asserted in the Lawsuit on behalf of the class for the calls to the cellphones under the facts alleged in the Lawsuit.

c.     IT IS EXPRESSLY STATED that the releases above DO NOT release any defenses Plaintiff and each Settlement Class member may have with respect to the underlying debts which Defendant was attempting to collect.

d.     IT IS EXPRESSLY STATED that he underlying debts Defendant sought to collect are not affected by this Agreement.  This Agreement also does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class members.

15.     The release is conditioned upon the approval of the Agreement by the Court and Defendant meeting its obligations herein.  If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16.     **Plaintiff's Award, Attorneys' Fees, Notice Costs and Related Matters.**
Defendant will pay Plaintiff's Award as approved by the Court. Defendant agrees not to object to Class Counsel asking the Court to grant a Plaintiff's Award in an amount not to exceed the amount described in ¶ 10(b). Defendant will pay the costs of notice and settlement administration, as described above in ¶ 10(c). Defendant will also pay Plaintiff's counsel the attorneys' fees and costs as approved by the Court. Defendant agrees not to object to Plaintiff's counsel seeking attorney's fees and costs in an amount not to exceed the amount described in ¶ 10(d). The sums described above in this paragraph shall come from the Settlement Fund. The amount shall be paid by check no later than five (5) business days after the Effective Date. This amount shall be sent to Class Counsel addressed to Edelman, Combs, Latturner & Goodwin LLC, 120 S. LaSalle Street, Suite 1800, Chicago, Illinois 60603.

17.     **Notice.** Within 28 days of entry of the Preliminary Approval Order, Defendant shall though the Class Administrator cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the Class members, based upon the most recent addresses from the prior notice, after the Class Administrator has screened the list with the National Change of Address data base. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. The Class Administrator shall be required to skip trace one time any letters that are returned as undeliverable without a forwarding address. Payment for the notice and administration shall be paid out of the Settlement Fund.

18.    **Preliminary Approval.**  As soon as practicable after execution of this Agreement, the parties shall make application to the Court for the Preliminary Approval Order, attached as <u>Exhibit 2</u>, which:

    a.    Preliminarily approves this Agreement;

    b.    Approves of the Settlement Class defined in ¶ 9 for settlement purposes;

    c.    Appoints Edelman, Combs, Latturner & Goodwin LLC, and Warner Law Firm, LLC as Class counsel;

    d.    Appoints Plaintiff as the Class representative;

    e.    Schedules a hearing for final approval of this Agreement;

    f.    Approves <u>Exhibit 1</u> hereto as notice to the Settlement Class, to be directed to the last known address of the Class members as shown on Defendant's records;

    g.    Finds that mailing of the Settlement Class notice and the other measures specified in ¶ 17, along with the prior class notice that was directed by this Court, is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P. 23.

    h.    Directs Defendant to provide the appropriate state and federal authorities notice and the proper documentation of the class action settlement as required under Class Action Fairness Act ("CAFA").

19.    The parties agree to request the form of notice attached hereto as <u>Exhibit 1</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit 2</u>. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

20.    **Final approval.**  At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of 90 days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, Defendant's counsel and Defendant shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate; providing for the implementation of those terms and provisions; finding that the notice given to

the Class satisfies the requirements of due process and Rule 23; dismissing Count VIII of the Consolidated Complaint without prejudice and without costs; directing the entry of a final order; and retaining jurisdiction to enforce the provisions of this Agreement.

21. **Dismissal with prejudice.** Fifty (50) days after the Void Date, the Defendant shall file a Notice of Compliance that Defendant has complied with the terms of the Agreement, all Class members have been issued checks, and any undistributed funds or uncashed checks have been donated to The Legal Assistance Foundation of Metropolitan Chicago on a cy pres basis. Ten (10) days after the Notice of Compliance has been filed, the Court shall enter an order converting the dismissal to a dismissal with prejudice absent a timely motion by either Plaintiffs or Defendant. Once the dismissal is with prejudice, the Court shall no longer have jurisdiction over this matter.

22. The parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. The fact that the Court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

23. **Release of Attorneys' Lien.** In consideration of this Settlement Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶14(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under ¶¶ 10(d) and 16, for legal services rendered by Plaintiff's counsel in connection with the Lawsuit

24. **Miscellaneous Provisions.** The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement is consummated, this Agreement shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability or wrongdoing

whatsoever. The Parties further state that they are unaware of any pending state court litigation involving Defendant and any class member involving a claim brought under the TCPA. Both Class Counsel agree to provide Defendant's counsel within 30 days of the Effective Date a certification that it has destroyed all documents that were produced pursuant to the Stipulated Protective Order entered in the Lawsuit or will return those documents to Defendant's counsel and otherwise comply with the Stipulated Protective Order entered in this case.

      25.      Notices and objections related to this Agreement shall be sent to:

Daniel A. Edelman (#24024)
Tiffany N. Hardy
Edelman, Combs, Latturner & Goodwin LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
Counsel for Plaintiff and the Class

and

Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Counsel for Defendant

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

      26.      The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

      27.      This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

28.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

29.     This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.

30.     If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for two years thereafter, and may destroy them after that period.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on ~~October~~ November 4, 2011.

**For Plaintiff and the Settlement Class**

Joanne F. Balbarin

**For Nelson Watson & Associates, LLC**

By:_____

Printed Name: _____

Title:_____

**Approved as to form:**

_____
David M. Schultz
Hinshaw & Culbertson LLP
222 N. LaSalle St. Ste. 300
Chicago IL 60601

10

28.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

29.     This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.

30.     If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for two years thereafter, and may destroy them after that period.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on October _____, 2011.


**For Plaintiff and the Settlement Class**


_____

Joanne F. Balbarin

**For Nelson Watson & Associates, LLC**

By:_____

Printed Name: Daniel R. Kuzmitsk.

Title: Director of Training and Compliance

**Approved as to form:**

_____

David M. Schultz
Hinshaw & Culbertson LLP
222 N. LaSalle St. Ste. 300
Chicago IL 60601

Approved to form and release of attorney's lien:

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
Counsel for Plaintiff and the Class

Approved to form and release of attorney's lien:

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, IL 60601
312-238-9820

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

The case is titled *Joanne F. Balbarin, et al. v. North Star Capital Acquisition, LLP, et al.*,
Case No. 10-cv-1846.

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.
THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.
YOU ALREADY RECEIVED NOTICE OF THE POSSIBLE SETTLEMENT
OF THIS CASE EARLIER THIS YEAR.**

A Federal court authorized this notice.
This is not a solicitation from a lawyer.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| OBJECT | Write to the Court about why you do not like the settlement. You may also appear at the fairness hearing. |
|---|---|
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person with a cellular telephone number in an Illinois area code who on or after March 24, 2006 and on or before April 13, 2010, received an automated call with a prerecorded message from Defendant Nelson, Watson & Associates, LLC, ("Defendant"), even though you did not provide prior express consent to Defendant to contact you by telephone.

In June 2011, you were sent notice of this lawsuit. You were given the opportunity to exclude yourself from the class and you chose to remain in the class.

### 2. What is this lawsuit about?

On March 24, 2011, Plaintiff, Joanne F. Balbarin, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Joanne F. Balbarin v. North Star Capital Acquisition, LLC; Zenith Acquisition Corporation; Data Search N.Y. Inc. d/b/a TrakAmerica; Blitt and Gaines, P.C.; and Nelson Watson & Associates, LLC.*, Case No. 10 C 1846, as amended on April 29, 2010, and later consolidated on May 27, 2010 (the "Lawsuit"). In Count VIII of the lawsuit, Plaintiff alleged that Defendant Nelson Watson & Associates, LLC used an autodialer with a prerecorded message to call Plaintiff and the members of the Settlement Class without their prior express

<u>**QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – CASE #24024**</u>

consent in violation of the Telephone Consumer Protection Act ("TCPA"). On January 5, 2011, the Court certified a class that includes you.

The other counts in the Lawsuit have already settled.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Joanne F. Balbarin), sue on behalf of a group (or a "Class") of people who have similar claims. In this case, the Class Representative sued the Defendant regarding the Defendant's use of automated calls with a prerecorded message.

## 4. Why is there a settlement?

To avoid the cost, risk, a potential change in the law and delay of litigation, the parties reached a settlement agreement.

## 5. How do I know if I am a part of the settlement?

The Court has certified a class consisting of all people who meet the following definition:

(a) All persons with a cellular telephone number in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

According to Defendant's records, you are a class member. Defendant has identified approximately 1,975 class members, including yourself.

# YOUR BENEFITS UNDER THE SETTLEMENT

## 6. What can I get from the settlement?

The total common Settlement Fund is $500,000.00. If you do nothing, you will be entitled to a *pro rata* share of the common Settlement Fund, *after* the deduction of the costs of administration of the settlement, attorney's fees and costs awarded to Class Counsel by the Court, and the amount awarded to Plaintiff by the Court. We estimate that each class member who receives this notice will receive approximately $150.00.

**QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – CASE #24024**

## 7. When will I receive these benefits?

If no objections are received, you will receive these benefits approximately 45 days after the Court enters a Final Approval Order.

## 8. I want to be a part of the settlement and receive these benefits. What do I do?

Nothing. You will receive your share of the benefits as described above in No. 6 if you received this notice.

If this notice was sent to you at your current address, you do not have to do anything more to receive your settlement payment. However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to:

**[NAME/ADDRESS OF CLASS ADMINISTRATOR]**
_____
_____

## 9. What am I giving up to receive these benefits?

Having previously agreed to remain in the class, all of the Court's orders apply to you, and you give Defendant a "release." A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit with respect to the facts alleged in the Lawsuit. In addition to the TCPA claim alleged in the Lawsuit, you will be giving Defendant a release from all other claims common to the class based on the facts alleged in the Lawsuit.

## 10. How much will the Class Representative receive?

Plaintiff will petition the Court for a payment of $30,000 for her statutory damages under the TCPA, which includes an incentive award for serving as the class representative. This amount is subject to the Court's Approval.

## THE LAWYERS REPRESENTING YOU

## 11. Do I have a lawyer in this case?

The Court has named the law firms of Edelman, Combs, Latturner & Goodwin LLC and Warner Law Firm, LLC as Class Counsel. You will not be charged for these lawyers. However, they will receive a payment from the Settlement Fund in the amount of $166,666,66 (one hundred sixty-six thousand six hundred sixty-six dollars and sixty-six cents) if approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by **_____, 2011**.

## 12. How will the lawyers be paid?

Class Counsel will ask the Court for $166,666.66 (one hundred sixty-six thousand six hundred sixty-six dollars and sixty-six cents) from the Settlement Fund as an amount of reasonable attorneys' fees and expenses.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

## 13. Is this a fair settlement?

Class Counsel believes that this settlement is fair. The TCPA is a federal statute which provides for $500 per violation of the Act and $1,500 per violation if Defendant's conduct is determined to be willful. In this case, after the deduction of the costs of administrating the class, Plaintiff's award, and attorney's fees and costs, the class recovery of $500,000 will be divided on a *pro rata* basis among those approximately 1,975 class members who receive this notice. It is estimated that each class member who receives this notice will receive approximately $150.00. Given that Defendant has vigorously opposed this class and has already taken one appeal to the 7th Circuit, and the potential of a change in law, Class Counsel believes that this is a fair settlement for the class.

## 14. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, Defendant Nelson Watson & Associates, LLC is not admitting that it has done anything wrong. Defendant expressly denies the TCPA claims asserted by the Plaintiff and denies all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

## 15. How do I tell the Court that I do not like the Settlement?

You can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Joanne F. Balbarin v. North Star Capital Acquisition, LLC., et al.*, Case No. 10 C 1846 (N.D. Ill.), your name, address, telephone number, and signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in item #16). You must mail your objection so that it is postmarked no later than _____ **2011** to**:**

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to counsel for **both** the class and the defendant:

**QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – CASE #24024**

Daniel A. Edelman (#24024)                    Justin M. Penn
Tiffany N. Hardy                              Hinshaw & Culbertson LLP
Edelman, Combs, Latturner & Goodwin LLC       222 N. LaSalle St., Suite 300
120 S. LaSalle St., Ste. 1800                 Chicago, IL  60601
Chicago, IL 60603
(Counsel for Plaintiff and the Class)         (Counsel for Defendant)

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend if you wish, but you are not required to do so.

| 16.  Where and when is the fairness hearing? |
| --- |

The Court will hold a fairness hearing on _____ a.m. in the courtroom of Judge Bucklo, Room 1441 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION

You can call Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC, at (312) 739-4200, if you have any questions. You can also send an email to info@edcombs.com or obtain information through the firm's website at www.edcombs.com.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and | ) | |
| subclasses, | ) | |
| | ) | 10 C 1846 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| NORTH STAR CAPITAL | ) | |
| ACQUISITION, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY APPROVAL ORDER

The Court, having considered the parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, Joanne F. Balbarin ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendant, Nelson Watson & Associates, LLC ("Defendant").

1. The proposed Agreement and Release, the terms of which are fully set forth in the Agreement, is reasonable, fair and hereby approved by the Court, subject to the final fairness hearing described below.

2. On January 5, 2011, the Court certified a class upon which the Parties agree to be the Settlement Class defined as:

> (a) All persons with a cellular telephone number in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

3.      Nelson Watson has estimated based on its electronic records that about 2,074 names are in the Settlement Class, and after eliminating duplicate individuals is approximately 1,975 persons.

4.      Plaintiff Joanne F. Balbarin is appointed as the Class Representative.

5.      Edelman Combs Latturner & Goodwin, LLC and Warner Law Firm, LLC are appointed as Class Counsel.

6.      The Court approves the parties' proposed Class Notice and directs it be mailed to the last known address of the class members as shown on Defendant's records after Defendant causes a change of address scrub to be preformed to determine whether the class member's address has changed.  Defendant will cause the notice to be mailed to class members on or before **[28 days after entry of preliminary approval order]**.  Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.   Defendant shall cause to have skip traced any class members whose letter is return as undeliverable, unable to forward.

7.      The Court finds that mailing of class notice, in conjunction with the prior notice sent to the Settlement Class as directed by this Court, is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P.23(c)(2)(B).

8.      Class members shall have until **[45 days after the initial mailing of the notice]** to object to the proposed settlement. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date.  Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class.  Objectors who have filed written

objections to the settlement can also appear at the hearing and be heard on the fairness of a settlement.

9.      In order to receive a portion of the cash payment under the settlement, the class members' notice must not be returned undeliverable after one skip-trace.

10.      Within ten (10) days of the entry of this Order, that date being _____ Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

11.      A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on _____ (**no earlier than 90 days from the entry of the order**) at _____ a.m./p.m.

ENTERED:      _____
                         Elaine E. Bucklo
                         United States District Court Judge

DATE:           _____

3

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and | ) | |
| subclasses, | ) | |
| | ) | 10 C 1846 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| NORTH STAR CAPITAL | ) | |
| ACQUISITION, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>FINAL APPROVAL ORDER</u>

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement"), Plaintiff, Joanne F. Balbarin ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendant Nelson Watson & Associates, LLC, ("Defendant"), the Court orders and finds as follows:

1.     On January 5, 2011, the Court certified a Class upon which the Parties agree to be the settlement class defined as:

(a) All persons with a cellular telephone number in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

2.     Excluded from the Class are those persons (identified in Exhibit A) who timely and validly requested exclusion from the Class.

3.     On _____, 2011, the Court preliminarily approved of the Parties' Class Settlement Agreement.

4.     The Court approved a form of notice for mailing to the Class.  The Court is informed that actual notice was sent by first class mail to approximately ___ Class members by Defendant.  A total of ___ envelopes were returned by the United States Postal Service, __ of which were retuned with forwarding addresses and re-mailed.  Of those returned _____ of the Class members addresses were skip traced and _____ were re-mailed.  Of those notices re-mailed _____ were returned without a forwarding address.  A total of ___ Class members are therefore entitled to a share of the monetary benefits of the settlement.  ___ Class members filed an objection to the settlement.

5.     On _____, 2012, the Court held a fairness hearing to which Class members, including any with objections, were invited.

6.     The Court finds that provisions for notice to the Class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

7.     The Court finds the settlement is fair and reasonable and hereby finally approves the Agreement submitted by the Parties, including the Release and payment by Defendant of the settlement amount as follows:

a.     Defendant's will create a common settlement fund of $500,000.00 (five hundred thousand dollars) ("Settlement Fund"), which a settlement administrator will distribute;

b.     From the Settlement Fund Plaintiff shall ask for up to $30,000 (thirty thousand dollars), subject to Court approval, as her damages and as an incentive award for serving as the class representative;

c.     From the Settlement Fund Defendant shall pay all costs associated with the notice under this Class settlement and the costs of administering the Class settlement;

d.     From the Settlement Fund Defendant shall pay Plaintiff's counsel for Plaintiff's reasonable attorneys' fees and costs incurred 1/3 of the Settlement Fund, $166,666.66 (one hundred sixty-six thousand six hundred sixty-six dollars and sixty-six cents), subject to Court approval.

e.     Each Settlement Class member whose notice was not returned as undeliverable ("Claimants") will receive a *pro rata* share of the amount remaining in the

2

Settlement Fund after deductions are made for the items identified in ¶7b, c, and d, by check. Checks issued to Claimants will be void after 60 days. If any portion of the Settlement Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the Legal Assistance Foundation of Metropolitan Chicago

8. The Parties grant the following releases:

a. Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant Nelson Watson & Associates, LLC, as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, officers, directors, employees, members, shareholders, general partners, limited partners, beneficiaries, heirs, insurers, agents, representatives, attorneys, and assigns (in their capacity as insurers, agents, representatives, attorneys, and assigns of Defendant), or entities for which said Defendant performs collection services (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in the Lawsuit on behalf of the Class.

b. Each member of the Settlement Class releases and discharges the Released Parties of all suits, liability, and claims, including claims for the payment of attorney's fees and costs relating to the use of automated equipment to call Settlement Class members, including but not limited to any claims that were or could have been asserted in the Lawsuit on behalf of the Class for the calls to the cellphones under the facts alleged in the Lawsuit.

c. IT IS EXPRESSLY STATED that the releases above DO NOT release any defenses Plaintiff and each Settlement Class member may have with respect to the underlying debts which Defendant was attempting to collect.

d. IT IS EXPRESSLY STATED that the underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement also does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class members.

9. The Court finds the Agreement fair and made in good faith.

10. The terms of the Agreement are incorporated into this order. This order shall operate as a dismissal of Count VII in this action without prejudice and without costs.

11.     The Court has reviewed Class Counsels' petition for attorneys' fees and costs. The Court finds that Class Counsels' attorneys' fees and costs are fair and reasonable. Defendant shall pay $166,666.66 (one hundred sixty-six thousand six hundred sixty-six dollars and sixty-six cents) in accordance with the Agreement. The Court finds that the payment of $166,666.66 for attorneys' fees and costs is fair and reasonable.

12.     Within _____ days of this Order, Defendant shall make all payments required by the Agreement, including payment to the Class members, the cost of notice and administration and payment to Plaintiff and Plaintiff's Counsel as approved by the Court.

13.     Within 30 days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid to Legal Assistance Foundation of Metropolitan Chicago.  Within 30 days following the last void date of the Class members' checks, Counsel for the Parties shall send a Joint Letter to the Legal Assistance Foundation of Metropolitan Chicago and file a copy with the Court.  Within fifty (50) days after the Void Date, the Defendant shall file a Notice of Compliance that Defendant has complied with the terms of the Agreement, all Class members have been issued checks, and any undistributed funds or uncashed checks have been donated to The Legal Assistance Foundation of Metropolitan Chicago on a cy pres basis.

14.     Ten (10) days after the Notice of Compliance has been filed, the Court shall enter an order converting the dismissal to a dismissal with prejudice absent a timely motion by either Plaintiff or Defendant, causing this case to be terminated.  Once the dismissal is with prejudice, the Court shall no longer have jurisdiction over this matter.

ENTERED:        _____

                        Elaine E. Bucklo
                        United States District Court Judge

DATE:           _____

4