**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE F. BALBARIN, | ) | |
| on behalf of herself and a class and | ) | |
| subclasses, | ) | |
| | ) | 10 C 1846 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| NORTH STAR CAPITAL | ) | |
| ACQUISITION, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT AGREEMENT WITH**
**DEFENDANT NELSON, WATSON & ASSOCIATES, LLC**

Plaintiff Joanne F. Balbarin ("Balbarin" or "Plaintiff"), individually and on behalf of the class defined herein, by Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC and Warner Law Firm, LLC, respectfully submits this memorandum in support of final approval of the Class Settlement Agreement ("Agreement") between Plaintiff and Nelson, Watson & Associates, LLC ("Nelson Watson" or "Defendant") which this Court preliminarily approved on November 10, 2011.

On January 5, 2011 this Court entered an order certifying the class. Subsequently, a Notice of Pendency of Class Action was sent to the class members on June 20, 2011. Class members had the opportunity to request exclusion from the Class during the period allotted in the Notice of Pendency. At this time, two Class members submitted timely requests for exclusion: Kelly Moody and Ian Jones (See Exhibit A).

1

On November 10, 2011 this Court granted preliminary approval of the class action settlement. On December 8, 2011, subsequent to the entry of the preliminary approval order, notice of the class settlement of this action was mailed to a total of 1,972 persons[1].  One Hundred and Eleven (111) notices were returned and mailed to a forwarding address. Five Hundred and Seventy-Seven (577) notices were returned by the United States Postal Service without a forwarding address. Therefore, it appears that 1,395 notices were successfully mailed. Only one class member, Alvin Johnson, filed an objection (Exhibit B).

I.      **OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT.**

Plaintiff Balbarin, individually and on behalf of a class, commenced a lawsuit against Defendant on March 24, 2010 in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Joanne F. Balbarin v. North Star Capital Acquisition, LLC; Zenith Acquisition Corporation; Data Search N.Y. Inc. d/b/a TrakAmerica; Blitt and Gaines, P.C.; and Nelson Watson & Associates, LLC.*, Case No. 10 C 1846, as amended on April 29, 2010, and later consolidated on May 27, 2010.  Plaintiff alleged in Count VIII that Defendant Nelson Watson used an autodialer with a prerecorded message and called Plaintiff and the Settlement Class without their prior express consent in violation of the Telephone Consumer Protection Act ("TCPA").  The complaints also alleged counts that invoked federal question jurisdiction[2].

---

[1] The parties represented in their Preliminary Approval Motion that there were 1,975 class members after eliminating duplicate names and persons who requested exclusion from the class.  However, Nelson Watson later discovered three (3) additional duplicate names. Therefore, the total number of persons in the settlement class is 1,972.

[2] Plaintiff has settled all of the other claims against others Defendants that were alleged in the consolidated complaint.

After arms-length negotiations, the parties were successful in reaching an agreement to settle this matter on a classwide basis. The parties' agreement was preliminarily approved on November 10, 2011. On November 15, 2011, Defendant filed proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b). As demonstrated below, the parties' Agreement is now ripe for this Court's consideration and final approval.

## II.     THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT

### A.     The Preliminary Approval Order.

On November 10, 2011, this Court entered an order granting preliminary approval of the Agreement reached between the parties (the "Order"). The Order stated that the parties agree to a Class Settlement consisting of a Class as certified by the Court on January 5, 2011 which shall include all Class Members who have not opted out of the Class. Specifically, the Settlement Class is defined as:

> (a) All persons with a cellular telephone number in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

The Order also established a procedural framework for the final approval of the settlement. The Order required the parties to cause notice to be mailed to the members of the above-defined Class, set deadlines and procedures for Class members to object to the settlement, and scheduled a fairness hearing for April 6, 2012 at 10:30 a.m.

**B.    The Sending of Class Notice.**

On December 8, 2011, Defendant caused notice of the settlement of this action to be mailed to a total of 1,972 class members.  One Hundred and Eleven (111) notices were returned and mailed to a forwarding address.  Five Hundred and Seventy-Seven (577) notices were returned by the United States Postal Service without a forwarding address.  Therefore, it appears that 1,395 notices were successfully mailed.

**C.    The Value of the Settlement.**

Subject to the Court's approval, Defendant shall pay the following amounts pursuant to the Agreement:

1.    Defendant will create a common settlement fund of $500,000.00 (five hundred thousand dollars) ("Settlement Fund"), which a settlement administrator will distribute.

2.    From the Settlement Fund Plaintiff shall ask for up to $30,000.00 (thirty thousand dollars)[3], subject to Court approval, as her damages and as an incentive award for serving as the class representative.

3.    From the Settlement Fund Defendant shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement. Defendant represents that it has spent $3,797.85 towards the cost of notice and administration, and it expects to spend an additional $4,921.45 to finalize the administration of the class settlement.

4.    From the Settlement Fund Defendant shall pay Plaintiff's counsel for Plaintiff's reasonable attorneys' fees and costs incurred up to 1/3 of the Settlement Fund,

---

[3] Prior to the parties' reaching a class settlement, Defendant offered to settle Plaintiff's claims individually for $30,000.00, which was only $3,000.00 above the amount of plaintiff's statutory damages.  Plaintiff's recovery is discussed in depth in §IV of this memorandum.

$166,666.66 (one hundred sixty-six thousand six hundred sixty-six dollars and sixty-six cents),

subject to Court approval. Plaintiff's counsel will not request additional fees or costs from

Defendant or the Class members, and Defendant will not oppose or cause to be opposed an

application for total attorneys' fees and costs in an amount not to exceed $166,666.66.

5.    Each Settlement Class member whose notice was not returned as

undeliverable ("Claimants") will receive a pro rata share of the amount remaining in the

Settlement Fund after deductions are made for the items identified in ¶C(2), (3), and (4), by

check. Each class member will therefore receive approximately $211.19. Given that Defendant

has vigorously opposed this action, and has already taken one appeal to the 7th Circuit, Class

Counsel believes that this is a fair settlement for the class. Checks issued to Claimants will be

void after 60 days. If any portion of the Settlement Class Fund remains 30 days after the void

date on the Claimants' checks, these remaining funds will be donated in the form of a cy pres

award to the Legal Assistance Foundation of Metropolitan Chicago.

6.    No later than five business days after the Effective Date, Defendant shall

establish the Class Settlement Fund and cause to be distributed from the Settlement Fund the

settlement payments to the class members as set forth in ¶C(5), and the costs incurred for class

notice and administration as set forth in ¶ C(3). Each Class member whose notice has not been

returned as undeliverable will receive a check for that member's share of the settlement fund

referred to in ¶ C(5) above. The check shall be void after 60 days from the date of issuance.

No later than five business days after the Effective Date, Defendant shall make a distribution

from the Settlement Fund for (1) Plaintiff's recovery of $30,000.00 (subject to Court Approval)

for her damages and her service as class representative as set forth in ¶ C(2), and (2) Class

Counsel's reasonable attorneys fees of $166,666.66 (subject to Court Approval) set forth in ¶C(4).

7.     Within thirty (30) days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be that of the cy pres recipient, the Legal Assistance Foundation of Metropolitan Chicago. Within 30 days following the last void date of the Class members' checks, Counsel for the Parties shall send a Joint Letter to the Legal Assistance Foundation of Metropolitan Chicago and file a copy with the Court.

**D.     Requests for Exclusion and Objections Received**

Two Class members submitted timely requests for exclusion: Kelly Moody and Ian Jones (See Exhibit A).  Only one class member, Alvin Johnson, filed an objection (Exhibit B).

**III.     THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT.**

The court should grant final approval of the settlement because the settlement is fair and reasonable, provides an adequate recovery for the class members, and the class members were given adequate notice of the settlement. Further, the settlement class satisfies all the requirements of Rule 23. On January 5, 2011, this Court certified the class defined as:

> (a) All persons with a cellular telephone number in the Illinois area codes (217), (224), (309), (312), (331), (464), (618), (630), (708), (773), (779), (815), (847) or (872) (b) who, on or after March 24, 2006 (28 U.S.C. § 1658), and on or before April 13, 2010, (c) received automated calls with a prerecorded message from Defendant Nelson, Watson & Associates, LLC (d) in an attempt to collect a debt on behalf of North Star (e) where Defendant Nelson, Watson & Associates, LLC's records do not show that the person provided the number to Defendant Nelson, Watson & Associates, LLC or the original creditor.

The settlement class is the same class the Court certified on January 5, 2011.

**A.      The Standards For Granting Final Approval To A Class Action Settlement.**

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997), the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.* at 621, 117 S.Ct. at 2248.

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable, and adequate. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). In determining that Rule 23(e) has been satisfied, the Court is to consider the following six factors:

1.      The strength of the plaintiff's case on the merits measured against the terms of the settlement;

2.      The complexity, length, and expense of continued litigation;

3.      The amount of opposition to the settlement among Class members;

4.      The presence of collusion in gaining a settlement;

5.      The stage of the proceedings; and

6.      The amount of discovery completed.

*Id.* (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)).  The class action settlement in the present case satisfies each of the factors outlined in *GE Capital*.

**1.      The strength of the Plaintiff's case on the merits measured against the terms of the settlement**.

While Plaintiff believes she would have prevailed at trial on the merits, there are

certain risks associated with protracted litigation.  By proceeding to trial, any recovery to the class could possibly be delayed by several years due to continued motion practice in the district court, and the strong likelihood that Defendant would appeal a judgment in Plaintiff's favor. Further, the proceeding to trial could result in no recovery at all for the class if the Court determines that Defendant asserted a valid defense to plaintiff's claims.  In order to avoid the uncertainly presented by any litigation, the parties agreed to settle the dispute between them. The settlement provides that each class member will receive a cash payment of approximately $211.19 from the settlement fund established by Defendant.  This is recovery is significant considering that the TCPA provides for statutory damages of $500.00 per call[4].  Therefore, the arguable strength of the Class' claims compares favorably to the terms of the settlement, satisfying the first of the *GE Capital* factors.

### 2.      The complexity, length, and expense of continued litigation

In addition, the settlement is warranted by the complexity, length and expense of continued litigation, satisfying the second *GE Capital* factor.  If the litigation were to continue without settlement, parties would be forced to engage in additional discovery, including the taking of more depositions, as well as the filing of dispositive motions and preparing for and appearing at trial, and possibly an appeal process, all of which would be lengthy and expensive. In addition, continued litigation would not necessarily have increased the benefits available to the Class. The second *GE Capital* factor is satisfied.

### 3.      The amount of opposition to the settlement among Class members

Only two Class members, Kelly Moody and Ian Jones, elected to opt out of the settlement (See Exhibit A).

---

[4] A plaintiff can receive $1,500 per call for treble damages if the plaintiff can prove willfulness.

Only one objection was filed, by Alvin Johnson (<u>Exhibit B</u>).

**4.      The Court Should Approve the Settlement Over the Objection**

Only one objection was filed, by Alvin Johnson. Johnson objects to the amount he is receiving under the settlement, as he believes he is entitled to $5,000.00. Johnson states that he received several calls from Defendant. However, Defendant's records show only one call to Johnson during the class period that violated the TCPA. Further, Johnson was provided with an opportunity to exclude himself from the class during the period allotted following the notice of pendency.

Therefore, as Johnson is the sole objector, and his objection does not relate to the fairness of the settlement to the class, this Court should grant final approval of the class action settlement over Johnson's objection. Thus, the third *GE Capital* factor is satisfied.

**5.      The presence of collusion in gaining a settlement**

The settlement negotiations were conducted at arms-length. There was no collusion between Class counsel and Defendant. The parties reached the settlement after approximately two years of litigation, including extensive discovery and motion practice.

**6.      The stage of the proceedings and the amount of discovery completed.**

Finally, the fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage of pre-trial proceedings and the discovery completed to date. This action was filed on March 24, 2010. The parties had engaged in extensive written discovery as well as oral discovery. The parties have briefed Plaintiff's motion for class certification, which was subsequently granted and affirmed on appeal. Prior to reaching a settlement, the

parties were preparing to file their respective summary judgment motions. Given the stage of proceedings, the proposed settlement satisfies the fifth and sixth *GE Capital* factors.

## IV.    PLAINTIFF'S RECOVERY IS REASONABLE.

Plaintiff requests that this Court approve an award of $30,000.00 for her damages and service as class representative. Under the TCPA, Ms. Balbarin would be entitled to recover a total of $27,000.00 in damages based on the number of calls that she received. Ms. Balbarin also seeks an incentive award for her services as class representative. Incentive awards compensate Class representatives for their service and willingness to accept the risk of paying Defendant's attorney's fees and costs in the event of an unsuccessful outcome. Such reasonable enhancement payments are routinely approved by courts. See e.g., *Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998) (approving incentive payment to plaintiff); see also *Ingram v. Coca Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) ("Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation"); see *Garland v. Cohen & Krassner*, 08-cv-4626, 2011 U.S. Dist. LEXIS 136622 (E.D.N.Y. Nov. 29, 2011) (approving an incentive award payment to plaintiff); *Gross v. Washington Mutual Bank*, et al., 02-cv-4135, 2006 U.S. Dist. LEXIS 16975 (E.D.N.Y., Feb. 8, 2006) (approving an incentive award of $5,000 in a FDCPA case); *O'Connor v. AR Resources, Inc.,* 3:08-cv-1703, 2012 U.S. Dist. LEXIS 861 (D. Conn. Jan. 4, 2012) ("Service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff"). Balbarin has been involved and committed to representing the interests of the class in this

litigation from its inception. Acting as a class representative, Balbarin responded to discovery requests propounded by Defendant, appeared for her deposition, and remained readily available to assist class counsel in the prosecution of the case.

Further, Balbarin acted in the best interest of the class by rejecting an individual settlement offer to settle her case for $30,000.00. By declining the $30,000.00 individual settlement offer and pursuing the litigation on behalf of the class, Ms. Balbarin risked the possibility of not receiving any recovery at all. Additionally, Ms. Balbarin elected to forego an immediate recovery in favor of obtaining a significant benefit for the class. If Ms. Balbarin had accepted the individual settlement offer, she would have been paid several months ago, and there would not be class settlement for the Court to approve. In light of the foregoing, the amount of Ms. Balbarin's recovery is appropriate.

## V.    **THE ATTORNEY'S FEES AND COSTS ARE REASONABLE**

Pursuant to the Agreement, class counsel will receive $166,666.66 for attorney's fees and costs from Defendant. Class Counsel requests approval of the Court of attorney's fees and costs of that amount. As set forth in the Declaration of Daniel A. Edelman (Exhibit C) and the Declaration of Curtis C. Warner (Exhibit D), Plaintiff's counsel include experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

The actual time and expenses incurred by Edelman, Combs Latturner & Goodwin, LLC, as of March 30, 2012 was $129,564.00 (fees) and $2,024.07 (costs), for a total of $131,588.07 (see Appendix F to the Declaration of Daniel A. Edelman, attached as Exhibit C). The actual time incurred by Warner Law Firm, LLC as of March 30, 2012 was $51,850.00 in

11

fees (*see* Exhibit A to the Declaration of Curtis C. Warner, attached as Exhibit D.)  The total amount of fees and expenses incurred for Plaintiff's counsel is therefore $183,438.07.  Class counsel has incurred fees in excess of the $166,666.66 Defendant agreed to pay.  Accordingly, the request for $166,666.66 is fair and reasonable.

**VI.**       **CONCLUSION**

For all the reasons set forth above, Plaintiff individually, and as representative of a Class of similarly situated persons, by Class Counsel, requests that this Court grant final approval of the Agreement.

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com

## **CERTIFICATE OF SERVICE**

        I, Tiffany N. Hardy, hereby certify that on April 3, 2012, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:


David M. Schultz
dschultz@hinshawlaw.com

Justin M. Penn
jpenn@hinshawlaw.com

Patrick J. Ruberry
ruberry@litchfieldcavo.com

Philip F Cuevas
cuevas@litchfieldcavo.com

Jason E. Hunter
hunter@litchfieldcavo.com

Curtis C. Warner
cwarner@warnerlawllc.com


                                          s/Tiffany N. Hardy
                                          Tiffany N. Hardy